1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  JILL M. STURTEVANT, State Bar No. 089395
   ASSISTANT UNITED STATES TRUSTEE
3  ALVIN MAR, State Bar No. 151482
   TRIAL ATTORNEY
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Boulevard, Ste 1850
5  Los Angeles, California 90017
   (213) 894-4219 telephone
6  (213) 894-2603 facsimile
   Email: alvin.mar@usdoj.gov
7
                    UNITED STATES BANKRUPTCY COURT
8
           CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
9

10  In re:                              )  Case No.: 02:19-bk-18316-NB
                                        )
11                                      )
    ASHLEY AARONS,                      )
12                                      )  Chapter 11
              Debtor,                   )
13                                      )  OBJECTION TO APPROVAL FOR ORDER
                                        )  AUTHORIZING DEBTOR IN POSSESSION
14                                      )  TO EMPLOY GENERAL BANKRUPTCY
                                        )  COUNSEL [THE TUROCI FIRM] (Doc. no.
15                                      )  23 AND SUPPLEMENT ON Doc. No. 28]
                                        )
16                                      )  Hearing Date:  [HEARING REQUESTED]
                                        )  Time:
17                                      )  Place:     Courtroom 1545
                                        )            255 East Temple Street
18                                      )            Los Angeles, CA  90012

19       TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE,

20  DEBTOR, DEBTOR'S COUNSEL AND OTHER INTERESTED PARTIES:

21       The United States Trustee has reviewed the "Notice of Motion and Motion in Individual

22  Chapter 11 Case for Order Authorizing Debtor in Possession to Employ General Bankruptcy

23  Counsel" [The Turoci Firm] filed on July 25, 2019 (doc. no. 23), hereinafter 'Employment

24  Application' and the "Supplement to Motion for Authority to Employ the Turoci Firm as General

25  Bankruptcy Counsel and Declarations of Ashley Aarons and Todd Turoci in Support Thereof" filed

26  on August 7, 2019 (doc. no. 28) and submits his objections as follows:

27

28

                                        1

## I. OBJECTION TO EMPLOYMENT APPLICATION BASED ON LACK OF DISINTERESTEDNESS AND ADVERSE INTEREST HELD BY THE PRINCIPAL OF PROPOSED GENERAL BANKRUPTCY COUNSEL.

There is a two prong test for assessing the appointment of counsel for the debtor in possession in a Chapter 11 proceeding. Section 327 requires that the attorneys employed to represent the debtor must have no interests "materially adverse" to the estate and must be "disinterested persons"[1] within the meaning of 11 U.S.C. §101(14). In re Glenn Electric Sales Corp., 99 B.R. 596, 601 (D.N.J. 1988).

In the supporting declaration of Todd Turoci filed in connection with the initial Employment Application, he declares that (1) he is the owner and principal of The Turoci Firm, proposed general bankruptcy counsel and (2) that the source of the $25,000 retainer was from 'the Debtor'. In Mr. Turoci's declaration in support of the firm's employment application, he makes no further disclosure of any connection in the form declaration of disinterestedness regarding any "interests materially adverse to the interest of the estate, or of any class of creditors….by reason of any direct or *indirect relationship* to, connection with, or interest in, the Debtor or for any other reason…" (emphasis added) or adding any "*Other information* relevant to relationships with the Debtor…." (emphasis added).

On August 7, 2019, proposed general bankruptcy counsel filed his Supplement revealing that proposed general counsel 'arranged a loan between Debtor and Western Star Financial, Inc ("WSF") in the amount of $25,000." which is the ultimate source of proposed counsel's pre-petition retainer.[2] Todd Turoci is the sole owner of WSF.[3] The note securing the $25,000 note is cross-collateralized on both of Debtor's properties in her bankruptcy estate; the note was executed on the day before her Chapter 11 filing[4].

---

[1] The term 'disinterested person' is defined, in pertinent part, under 11 U.S.C. §101(14) as a person who is not a creditor; the term 'creditor' is further defined under 11 U.S.C. §101(10), in pertinent part, as an 'entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor'.

[2] *See* Supplement, page 2, line 6 to 7 and ¶4 of the supporting Declaration of Todd Turoci.

[3] *See* Supplement, page 2, line 12.

[4] *See* Supplement, ¶5 of the supporting Declaration of Todd Turoci. Date of bankruptcy filing was July 17, 2019; date of execution of the note was July 16, 2019.

2

The declaration filed in support of proposed counsel's initial employment application is in stark contrast to the revelations now presented to this Court in the Supplement filed 13 days later. Federal Rule of Bankruptcy Procedure 2014 requires the maximum disclosure of any "connection" which may cause divided loyalty. Id. at 600 (internal citations omitted). The necessity of strict compliance with the disclosure requirements of F.R.B.P 2014 and 2016 is highlighted in the reported case of In re Park-Helena Corp., 63 F.3d 877 (9th Cir.1995) in which a law firm was found to have had, in pertinent part, violated the disclosure requirements of section 329 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014 and 2016 by failing to disclose the true source of the firm's retainer.

While proposed counsel is not strictly a direct creditor of the Debtor as that term is defined under 11 U.S.C. §101(10)(A), proposed counsel readily admits in the Supplement, that Todd Turoci 'is the sole owner' of both proposed general counsel and WSF, the lender who lent the monies on a secured basis on behalf of the Debtor.[5] Based on the nexus between Todd Turoci and proposed counsel and WSF, the United States Trustee contends that proposed general bankruptcy counsel is constructively a 'creditor' of the Debtor's bankruptcy estate and therefore disqualified as a matter of law to be general counsel to the debtor-in-possession. See 11 U.S.C. §327 and footnote 1 in this Objection.

Alternatively, to the extent this Court does not find proposed counsel to be disqualified as a 'creditor' of the estate, 11 U.S.C. §101(14)(C) which defines the term 'disinterested person' serves as a 'catch-all' provision broad enough to include anyone who "in the slightest degree might have some interest or relationship that would even faintly color the independence and impartial attitude required by the Code and Bankruptcy Rules." In re Glenn Electric at 601 (internal citations omitted). The span of Section 327 has also been interpreted to cover both actual and potential conflicts of interest. Id. A disinterested person "should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters." There should be neither an opportunity for the exercise of conflicting interests, nor even "the *appearance* that dual loyalty *may* exist." Id. (internal citations omitted).

---

[5] See Supplement, page 2, line 12.

3

Given the clear relationship between proposed general bankruptcy counsel and his wholly owned company, Western Star Financial, Inc. which lent the monies to the Debtor on a secured basis to fund the pre-petition retainer to proposed general bankruptcy counsel, The Turoci Firm clearly is not disinterested and holds an interest adverse to the estate. Issues which may raise conflicting loyalties would include the possible sale/refinancing of the estate's properties and the structuring of a plan of reorganization through the negotiation process of dealing with treatment of unsecured debt claimants knowing that general bankruptcy counsel's principal holds a security interest through his wholly owned affiliate in estate assets.

As such, the United States Trustee objects to the employment of proposed general bankruptcy counsel based on the firm's lack of disinterestedness and alternatively, due to the firm's holding an interest adverse to the estate.

Dated: 8/8/19

Respectfully Submitted,

Peter C. Anderson
United States Trustee

By: _____
Alvin Mar, Trial Attorney

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**915 Wilshire Boulevard, Ste 1850, Los Angeles, CA 90017**

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO APPROVAL FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [THE TUROCI FIRM] (Doc. no. 23 AND SUPPLEMENT ON Doc. No. 28]

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/08/2019 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On 08/08/2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 08/08/2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/08/2019 | Helen Cruz | *(signature)* |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Robert P Goe on behalf of Creditor Alliance Portfolio, Private Equity Finance, Inc.
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov

Susan I Montgomery on behalf of Interested Party Susan I. Montgomery
susan@simontgomerylaw.com,
assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestcase.com

Eric Ridley on behalf of Creditor Raul Rodriguez
ridley.eric@gmail.com, r41626@notify.bestcase.com

Joshua L Scheer on behalf of Creditor Patch of Land Lending, LLC
jscheer@scheerlawgroup.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

Todd L Turoci on behalf of Debtor Ashley Susan Aarons
mail@theturocifirm.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Larry D Webb on behalf of Interested Party INTERESTED PARTY
Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

Reilly D Wilkinson on behalf of Creditor Patch of Land Lending, LLC
rwilkinson@scheerlawgroup.com

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY U.S. MAIL**

   Debtor:
   Ashley Susan Aarons
   984 Bel Air Road
   Los Angeles, CA  90077

3. **SERVED BY (state method for each person served):**

   **BY OVERNIGHT DELIVERY**

   Judge's Copy
   The Honorable Neil W. Bason
   U.S. Bankruptcy Court
   255 E. Temple Street
   9th Floor-Judge's Bin
   Los Angeles, CA  90012

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                       **F 9013-3.1.PROOF.SERVICE**