| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address<br><br>**THE TUROCI FIRM**<br>Todd Turoci (State Bar No. 160059)<br>Julie Philippi (State Bar No. 166108)<br>3845 Tenth Street<br>Riverside, CA 92501<br>Telephone: (888) 332-8362<br>Facsimile: (866) 762-0618<br>mail@theturocifirm.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**AUG 13 2019**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** sumlin **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| | |
|---|---|
| In re:<br><br><br>ASHLEY AARONS<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: **2:19-bk-18316-NB**<br>CHAPTER: 11<br><br>**ORDER ☒ GRANTING   ☐ DENYING**<br>**MOTION FOR ORDER IMPOSING A STAY OR**<br>**CONTINUING THE AUTOMATIC STAY**<br><br>☐ No hearing held<br>☒ Hearing held<br><br>DATE: 8/6/2019<br>TIME: 10:00 a.m.<br>COURTROOM: 1545<br>ADDRESS: United States Bankruptcy Court<br>255 E Temple St.<br>Los Angeles, CA 90012 |

**Movant** *(name)*: ASHLEY AARONS

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. The Motion affects *all* ~~the following~~ property *of the debtor's bankruptcy estate* (Property), which includes but is not limited to the following:

   ☒ Vehicle *(describe year, manufacturer, type and model)*: 2017 Nissan Altima SL

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                           Page 1                                           **F 4001-1.IMPOSE.STAY.ORDER**

*Vehicle identification number:*
*Location of vehicle (if known):*

☐ Equipment *(describe manufacturer, type, and characteristics)*:

*Serial numbers(s):*
*Location (if known):*

☒ Other personal property *(describe type, identifying information, and location)*: <u>all</u>

☒ Real property:

*Street Address:*        984 Bel Air Road
*Unit Number:*
*City, State, Zip Code:* Los Angeles, CA 90077

Legal description or document recording number (*including county of recording*):

**APN: 4370-027-008**

**PARCEL A OF PARCEL MAP 3707, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 98 PAGE(S) 62-63 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

☒ Real property:

*Street Address:*        336 N Sweetzer Avenue
*Unit Number:*
*City, State, Zip Code:* Los Angeles, CA 90048

Legal description or document recording number (*including county of recording*):

**APN: 5514-009-034**

**THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:**

**LOT 7 IN BLOCK 14 OF TRACT NO. 4353, IN THE CITY OF ,LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 74 PAGES 25 AND 26 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**EXCEPT THEREFROM THE MINERALS, OIL, GAS, AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND.**

☐ See attached page.

3. The Motion is granted on the grounds that:

   a. ☒ This case was filed in good faith <u>and any presumption of bad faith has been adequately rebutted.</u>

   b. ☐ ~~The Property is of consequential value or benefit to the estate.~~

   c. ☐ ~~The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.~~

   d. ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

4. The stay of 11 U.S.C. § 362(a) is

   a. ☐ Imposed *as to all creditors* until further order of the court.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2018                                  Page 2                              F 4001-1.IMPOSE.STAY.ORDER

    b. ☐ Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    c. ☐ Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

    d. ☒ Continued *as to all creditors* until further order of the court.

    e. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

    f. ☐ Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5. ☐ The stay is imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

6. ☒ See attached continuation page and the following for additional provisions. **This order adopts the tentative ruling from August 6, 2019. See tentative ruling for additional provisions and deadlines except roman numeral (iv) is stricken. Additionally, the Debtor is to provide proof of property insurance and an accounting of any post-petition rental income by 8/13/2019. This order is without prejudice to any Motion for Relief from the Automatic Stay. A true and correct copy of the tentative ruling is attached hereto as Exhibit 1 and incorporated by reference as this Court's final ruling, except (a) as modified in the preceding sentences of this paragraph and (b) the tentative ruling's references to any "substantial" equity cushion for Alliance are stricken – this Court expresses no view at this time whether Alliance is or is not adequately protected (all rights to contest such issues are reserved)**.

This Court also adopt the following provisions, which are the standard provisions of the undersigned Bankruptcy Judge with respect to motions under section 362(c)(3).

(1) Service and reconsideration. Any party in interest who was not timely served in accordance with FRBP 7004 (incorporated by FRBP 9014(b)) is hereby granted through 14 days after proper service to seek reconsideration, including retroactive relief (under FRBP 9023 and/or 9024). Any such person (a) may set a hearing on 14 days' notice, (b) may appear by telephone (if arrangements are made per the posted procedures of the undersigned), and (c) may present all arguments orally at the hearing (i.e., no written argument is required). If written arguments appear necessary then this court will set a briefing schedule at the hearing.

//

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2018    Page 3    F 4001-1.IMPOSE.STAY.ORDER

<u>(2) Reasons. (a) It appears appropriate to impose the automatic stay, and to impose it as to all persons rather than just as to selected persons, because one purpose of the automatic stay is to preventing a "race to collect" that could unfairly advantage some creditors at the expense of others. (b) To prevent possible abuse, this court provides the foregoing simple process for reconsideration.</u>

7. ☐ The Motion is denied:    ☐ without prejudice    ☐ with prejudice    ☐ on the following grounds:
   a. ☐ Based upon the findings of fact and conclusions of law made on the record at the hearing
   b. ☐ Unexcused non-appearance by Movant
   c. ☐ Lack of proper service
   d. ☐ Lack of good cause shown for relief from stay
   e. ☐ Other (*specify*):

###

Date: August 13, 2019

Neil W. Bason
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2018*                                    Page 4                        **F 4001-1.IMPOSE.STAY.ORDER**

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, August 6, 2019                                    Hearing Room    1545

10:00 AM
**2:19-18316**    **Ashley Susan Aarons**                                **Chapter 11**

#19.00     Hrg re: Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate

Docket     11

**Tentative Ruling:**

<u>Appearances required</u>.
The tentative ruling is to grant the motion in part and deny it in part by setting deadlines for Debtor to accomplish each of the items listed below. If Debtor fails timely to do so, objecting creditor Alliance Portfolio, Private Equity Finance, Inc. ("Alliance") (dkt. 21) and objecting creditor Patch of Land Lending, LLC ("Patch") (dkt. 25) would be authorized to file and serve motions for relief from the automatic stay on shortened time: a 14 day notice period, with any oppositions due 7 days prior to the hearing.
The items that Debtor must accomplish are:
(i) <u>more information</u>: by 8/13/19,
    (A) <u>declaration</u>: file and serve on the objecting creditors and the United States Trustee a declaration detailing the amount of insurance proceeds that Debtor has received and/or expects to receive; and the progress to date regarding any repairs, as well as projected costs and timing of future repairs to the Bel Air Road property; and
    (B) <u>Schedule I</u>: file an amended bankruptcy Schedule I that (in furtherance of the instructions for line 8a) includes 6 months of historical information and 6 months of projections for each property or business, including the Bel Air Road property roommates, and the music business, with breakdowns of revenues, expenses, and calculation of net income;
(ii) <u>Bel Air refi/debt restructuring</u>: by 9/24/19, file a motion to refinance the Bel Air Road property, or file a realistic plan of reorganization, or otherwise file appropriate papers aimed at stopping the running of postpetition default interest owed to Patch (and any other creditors whose interests are secured by that property and who might be able to charge default interest under 11 U.S.C. 506(b)), and
(iii) <u>interest payments to Patch</u>: if any such treatment of Patch has not been accomplished by 11/12/19, pay Patch on that date all accrued postpetition interest, at the non-default interest rate, and thereafter remain

**United States Bankruptcy Court
Central District of California**
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, August 6, 2019**                                                                 Hearing Room     1545

**10:00 AM**
**CONT...**     **Ashley Susan Aarons**                                                                 **Chapter 11**
current in such payments, and
✓(iv) <u>Sweetzer sale</u>: by 11/12/19, close a sale of the Sweetzer Ave. property and pay Alliance out of escrow.

The foregoing deadlines are intended in part to assure that Debtor is making a good faith, expeditious attempt to address default interest. *See generally General Elec. Cap. Corp. v. Future Media Productions Inc.*, 536 F.3d 969, 974-75 (9th Cir. 2008) (default interest presumptively allowable under bankruptcy law, if allowed under nonbankruptcy law), *and compare In re Altadena Lincoln Crossing*, 2018 WL 3244502 (Bankr. C.D. Cal.) (disallowing default interest under California law), *rev'd*, 598 B.R. 633 (C.D. Cal. 2019) (appeal pending before 9th Cir.).

<u>Analysis</u>
(1) <u>Burden on Debtor to show good faith by clear and convincing evidence</u>
There is a presumption that this case was not filed in good faith. First, Debtor has not demonstrated a change in her financial circumstances since the dismissal of the prior case. 11 U.S.C. 362(c)(3)(C)(III). Second, and alternatively, there are reasons (set forth below) to conclude that this case will not be concluded with a confirmed chapter 11 plan that will be performed. 11 U.S.C. 362(c)(3)(C)(III)(b).

Debtor faces numerous hurdles to a successful chapter 11 restructuring of her finances. She admits that water damage has rendered the Bel Air Road property uninhabilable. Dkt. 11 at PDF p.10:18-20. There is no evidence about whether insurance covers all or only part of the repair costs, or how long it will take to repair the property and start generating income from it. There is also no evidence (apart from the very broad history in the Statement of Financial Affairs) of Debtor's level of past income from roommates or any detailed projections of future rental revenues, expenses, and net income. Nor is there any evidence to support Debtor's projected income from her music business, including past and projected gross revenues, expenses, and a calculation of monthly net income. In addition, the projected income and expenses on Debtor's bankruptcy Schedules I and J appears to be woefully inadequate, even with the projected roommate and music business income, to pay the monthly amounts that Alliance and Patch assert are owing to them: $26,653/mo. for Alliance, and $45,000/mo. for Patch. If such monthly payments continue to accrue and are allowed, they could consume any equity in the Bel Air Road property and gut any chance of

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

**Tuesday, August 6, 2019**     Hearing Room   1545

**10:00 AM**
**CONT...**    **Ashley Susan Aarons**      **Chapter 11**
reorganization.
     In sum, there are many reasons to question whether Debtor ultimately can succeed in her attempted reorganization. If Debtor were seeking confirmation of a chapter 11 plan today, and had not presented more evidence of feasibility (11 U.S.C. 1129(a)(11)), her evidence would be woefully inadequate.
     But at this very early stage of this bankruptcy case that is not the question. The question is whether Debtor has filed this case in a good faith attempt to reorganize.

(2) Evidence of Debtor's good faith
     (a) Information
     Although it would have been better by far to have provided far more information as noted above, this Court has to take judicial notice of the reality that most debtors' records are not in an ideal state when they spiral into bankruptcy.
     (b) Counsel
     Debtor points out that she filed her prior bankruptcy case without the assistance of legal counsel. The tentative ruling is that, although debtor was over the debt limits for a chapter 13 case (11 U.S.C. 109(e)), that appears to be an innocent mistake.
     (c) Reasons for financial difficulties
     Debtor has provided evidence of very understandable reasons for having gotten into financial difficulties, including extensive water damage to the Bel Air Road property, loss of rental income from that property, obtaining high interest loans to bridge the gap until debt could be consolidated/refinanced, and then spiraling problems when the new loan fell apart. *See* dkt. 11 at PDF p.10:18-24.
     (d) Apparently sensible strategy
     After dismissal of the prior chapter 13 case, Debtor has filed this chapter 11 case reasonably promptly, with the assistance of legal counsel, and is proposing an overall strategy that appears to be reasonably calculated to maximize her ability to pay creditors: selling the Sweetzer Ave. property and restoring the Bel Air Road property, which appears to have substantial equity, to a condition that can generate rental income that could pay refinanced debt. Although it is difficult to tell whether that strategy will be realistic - *e.g.*, whether insurance proceeds will be sufficient and will be

# United States Bankruptcy Court
## Central District of California
Los Angeles
Judge Neil Bason, Presiding
Courtroom 1545 Calendar

Tuesday, August 6, 2019                                                               Hearing Room     1545

**10:00 AM**
**CONT...**     **Ashley Susan Aarons**                                                **Chapter 11**

available timely - those things will become apparent soon enough, and there are remedies that Debtor and creditors can pursue if Debtor needs to change course or if this case needs to be converted or dismissed.

    (e) <u>Adequate protection of objecting creditors' interests</u>
Both Alliance and Patch appear to be adequately protected by very substantial equity cushions above their (first lien) debts. That alone appears to establish that, unless there were evidence that the <u>overriding</u> purpose of this case was to delay those creditors' remedies, this case is filed in good faith as to them.

True, Debtor's assertion that she has some equity in the Sweetzer Ave. property appears to be undercut by her own listing price. But, regardless whether that property is underwater, an orderly sale under 11 U.S.C. 363(b)&(f) is far more likely to maximize <u>all</u> creditors' recoveries than termination of the automatic stay and a foreclosure sale. That is what Debtor is proposing, so she appears to be proceeding in good faith regarding the Sweetzer Ave. property, both with respect to Alliance and with respect to all other creditors.

As for the Bel Air Road property, Debtor is proposing to pay the postpetition mortgage payments when due (*see* dkt. 11, p.8, para.7), and although it is true that she appears unable to do so as long as the property remains uninhabitable, the tentative ruling is that sufficient evidence of good faith is established by (i) the equity in that property (according to Debtor's sworn bankruptcy schedules and the other evidence before this Court), (ii) Debtor's expectation of being able to repair the property with insurance proceeds, and (iii) Debtor's apparent commitment to make the property habitable quickly, and resume regular monthly payments to Patch - if anything, Debtor's anticipated payments to Patch might be overly ambitious, but Patch's very large equity cushion combined with Debtor's eagerness to pay what she can appears to show good faith. In sum, from the evidence presented the tentative ruling is that Debtor is proceeding in good faith regarding the Bel Air Road property, both with respect to Patch and with respect to all other creditors.

    (3) <u>Conclusion</u>
The bottom line is that there appears to be substantial equity in the Bel Air Road property, and Debtor appears to be proposing in good faith a strategy of selling the Sweetzer Ave. property and repairing the Bel Air Road

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Judge Neil Bason, Presiding
### Courtroom 1545 Calendar

**Tuesday, August 6, 2019**                   **Hearing Room 1545**

## 10:00 AM
**CONT...    Ashley Susan Aarons**               **Chapter 11**

property and obtaining roommate income sufficient to pay refinanced or restructured debts. That approach appears, on the present record, to be a good faith attempt to maximize recovery for all creditors while adequately protection Alliance and Patch.

The tentative ruling is that, by clear and convincing evidence, Debtor has rebutted the presumption of a lack of good faith and has shown that this case has been filed in good faith.

If appearances are <u>not</u> required at the start of this tentative ruling but you wish to dispute the tentative ruling, or for further explanation of "appearances required/are not required," please see Judge Bason's Procedures (posted at www.cacb.uscourts.gov) then search for "tentative rulings." If appearances <u>are</u> required, and you fail to appear without adequately resolving this matter by consent, then you may waive your right to be heard on matters that are appropriate for disposition at this hearing.

### Party Information

**Debtor(s):**

Ashley Susan Aarons           Represented By
                                        Todd L Turoci

**Movant(s):**

Ashley Susan Aarons           Represented By
                                        Todd L Turoci
                                        Todd L Turoci

EXHIBIT _1_
_5_ of _5_