**THE TUROCI FIRM**
Todd Turoci (State Bar No. 160059)
Julie Philippi (State Bar No. 166108)
3845 Tenth Street
Riverside, CA 92501
Telephone (888) 332-8362
Facsimile (866) 762-0618
mail@theturocifirm.com
Proposed Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ASHLEY AARONS,<br><br><br>Debtor and Debtor in Possession. | Chapter 11<br>Case No. 2:19-bk-18316-NB<br><br>**SUPPLEMENTAL REPLY TO OBJECTION TO MOTION FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL**<br><br>Hearing:<br>DATE: 9/10/2019<br>TIME: 1:00 p.m.<br>CTRM: 1545<br>    US Bankruptcy Court<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND OTHER PARTIES IN INTEREST:

Applicant The Turoci Firm (the "Firm") hereby submits the following supplemental reply to the United States Trustee's *Objection to Approval for Order Authorizing Debtor in Possession*

1

to *Employ General Bankruptcy Counsel.*

    As stated in the Response filed August 15, 2019 (Doc. No. 38), the Firm is not and never was a pre-petition creditor of Debtor. The Firm did not and does not hold any security interest in property of the estate. An entity owned by the Firm's owner held a security interest in property of the estate, and that security interest was sold to an unrelated third party and is no longer an issue.

    However, in case the sale of the security interest is insufficient to resolve the issue, Debtor requests that the Court look to the *Martin* factors to determine if, under a totality of the circumstances, the issuance of the deed of trust disqualifies the Firm from employment. *In re Watson*, 817 F.2d 175 (1st Cir. 1987); *In re Watson*, 94 B.R. 115 (Bankr. S.D. Ohio 1988). The *Martin* court recognized the inherent conflict that all chapter 11 debtor attorneys have whenever they bill time and opined that a per se rule was inequitable. Instead a court should look to circumstances of the particular case, including

> the reasonableness of the arrangement and whether it was negotiated in good faith, whether the security demanded was commensurate with the predictable magnitude and value of the foreseeable services, whether it was a needed means of ensuring the engagement of competent counsel, and whether or not there are telltale signs of overreaching. The nature and extent of the conflict must be assayed, along with the likelihood that a potential conflict might turn into an actual one. An effort should be made to measure the influence the putative conflict may have in subsequent decision-making. Perceptions are important; how the matter likely appears to creditors and to other parties in legitimate interest should be taken into account. There are other salient factors as well: whether the existence of the security interest threatens to hinder or to delay the effectuation of a plan, whether it is (or could be perceived as) an impediment to reorganization, and whether the fundamental fairness of the proceedings might be unduly jeopardized (either by the actuality of the arrangement or by the reasonable public perception of it).

*Martin, supra* at 182.

    In this case, Debtor had no other means of paying a pre-petition retainer, other than to use the equity in her property. She acted in good faith in offering the deed of trust as a means of securing payment of a pre-petition retainer. WSF acted in good faith in loaning the money so Debtor could pay the retainer. The amount, $25,000, is a reasonable, even low, amount for a pre-

2

petition retainer. The interest rate of 10% is reasonable under the circumstances. The deed of trust is in 5th position on Bel Air and 10th position on Sweetzer. The $25,000 value of the note and deed of trust is a small fraction of the values of the properties.[1] The existence of the deed of trust will not affect the proposal or implementation of a successful plan, primarily because it is for such a small amount in relation to the other debts owed.[2] The potential for conflict, again, is small given the amount and given that the Firm is not a creditor and WSF is no longer a creditor.

Debtor and the Firm submit that when all of the circumstances of this case are reviewed, the Court will find that the Firm and its principal are disinterested and do not hold interests that are materially adverse to Debtor, her creditors or the estate.

Alternately, if the court finds that the Firm cannot be employed as general counsel, then Debtor requests that the Firm be employed as special counsel under 11 U.S.C. § 327(e) for the limited purposes of initiating the case and shepparding Debtor through the first few months. Subsection (e) does not include the same requirement of disinterestedness that subsection (a) has. Debtor can then seek to employ other counsel to represent her for the remainder of the case.

Respectfully submitted,

Dated: 09/04/2019

/s/ Todd Turoci
Todd Turoci
Proposed Attorney for Debtor in Possession, Ashley Aarons

---

[1] Sweetzer is worth over $2 million, and Bel Air is worth over $5 million.
[2] Secured debt is approximately $6 million and unsecured debt is approximately $560,000.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3845 Tenth Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL REPLY TO OBJECTION TO MOTION FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY THE TUROCI FIRM AS GENERAL BANKRUPTCY COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **09/04/2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Dare Law**    dare.law@usdoj.gov, ron.maroko@usdoj.gov;Alvin.mar@usdoj.gov
- **Alvin Mar**    alvin.mar@usdoj.gov
- **Susan I Montgomery**    susan@simontgomerylaw.com, assistant@simontgomerylaw.com; simontgomerylawecf.com@gmail.com; montgomerysr71631@notify.bestcase.com
- **Donna T Parkinson**    donna@parkinsonphinney.com
- **Eric Ridley**    ridley.eric@gmail.com, r41626@notify.bestcase.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com
- **Valerie Smith**    claims@recoverycorp.com
- **Todd L Turoci**    mail@theturocifirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **09/04/2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Neil Bason
United States Bankruptcy Court
255 E Temple St #1552
Los Angeles CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| 09/04/2019 | Adela Salgado | /s/ Adela Salgado |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE