| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| James C. Bastian, Jr. - Bar No. 175415<br>Rika M. Kido - Bar No. 273780<br>**SHULMAN BASTIAN FRIEDMAN & BUI LLP**<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400<br>Facsimile: (949) 340-3000<br>Email: JBastian@shulmanbastian.com<br>         RKido@shulmanbastian.com<br><br>☐ Individual *appearing without an attorney*<br>☒ *Attorney for:* Ashley Susan Aarons, Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES</u> DIVISION**

| In re:<br><br>ASHLEY SUSAN AARONS<br>dba Coffee Dog Entertainment,<br><br><br><br><br><br><br><br><br><br>                                                    Debtor(s) | CASE NO.: 2:19-bk-18316-NB<br><br>CHAPTER 11<br><br> **CHAPTER 11 PLAN**<br>**DATED <u>August 7, 2020</u>** <br><br><u>Confirmation Hearing/Status Conference</u><br>Date:          September 29, 2020<br>Time:          2:00 p.m.<br>Courtroom:  1545<br>Address:     255 E. Temple Street<br>                    Los Angeles, CA 90012 |

This Chapter 11 Plan (Plan) proposes to restructure the financial affairs of the above-named Debtor(s) (collectively, Debtor).  If confirmed, this Plan will bind all persons it provides for, whether or not they accept this Plan, object to confirmation, file a proof of claim or interest, or have their claims or interests allowed.

**Voting:**  You may be entitled to vote on this Plan.  A Chapter 11 Disclosure Statement (Disclosure Statement) that accompanies this Plan explains the voting rules and provides additional information.

**Caution:** *Your rights may be affected.  Read these papers carefully and discuss them with your attorney. (If you do not have an attorney, you may wish to consult one.)*

**Effective date:**  This Plan becomes effective (Effective Date) on the 15th day following the entry of a non-stayed and non-appealed confirmation order on the docket, or, if that is not a business day, then the next business day.  *Exception:*  the Plan proponent may waive the condition that the confirmation order not be subject to a pending appeal.

**Definitions and rules of construction** are as set forth in the Bankruptcy Code (11 U.S.C. section (§) 101 and following) and in the Federal Rules of Bankruptcy Procedure (FRBP or Rules).  *See* §§ 101, 102 and 1101 and Rule 9001.  All exhibits to this Plan are considered part of this Plan but, in the event of any conflict between this Plan and its exhibits, the terms of this Plan control.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 1                          **F 3018-1.CH11.PLAN**

## ARTICLE I.  TREATMENT OF CLAIMS AND INTERESTS

**SUMMARY:**  Exhibit A to this Plan shows how claims and interests are treated, as qualified and explained below.

**A. Unclassified claims.**  Some claims are unclassified (because they cannot vote and, unless the claim holder agrees otherwise, their treatment is fixed by the Bankruptcy Code).  These claims include costs of administering this bankruptcy case (Administrative Claims), such as professionals' fees and expenses. Administrative Claims bar date:  The last day to file a request for payment of Administrative Claims is 28 days after the Effective Date or such other date as the court may order.

**B. Classified claims.**  All other claims and interests are separated into one of the following classes.  Classes 1 and 2 are for claims "secured" by collateral – such as a mortgage/deed of trust (DOT), a secured car loan, or any other claim secured by a lien on property of the bankruptcy estate (Collateral).  Class 3 is for "priority" unsecured claims, class 4 is for general (nonpriority) unsecured claims, and class 5 is for "interests" (defined below).  All classes are divided into subclasses for each unique type of claim (class 1A, 1B, 2A, 2B, etc.).

**Class 1: Claims secured by principal residence.**  This class is reserved for claims secured *only* by real estate that is an individual Debtor's principal residence.  If you hold that type of claim then it cannot be modified by this Plan unless you consent.  *See* § 1123(b)(5).  (If Debtor is not an individual, or if there is no such claim, then class 1 should be left blank.)

**Class 2: Other secured claims.**  If you hold a secured claim that is not in class 1, then this Plan may propose to modify your claim, as specified in Exhibit A and described in detail in Exhibit H to the Disclosure Statement, which is incorporated herein by reference.  Modifications may include a new interest rate, a longer term for payment, etc., subject to limitations in the Bankruptcy Code.  If the dollar amount of your claim exceeds the value of the Collateral, then your claim may be split (bifurcated) into (1) a secured claim equal to that value (in this class 2) and (2) an unsecured claim for the remainder, sometimes called the "deficiency" claim (in class 4, unless it is allowed as a priority claim in class 3). *Exceptions:*

**(a) Disputed valuation.**  If you wish to dispute the bifurcation/estimated value of the Collateral provided in Exhibit A then you must file a timely objection to confirmation of this Plan.  *Note: Your opportunity to object is intended only as a safeguard: the Plan proponent should resolve all valuation issues before soliciting any votes on this Plan.  Valuation can be resolved by consent or by an order on a motion to value the Collateral.*

**(b) Sale.**  If this Plan provides for a sale of the Collateral, then you may credit bid the *full* dollar amount of your claim, unless the court orders otherwise (§ 1129(b)(2)(A)(ii)).

**(c) § 1111(b).**  If you make a timely election under § 1111(b) (per Rule 3014) then, (i) notwithstanding any other provisions of this Plan your secured claim will *not* be reduced to the value of the Collateral (it will not be bifurcated), (ii) you will lose any unsecured deficiency claim, and (iii) you may be paid over a longer time with a lower interest rate but with more dollars, resulting as nearly as possible in the *same estimated present value* as if you had not made the election.  The precise treatment is either included in the exhibits to the Plan and Disclosure Statement as an alternative or it will be provided as a supplement to this Plan at a time to be agreed upon between you and the Plan proponent, or as otherwise ordered by the court.  The election is complex - most creditors do not make it, and before doing so you should consult your attorney (if you do not have an attorney, you may wish to consult one).

**Class 3: Priority Claims.**  A claim has "priority" if it is entitled to certain special treatment under § 507.  For example, if Debtor owes you wages that you earned within 180 days before the bankruptcy petition was filed, then you may hold a priority claim for those unpaid wages.

**Class 4: General Unsecured Claims.**  If you hold a claim that is not secured and is not entitled to priority, then you hold a general unsecured claim.  This class is divided into two subclasses.  Class 4A contains all general unsecured claims other than any small claims in Class 4B (claims below the dollar

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                            **F 3018-1.CH11.PLAN**

amount specified in <u>Exhibit A</u>) that, for convenience, are to be paid in full on the Effective Date (as permitted by § 1122(b)).  (Exception: if there are any additional classes, which is rare, then they are listed on <u>Exhibit A</u>.)  Claims in class 4A will be paid the following percentage of their allowed amounts:

☒ **estimated percentage:** <u>20%-100%</u>[1], but the *actual* percentage could be higher or lower depending on the total funds available and the total allowed claims – for example, if administrative, secured, or priority claims are larger than expected then the percentage paid to general unsecured claims will be lower.  The stated *estimate* is calculated as follows: (1) the total estimated funds available for class 4A under this Plan divided by (2) the sum of all estimated allowed claims in class 4A.

**OR**

☐ **fixed percentage:** _____ %.  The percentage is fixed: this Plan is a commitment to pay this percentage regardless of future revenues, expenses, or the total allowed claims.  If Debtor is unable to pay this percentage then that will be a default under this Plan.

*Only one of the above boxes should be checked.*

**Class 5** consists of "interests."  If Debtor is an organization then "interests" means ownership interests (such as corporate stock, or a partner's interest in a partnership).  If Debtor is an individual, then Debtor is the interest holder.  This class will remain unchanged unless otherwise provided in the exhibits to the Plan and Disclosure Statement (*e.g.*, cancellation of existing interests, the dollar amount of any proposed "new value," who is required/permitted to provide such new value, and what they will receive in exchange.)

**C. Disputed claims or interests.**  A claim or interest is Disputed if (1) an objection has been filed against it <u>or</u> (2)(a) it is not listed on Debtor's bankruptcy schedules, or it is listed as disputed, contingent, or unliquidated, and (b) no proof of claim or interest has been filed.  *See* §§ 502(a), 1111(a).  *Exception:* a claim or interest ceases to be Disputed once it is allowed by a final non-appealable order.

**D. Distributions.**  Except as otherwise specified in this Plan and in Exhibit H to the Disclosure Statement, which is incorporated herein by reference, payments on each claim will be made on the first calendar day of each month (or other period specified in <u>Exhibit A</u>), in equal dollar amounts, starting with the month following the Effective Date, and continuing for the period specified in <u>Exhibit A</u>.  A separate, interest-bearing bank account (Claims Reserve) will hold distributions for any claims that cannot be paid until they are allowed by court order, such as professional fees or Disputed claims (Reserved Claims).  The Disbursing Agent (defined below) is required to reserve enough funds/assets to pay the distributions that each Reserved Claim will be entitled to receive if it is allowed in full (unless the court approves a different amount).  *Distribution of unclaimed or excess funds:*  To the extent that (1) Debtor has been unable to deliver distributions, and they remain unclaimed for at least 21 days after at least one good faith attempt to correct any incorrect address and redeliver them, or (2) a Reserved Claim is disallowed by final order, then, unless otherwise ordered by the court, the funds that had been reserved for such claim will be distributed (a) as provided in this Plan to other creditors of the same class or

---

[1] In addition to receiving at least 20% from the Debtor's income stream, Class 4A general unsecured claims will also receive (1) 100% of any net recovery on the Alliance Litigation (defined in Exhibit H attached to the Disclosure Statement) and (2) any funds remaining from monetary recoveries received from claims against the insurance carriers, including the Bad Faith Litigation (defined below), that are in excess of the costs needed to compensate the Debtor for out of pocket repairs, costs for repairs (as required by the lenders and all code requirements), attorneys' fees or fees to the Debtor's claims adjuster, and payments on any liens of secured creditors (collectively, "Litigation Funds").  Therefore, Class 4A general unsecured creditors may receive as much as 100% depending on the outcome of the Alliance Litigation and Bad Faith Litigation.  Class 4A unsecured creditors will be paid pro rata from the Litigation Funds, with a credit applied first for each creditor's 20% payment of their allowed claims and any additional amounts over the 20% payment and up to a 100% payment providing an additional payment and benefit to Class 4A general unsecured creditors.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 3                          **F 3018-1.CH11.PLAN**

(b) to Debtor if (i) this box is checked ☐ and (ii) as to disallowed claims, it is Debtor who obtained such disallowance.

**E. Settlement.** Debtor will have the power and authority to settle or compromise any claim by or against Debtor, subject to notice and court approval under Rule 9019 for as long as the court retains jurisdiction, except that for any claims *against* Debtor no notice or court approval is necessary if the allowed amount of such claim under the settlement or compromise will be less than <u>$25,000.00</u>.

## ARTICLE II.  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

On the Effective Date, Debtor's "executory" contracts (described in the Disclosure Statement) and unexpired leases will be (a) assumed (*i.e.,* cured and reinstated) as obligations of the reorganized Debtor, or (b) assumed and then instantaneously assigned, or (c) rejected, all as stated in the attached <u>Exhibit B</u>.  Any executory contract or unexpired lease that is not listed on <u>Exhibit B</u> will be deemed rejected.  *Exception:*  if this box is checked ☐ then any such unlisted contract or lease will be deemed assumed. The order confirming this Plan will constitute an order approving this paragraph's treatment of executory contracts and unexpired leases.

**Rejection bar date.**  Any claim arising from the rejection of an executory contract or unexpired lease under the immediately preceding paragraph must be filed by the later of (1) the general bar date for claims or (2) 28 days after the date of the order confirming this Plan.  Rejection claims are general unsecured claims in class 4, unless the claim is allowed as a priority claim in class 3.

## ARTICLE III.  MEANS OF IMPLEMENTATION

**Funding.**  This Plan will be funded as explained in the exhibits to the Disclosure Statement.  All transfers of property under this Plan shall be made in accordance with any applicable provisions of nonbankruptcy law to the extent required by § 1129(a)(16).

The Debtor's Plan will be funded through (1) restructuring of secured debt and/or new financing[2], (2) rental income from the real property located at 984 Bel Air Road, Los Angeles, CA 90077 ("Bel Air Property")[3], (3) Debtor's self-employment income from her dba, Coffee Dog Entertainment, marketing work, and music writing and publishing copyrights, and (4) royalties income.[4]  After payment of all Administrative Claims including professional fees as allowed by the court, (ii) taxes (including income taxes, capital gains taxes and real property taxes), (iii) payments to allowed priority claims, (iv) payments to allowed secured claims, and (iv) payment of Budgeted Personal Expenses[5], the Debtor's monthly income will be used to fund payments to allowed Class 4A

---

[2] The Debtor has been preapproved for a $4,125,000.00 loan with Select Mortgage which includes a $250,000 construction budget.

[3] While the Debtor listed the Bel Air Property as her residence on the Petition Date, the Debtor did not reside in the Bel Air Property on the petition Date.  Due to damage caused during a storm, the Debtor was required to evacuate her residence and stay in various hotels and her parents' home until the storm damage repairs are completed.

[4] Attachment 8h to the Debtor's Amended Schedule I lists that the Debtor receives <u>$1,420.92</u> in monthly royalties from: (1) Welk Group; (2) Noble Oil; (3) Apache Corporation Oil; and (4) Aimco Properties LP.  These royalties are assets of the Ashley S. Aarons 2015 Trust and were described in detail at No. 19 of the Debtor's Amended Schedule B.  Amended Schedule I is incorporated into Exhibit C to the Disclosure Statement under 1a.  As of the date of this Plan, the Debtor is <u>not</u> earning any royalties from her song catalog or musical listed under No. 26 of her Amended Schedule B.

[5] "Budgeted Personal Expenses" means the monthly living allowance for the Debtor to pay her ordinary living expenses established in part by the Motion in Individual Chapter 11 Case for Order Approving a Budget for the Use of the Debtor's Cash and Postpetition Income filed on June 2, 2020 [docket number 233]..  After the Effective Date, the Budgeted Personal Expenses shall be modified to be consistent with the personal expenses included in Exhibit C to the Disclosure Statement and are subject to annual upward adjustments after the Effective Date based on CPI Index for Los Angeles County, California.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page 4                                            **F 3018-1.CH11.PLAN**

general unsecured creditors.  The Debtor shall retain her ownership interest in assets of her bankruptcy estate[6], subject to the obligations created by or preserved under the Plan.  The Debtor is in the process of soliciting financing to cover secured claims and repairs to the Bel Air Property so that she is not relying on funds received from claims against her insurance carrier, AIG.  If the Debtor is unable to secure financing, the Debtor reserves the right to fund the Plan through a sale of the Bel Air Property, so long as such sale allows for payment of all secured claims and capital gains taxes.

The Plan incorporates a settlement reached with the Debtor's first priority lien holder on the Bel Air Property, Patch of Land Lending LLC, as servicing agent for the current beneficiary, Wilmington Savings Fund Society, FSB, Not in its Individual Capacity But Solely as Trustee for Invictus Residential Pooler Trust 3A, its successors and/or assigns (collectively "POL"), which reinstates the POL loan and gives the Debtor at least until April 1, 2021 to pay POL in full.  The settlement with POL is documented in the Modification and Release Agreement ("Modification Agreement"), a draft copy of which is attached to the Disclosure Statement as Exhibit K.[7]  The Plan incorporates the Modification Agreement, pursuant to Federal Rule of Bankruptcy Procedure 9019.  The Debtor believes that the Modification Agreement is a fair compromise.  All creditors holding junior liens against the Bel Air Property will benefit from the Modification Agreement as it provides for the preservation of the Debtor's interest in the Bel Air Property until the Property is refinanced or possibly sold for funding the Plan.  As the Debtor anticipates that her creditors will be paid principally through either the refinance or other disposition of the Bel Air Property, the Debtor believes that the settlement reached will result in substantial benefit for the Debtor's bankruptcy estate and its creditors.  If the Plan is not approved, the Debtor will lose this favorable opportunity to generate funds from the Bel Air Property and more importantly, the Debtor will lose the Bel Air Property to a foreclosure sale by POL or Haycock[8] (defined in Exhibit H attached to the Disclosure Statement), all to the detriment of the junior lienholders and the unsecured creditors who would then likely receive nothing in this case.

Pursuant to the Modification Agreement, the second, third, fourth and fifth lienholders on the Bel Air Property shall be subordinated to the first lienholder in order to ensure that POL's first position lien on the Bel Air Property is not altered or modified in any way by the modification.

To the extent that there is a provision in the Plan which conflicts with the Modification Agreement, the provisions of the Modification Agreement override the conflicting provision in the Plan, including but not limited to the default provisions described in Section IV.E. below.  Attached as Exhibit J to the Disclosure Statement is a summary of the key provisions of the Modification and Release Agreement.

The Disbursing Agent shall be J. Michael Issa, who shall be entitled to reimbursement of reasonable expenses without further notice, hearing or Court order..  A copy of Mr. Issa's resume and the terms of his engagement are attached to the Disclosure Statement as Exhibit L.

***The following paragraph does not apply to individual Debtors:*** (1) Regulated rates.  To the extent that the foregoing funding depends on regulatory approval of rates charged by Debtor, governmental approval of such rates must be obtained prior to or upon confirmation of this Plan (as required by § 1129(a)(6)). (2) Corporate charter.  Debtor's corporate charter must be amended to include a provision prohibiting the issuance of nonvoting equity securities and providing an appropriate distribution of voting power among any classes of securities (as required by § 1123(a)(6)).  The precise amendments to the corporate charter must be attached to the Disclosure Statement as an exhibit.  (3) Post-Effective Date management.  Exhibits to the Disclosure Statement also must disclose (as required by § 1129(a)(5)) all individuals proposed to serve, after

---

[6] Coffee Dog Entertainment has very little value as explained in Exhibit H, endnote G1.  The only personal property being retained by the Debtor which has any value is: (1) the collection of airplane engines (which an appraiser has advised is currently worth approximately $28,500); (2) miscellaneous antiques; and (3) interest in Noble royalties (which the Debtor is estimating is now worth $30,000.00 given that she is receiving half of the royalties received last year).  The Bel Air Property is not worth anything (actually, negative $89,000.00) after accounting for costs of sale, liens and capital gains taxes.

[7] The Parties are finalizing the Modification Agreement and a final version will be submitted with the Confirmation Brief.  A copy of the Modification Agreement in substance is attached.

[8] The Court granted Haycock relief from the automatic stay at the hearing on June 30, 2020.  If the Debtor defaults on her payments to POL or Haycock, Haycock may enforce its remedies to foreclose upon and obtain possession of the Bel Air Property in accordance with applicable nonbankruptcy law as further detailed in the order granting Haycock relief from stay.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                    Page 5                                          **F 3018-1.CH11.PLAN**

confirmation of this Plan, as director, officer, or voting trustee of Debtor (or an affiliate of Debtor participating in a joint plan with Debtor, or any successor to Debtor under this Plan), as well as all insiders who will be employed or retained by Debtor, including such individual's name, proposed compensation, job description, affiliation to Debtor, and qualifications.

## ARTICLE IV.  DISCHARGE; EFFECTS OF CONFIRMATION

**A. Discharge.**  Debtor shall receive a discharge of debts to the extent and at the time provided in § 1141(d), whether or not a party in interest has filed a proof of claim or interest, or accepts this Plan, unless the court orders otherwise.

***The following paragraph only applies to Debtors who are individuals:***  Pursuant to § 1141(d)(5), Debtor will not be discharged from any debts unless and until (1) Debtor completes all payments "under" the Plan and obtains an order of the court granting a discharge (§ 1141(d)(5)(A)&(C)) – for purposes of this Plan payments that extend beyond the Plan Term stated in <u>Exhibit A</u> are not considered payments "under" the Plan (*e.g.,* if the Plan Term is 5 years then Debtor will be eligible for a discharge under this clause if 5 years of payments are made, but the debtor will remain obligated on obligations that extend beyond the Plan Term, such as a 30-year mortgage); (2) the court grants a limited ("hardship") discharge (§ 1141(d)(5)(B)&(C)); or (3) the court "orders otherwise for cause" (§ 1141(d)(5)(A)&(C)).  Notwithstanding the other terms of this paragraph, a discharge will not discharge Debtor from any debts that are nondischargeable under § 523 (except as provided in Rule 4007(c)) or the obligations created by this Plan.

**B. Vesting of Property.**  On the Effective Date, all property of the bankruptcy estate will vest in the reorganized Debtor pursuant to § 1141(b) & (c), free and clear of all claims and interests except as otherwise provided in this Plan.

**C. Plan Creates New Obligations.**  Except as otherwise provided in this Plan, (1) the payment terms promised in this Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations *other than* those new payment terms continue to apply.  For example, (1) this Plan does not modify any obligations to insure collateral, and (2) if the Plan only addresses arrears for a particular claim, then the regular payments will be made as they come due based on the governing loan documents and, except with respect to curing the arrearages, the Plan does not alter the legal equitable, or contractual rights of the holder of that claim (unless otherwise provided with respect to a specific claim or Class of claims).

**D. Actions Restrained.**  Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations, or any obligations due under this Plan, so long as Debtor is not in material default under this Plan (as defined below).  If Debtor is in material default under this Plan, then any party in interest may:  (1) take any action permitted under nonbankruptcy law either (a) to enforce the terms of this Plan as a contract of Debtor or (b) to pursue nonbankruptcy remedies including collection of the entire nondischarged dollar amount of any claim held by such person, or (2) if this case is still pending, move to dismiss this case or to convert this case to one under chapter 7, or seek other relief from the bankruptcy court.  If this case is converted to chapter 7 at any time, then property will revest in the chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the court during this case.

**E. Material Default Defined.**  If Debtor (1) fails to make any payment required under this Plan, or (2) fails to perform any other obligation required under this Plan for more than 14 days after the time specified in this Plan, or (3) performs any act that is inconsistent with the terms of this Plan, then any affected creditor, interest holder, or other party in interest may file and serve upon Debtor and Debtor's attorney (if any) a written notice of default at their most recent address(es) listed in this case.  Debtor is in material default under this Plan if Debtor fails within 21 days after service of that notice of default, plus an additional 3 days if served by mail, either to cure the default or obtain from the court an extension of time to cure the default or a determination that no material default occurred.  Notwithstanding the other provisions of this paragraph, to the extent that Debtor has assumed an executory contract or unexpired lease, or to the extent that a creditor retains a lien under this Plan that was a consensual lien, the default provisions of that contract, lease, or lien documentation govern what

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 6                                          **F 3018-1.CH11.PLAN**

constitutes a default for purposes of the rights and remedies thereunder, all subject to applicable nonbankruptcy law and any exceptions set forth in this Plan.

## ARTICLE V.  GENERAL PROVISIONS

**A. Modification of Plan.**  The Plan proponent may modify this Plan at any time before confirmation, subject to § 1127 and Rule 3019(a), but in that event the court may require a new disclosure statement and/or revoting on the Plan.  The Plan proponent or the reorganized Debtor also may seek to modify this Plan at any time *after* confirmation (1) if this Plan has not been substantially consummated and (2) if the court authorizes the proposed modifications after notice and a hearing (§ 1127(b)).  In addition, if Debtor is an individual then Debtor or other persons may seek to modify this Plan after confirmation pursuant to § 1127(e).

**B. Cramdown.**  The Plan proponent reserves the right to seek confirmation notwithstanding the rejection of this Plan by one or more classes of creditors or interest holders, pursuant to § 1129(b).  In the event the creditors do not consent to the treatment proposed in the Plan, the Debtor believes that the Plan is confirmable.  The Debtor is providing new value through her pursuit of the Alliance Litigation (defined in Exhibit H attached to the Disclosure Statement).  The legal fees and expenses for the pursuit of the Alliance Litigation are being funded by the Debtor's mother.  The Alliance Litigation is based on the Debtor's Post-Petition claim against Alliance and the Debtor has agreed to use any funds recovered to pay Class 4A general unsecured creditors, such that Class 4A general unsecured creditors may receive as much as 100% depending on the outcome of the Litigation Claims.  The funds provided by the Debtor's mother coupled with the Debtor's agreement to allocate the proceeds from the Alliance Litigation is sufficient to constitute new value to justify cramdown.  The Debtor is prepared to address such issues at confirmation, if necessary.

**C. Governing Law and Binding Effect.**  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or Rules), the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.  The rights and obligations of any entity named or referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of such entity.

**D. Quarterly Fees.**  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with that statute until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

**E. Closing Case, and Post-Confirmation Status Report.**  As soon as practicable under Rule 3022, the Plan proponent shall file a motion with the court to obtain a final decree to close this bankruptcy case, unless good cause is shown to keep this case open.  As long as this case is not closed, the Plan proponent must file status reports every 120 days explaining what progress has been made toward substantial consummation of the confirmed Plan.  The status report must be served on the United States Trustee, the official creditors' committee (or, if none, then the twenty largest general unsecured creditors), and those parties who have requested special notice.

**F. Retention of Jurisdiction.**  After confirmation, the court retains and may exercise jurisdiction over proceedings concerning:  (1) whether Debtor is in material default under this Plan, (2) whether the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan or in the Disclosure Statement to be filed with the court, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (the court will not review professional fees incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan or Disclosure Statement), (6) settlements or compromises under Rule 9019, (7) any proceedings under §§ 110, 329, or 362, or regarding sanctions, and (8) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the bankruptcy

case or estate.  This retention of jurisdiction, however, will end on the later of (a) ____ year(s) (if blank, then two years) after the Effective Date, (b) as to any then-pending adversary proceeding or contested matter, when it is finally resolved by a judgment or order, or (c) as to an individual Debtor's discharge, when that discharge is granted or denied by final order.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 7                                          **F 3018-1.CH11.PLAN**

**G. Vesting of Property in Debtor.**  Upon entry of a Court order confirming the Plan, all property of the Debtor, tangible and intangible, including licenses, furniture, fixtures and equipment, will revert, free and clear of all claims and equitable interests, except as provided by the Plan, to the Debtor.  From and after the Effective Date, the Debtor, may acquire, and dispose of property and settle and compromise claims without supervision by the court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan, the order confirming the Plan, and any document, agreement, or instrument delivered in connection with the Plan.  Except as otherwise provided in the Plan or in the order confirming the Plan, the rights afforded in the Plan and the treatment of all claims in the Plan will be in exchange for and in complete satisfaction, discharge, and release of all claims (including administrative claims and any interest accrued on any claim from and after the date of commencement of the Debtor's bankruptcy case) against the Debtor and any of her assets and properties.

**H. Exculpation.**  To the extent permitted under Bankruptcy Code Section 1125(e), upon the occurrence of the Effective Date, the Debtor, the Reorganized Debtor, and her agents and professionals (including counsel to the Debtor) shall be deemed to have no liability for any act or omission in connection with, or arising out of, the pursuit of approval of the Plan, the solicitation of votes for confirmation of the Plan, for violation of any applicable law, rule or regulation governing solicitation of acceptance or rejection of the  Plan or the offer, issuance, sale, or purchase of securities offered or sold under the Plan. Notwithstanding the foregoing, nothing herein shall release the Debtor from her duties and obligations under the Plan.

**J. Substantial Consummation.**  Upon the Effective Date, the Plan will be deemed substantially consummated under §§ 1101 and 1127(b).

**K. Final Decree.**  Upon the first disbursement to allowed general unsecured claims, the Debtor shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                            Page 8                                            **F 3018-1.CH11.PLAN**

| Signature: _(signature)_<br>Debtor or other Plan proponent<br><br>Date: <u>August 7, 2020</u> | Printed name of signer:<br><u>Ashley Susan Aarons</u><br>Organization (if applicable):<br>Title (_e.g._, President): |
|---|---|
| Signature: __/s/ James C. Bastian, Jr.__<br>Attorney (if any) for Plan proponent<br><br>Date: <u>August 7, 2020</u> | Printed name of signer:<br><u>James C. Bastian, Jr.</u><br>Law firm:<br><u>Shulman Bastian Friedman & Bui LLP</u> |

**Attorney Certification** (subject to what the judge may permit/require, this form is not mandatory, but if it is used then it and its exhibits must not be altered without disclosure/authorization as provided below):

I, the undersigned, am legal counsel for the above-referenced Plan proponent, and I hereby certify the following: (1) this Plan, including the attached exhibits A & B, are true and correct copies of the latest versions of the LBR form plan and exhibits approved for use by the United States Bankruptcy Court for the Central District of California; (2) modifications have been made as directed or permitted by written order (docket no.    ) (or, if the presiding judge permits, by other authorization such as oral approval by the court on the record – specify: <u>Status Conference held on August 4, 2020 at 2:00 p.m.</u>); and (3) no other alterations or modifications to any provision of such form Plan have been made except as shown by the "redlined" versions of this Plan (docket nos. 252, 284 and 312) or described as follows:

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: <u>August 7, 2020</u>    Signature: <u>/s/ James C. Bastian, Jr.</u>, Printed name: <u>James C. Bastian, Jr.</u>

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2014_                    Page 9                    **F 3018-1.CH11.PLAN**

# Exhibit A

| Ashley Susan Aarons | **EXHIBIT A-Treatment of Claims / Interests** | Periodic Payments [*e.g.,* every mo. x 60 mos.] | 2:19-bk-18316-NB |
| --- | --- | --- | --- |

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 09/01/20) | Every [_] month(s) | Term (e.g. 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals, Including Ex.A1 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | US Trustee Fees | | $ 650.00 | 100.0% | $ 650.00 | | | | | | | $ 650.00 |
| | | Tax § 507(a)(8) | IRS | $ 210.57 | 100.0% | $ - | 1 | 46 | % | see Ex.A1 | see Ex.A1 | | $ 210.57 |
| | | Tax § 507(a)(8) | | $ - | 100.0% | $ - | | | % | $ - | $ - | | $ - |
| | | Debtor's attorney | H1 | $ 300,000.00 | 100.0% | $ - | 1 | | % | see Ex.A1 | see Ex.A1 | $ 280,000.00 | $ 300,000.00 |
| | | Debtor's accountant /FA | | $ - | 100.0% | $ - | | | % | $ - | $ - | $ - | $ - |
| 1A | | Home, 1st DOT arrears | | | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1B | | Home, 2d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1C | | Home, 3d DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2A | Y | POL | 2A | $ 3,428,582.53 | 100.0% | $ - | 1 | | see Ex.A1 | see Ex.A1 | | $ 3,278,582.05 | 3,428,582.53 |
| 2B | Y | James Haycock | 2B | $ 173,367.36 | 100.0% | $ - | 1 | | see Ex.A1 | see Ex.A1 | | $ 163,254.25 | 173,367.36 |
| 2C | Y | M. Lamorie | 2C | $ 170,000.00 | 100.0% | $ - | 1 | | see Ex.A1 | see Ex.A1 | | $ 155,486.69 | 170,000.00 |
| 3A | Y | Priority § 507(a) | (7) | $ 12,100.00 | 100.0% | $ - | 1 | 60 | % | $ 201.67 | $ 201.67 | $ - | 12,100.00 |
| 3B | | Priority § 507(a) | | $ - | 100.0% | $ - | 1 | | % | $ - | | | $ - |
| 4A | Y | General unsecured (Ex.F) | 4A | $ 961,897.09 | 20.0% | $ - | 1 | 64 | % | $ - | see Ex.A1 | $ - | 191,916.60 |
| 4B | | Pay 100% up to $ - | | $ - | 100.0% | $ - | | | | | | | $ - |
| 5A | | | | | | $ - | ← Any "new value" must be *negative* (payment is *to estate* ) | | | | | | $ - |
| ↓ ***Extra Rows*** (more classes, or unclassified claims).   **Class 1** =*"principal residence"* secured,   **2**=*other secured*,   **3**=*priority*,   **4**=*general unsecured*,   **5**=*interests* | | | | | | | | | | | | | |
| 1D | Y | Home 4th DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 1E | Y | Home 5th DOT arrears | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| Ex.A-ContinuationSheet (if any) | | | | $ 411,783.78 | | $ - | | | | $ - | | $ 372,517.73 | 416,615.87 |
| Ex.B totals (§ 365) (if any) | | | | $ - | 100.0% | $ - | 1 | | % | | | | |
| **GRAND TOTALS** | | | | $ 5,458,591.33 | | $ 650.00 | | | | $ 201.67 | | $ 4,249,840.72 | $ 4,693,442.93 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*                                                                 **F 3018-1.CH11.PLAN-DS.EXHIBITS**

| Class | Impaired? Y/N | Short Description | Endnotes (Ex.H) | Estimated Claim(s) | Claim % to be Paid | $ On Effective Date (projected 09/01/20) | Every [_] month(s) | Term (e.g. 60 mos.) | Interest Rate | Amortizing Payments | Equivalent $ on Monthly Basis | $ At End of Term (Balloon Payment) | Totals, Including Ex.A1 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **EXHIBIT A-Continuation Sheet** | | | | | | | | | | | | | |
| 2D | Y | CBSG | **2D** | $ 395,594.07 | 100.0% | $ - | 1 | | % | see Ex.A1 | see Ex.A1 | $ 372,517.73 | $ 395,594.07 |
| 2E | Y | WSF | **2E** | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2F | | Westlake Financial | **2F** | $ 14,475.00 | 100.0% | $ - | 1 | | % | see Ex.A1 | see Ex.A1 | $ - | $ 18,721.80 |
| 2G | | Farmer's New World | **2G** | $ 1,714.71 | 100.0% | $ - | 1 | | % | see Ex.A1 | see Ex.A1 | $ - | $ 2,300.00 |
| 2H | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2I | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2J | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| 2K | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| | | | | $ - | 100.0% | $ - | 1 | | % | $ - | $ - | $ - | $ - |
| **TOTALS (this page only)** | | | | $ 411,783.78 | | $ - | | | | $ - | $ 372,517.73 | $ 416,615.87 | |

Header: Ashley Susan Aarons | **EXHIBIT A-Treatment of Claims / Interests** | Periodic Payments [e.g., every mo. x 60 mos.] | 2:19-bk-18316-NB

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Ashley Susan Aarons | | **EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any** | | | | | | | 2:19-bk-18316-NB |

| Class | Short Description | | Period A: $/mo. for 1 Months | Period B: $/mo. next 3 mos. (to mo. 4) | Period C: $/mo. next 4 mos. (to mo. 8) | Period D: $/mo. next 38 mos. (to mo. 46) | Period E: $/mo. next 14 mos. (to mo. 60) | Period F: $/mo. next 4 mos. (to mo. 64) | $/mo. After Last Period | Total Ex.A1 Payments |
|---|---|---|---|---|---|---|---|---|---|---|
| | Tax § 507(a)(8) | IRS | $ 4.58 | $ 4.58 | $ 4.58 | $ 4.58 | $ - | $ - | $ - | $ 210.57 |
| | Tax § 507(a)(8) | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | Debtor's attorney | | $ 2,500.00 | $ 2,500.00 | $ 2,500.00 | $ - | $ - | $ - | $ - | $ 20,000.00 |
| | Debtor's accountant /FA | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1A | Home, 1st DOT arrears | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1B | Home, 2d DOT arrears | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1B | Home, 3d DOT arrears | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2A | POL | | $ - | $ 21,428.64 | $ 21,428.64 | $ - | $ - | $ - | $ - | $ 150,000.48 |
| 2B | James Haycock | | $ - | $ 1,444.73 | $ 1,444.73 | $ - | $ - | $ - | $ - | $ 10,113.11 |
| 2C | M. Lamorie | | $ - | $ 2,073.33 | $ 2,073.33 | $ - | $ - | $ - | $ - | $ 14,513.31 |
| 3A | Priority § 507(a)        (7) | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 3B | Priority § 507(a) | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 4A | General unsecured (Ex.F) | | $ - | $ - | $ 3,198.61 | $ 3,198.61 | $ 3,198.61 | $ 3,198.61 | $ - | $ 191,916.60 |
| | | | | | | | | | | |
| 5A | | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |
| ↓ Extra Rows (more classes) | | | | | | | | | | |
| 1D | Home 4th DOT arrears | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 1E | Home 5th DOT arrears | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Ex.A1-ContinuationSheet (if any) | | | $ 362.03 | $ 3,658.65 | $ 3,658.65 | $ 362.03 | $ 312.03 | $ - | | $ 44,098.14 |
| Ex.B "Promptly After" Effective Date | | | $ - | $ - | $ - | $ - | $ - | $ - | | $ - |
| **TOTAL Variable Payments** | | | $ 2,866.61 | $ 31,109.93 | $ 34,308.54 | $ 3,565.22 | $ 3,510.64 | $ 3,198.61 | | $ 430,852.21 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| Ashley Susan Aarons | | | **EXHIBIT A1 - Variable Payments ("Step up" / "Step down") if any** | | | | | | 2:19-bk-18316-NB | |

| Class | Short Description | Period A: $/mo., for 1 Months | Period B: $/mo., next 3 mos. (to mo. 4) | Period C: $/mo., next 4 mos. (to mo. 8) | Period D: $/mo., next 38 mos. (to mo. 46) | Period E: $/mo., next 14 mos. (to mo. 60) | Period F: $/mo., next 4 mos. (to mo. 64) | $/mo. After Last Period | Total Ex.A1 Payments |
|---|---|---|---|---|---|---|---|---|---|
| **Ex.A1-Continuation Sheet** | | | | | | | | | |
| 2D | CBSG | $ - | $ 3,296.62 | $ 3,296.62 | $ - | $ - | $ - | $ - | $ 23,076.34 |
| 2E | WSF | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2F | Westlake Financial | $ 312.03 | $ 312.03 | $ 312.03 | $ 312.03 | $ 312.03 | $ - | $ - | $ 18,721.80 |
| 2G | Farmer's New World | $ 50.00 | $ 50.00 | $ 50.00 | $ 50.00 | $ - | $ - | $ - | $ 2,300.00 |
| 2H | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2I | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2J | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2K | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| | | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| **TOTALS (this page only)** | | $ 362.03 | $ 3,658.65 | $ 3,658.65 | $ 362.03 | $ 312.03 | $ - | | $ 44,098.14 |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*

**F 3018-1.CH11.PLAN-DS.EXHIBITS**

# Exhibit B

| Ashley Susan Aarons | | | **EXHIBIT B: Executory Contracts & Unexpired Leases.** | | | | | | 2:19-bk-18316-NB |

| Name(s) / Description | Endnotes (Ex.H) | A=Assume, AA=Assume & Assign, R=Reject | Cure Amount | Compensation for Actual Pecuniary Loss | Total Claims | Payment on Effective Date (usually 100%) | Payment "Promptly" After Effective Date (usually none) | "Promptly" = [_] days | Payment Total |
|---|---|---|---|---|---|---|---|---|---|
| Majestic Ventures LLC | B1 | R | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| | | | $ - | $ - | $ - | $ - | $ - | | $ - |
| **TOTALS:** | | | $ - | $ - | $ - | $ - | $ - | | $ - |

**Instructions to Plan proponent:** (1) Quick start: Copy applicable data from bankruptcy Schedules G & F (adjust if appropriate). List any assignee under "Description."
(2) Assumption/assignment requires: (a) cure amount (arrears, except certain penalties) and (b) compensation for "actual pecuniary loss" (damages), if any (§ 365(b)(1))
(3) Rejection: leave dollar amounts blank on this exhibit and include any timely rejection damages claims on Exhibit F (general unsecured claims) (§ 502(g)).

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June, 2014*                                                                                   **F 3018-1.CH11.PLAN-DS.EXHIBITS**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **100 Spectrum Center Drive, Suite 600, Irvine, California  92618**

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 11 PLAN DATED AUGUST 7, 2020**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 7, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2**. **SERVED BY UNITED STATES MAIL**:
On (*date*) **August 7, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3**. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)   **Not Applicable**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 7, 2020 | Lorre Clapp | /s/ Lorre Clapp |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

## NEF SERVICE LIST

- **Brandon J Anand** on behalf of Anand Law PC brandon@anandlaw.com, r52959@notify.bestcase.com,info@anandlaw.com

- **Julian K Bach** on behalf of Deanna D'Egidio, Shiv Raj Gupta and Saroj Gupta Julian@Jbachlaw.com, julianbach@sbcglobal.net

- **James C Bastian** on behalf of Debtor jbastian@shulmanbastian.com

- **Oscar Estrada** on behalf of Los Angeles County Treasurer and Tax Collector oestrada@ttc.lacounty.gov

- **John-Patrick McGinnis Fritz (TR)** jpftrustee@lnbyb.com, jpf@trustesolutions.net

- **Robert P Goe** on behalf of Alliance Portfolio Private Equity Finance Inc kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

- **Marjorie M Johnson**    on behalf of Westlake Financial Services mmjesq@yahoo.com, ca.ecf@aislaw.com

- **Rika Kido**    rkido@shulmanbastian.com, avernon@shulmanbastian.com

- **Dare Law** on behalf of United States Trustee dare.law@usdoj.gov

- **Alvin Mar** on behalf of United States Trustee alvin.mar@usdoj.gov, dare.law@usdoj.gov

- **Ron Maroko** on behalf of United States Trustee ron.maroko@usdoj.gov

- **Susan I Montgomery** on behalf of Andrea Friedlander susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify. bestcase.com

- **Donna T Parkinson** on behalf of James Haycock donna@parkinsonphinney.com

- **Eric Ridley** on behalf of Raul Rodriguez ridley.eric@gmail.com, r41626@notify.bestcase.com

- **Karel G Rocha** on behalf of Complete Business Solutions Group Inc krocha@pnbd.com, srichards@pnbd.com

- **Joshua L Scheer** on behalf of Patch of Land Lending LLC, Wilmington Savings Funds Society FSB et al,jscheer@scheerlawgroup.com

- **Valerie Smith** on behalf of Interested Party claims@recoverycorp.com

- **Todd L Turoci** on behalf of Interested Party mail@theturocifirm.com

- **United States Trustee (LA)** United States Trustee ustpregion16.la.ecf@usdoj.gov

- **Larry D Webb** on behalf of Interested Party Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

- **Reilly D Wilkinson** on behalf of Patch of Land Lending LLC rwilkinson@scheerlawgroup.com

## US MAIL SERVICE LIST

**United States Trustee (LA)**
**915 Wilshire Blvd, Suite 1850**
**Los Angeles, CA 90017-3560**

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**