James C. Bastian, Jr. – Bar No. 175415
Rika M. Kido – Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone: (949) 340-3400
Facsimile: (949) 340-3000
Email: JBastian@shulmanbastian.com
        RKido@shulmanbastian.com

Attorneys for Ashley Susan Aarons,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-18316-NB |
| **ASHLEY SUSAN AARONS** **dba Coffee Dog Entertainment,** | Chapter 11 |
| Debtor. | **NOTICE OF (1) PROPOSED ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN DATED AUGUST 7, 2020; AND (2) FINAL EXECUTED STIPULATION BETWEEN DEBTOR AND DEBTOR IN POSSESSION AND THE RECEIVER FOR COMPLETE BUSINESS SOLUTIONS D/B/A PAR FUNDING FOR RESOLUTION OF CLAIM 3 AND MODIFIED TREATMENT UNDER THE CHAPTER 11 PLAN** |
| | <u>**Hearing Date:**</u> Date: February 11, 2021 Time: 2:00 p.m. Place: Courtroom 1545 255 East Temple Street Los Angeles, California 90012 |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

6222-000/73/Confirmation Order & Stip to Modify Plan (CBSG) Ntc

1    **PLEASE TAKE NOTICE** that in anticipation of the continued hearing tomorrow and

2    confirmation of the Plan, attached as **Exhibit "1"** is the proposed Order Confirming Debtor's

3    Chapter 11 Plan Dated August 7, 2020 ("Order").  A copy of the Order is being provided prior to

4    the hearing so that the  Parties have time to review the Order and can then make any comments

5    and/or raise any issues regarding the Order at the hearing.

6    **PLEASE TAKE FURTHER NOTICE** that a copy of the final and executed Stipulation

7    Between Debtor and Debtor in Possession and the Receiver for Complete Business Solutions d/b/a

8    Par Funding for Resolution of Claim 3 and Modified Treatment Under the Chapter 11 Plan

9    ("Stipulation") is attached as **Exhibit "2"**.  The Debtor's Motion to Approve Non-Material

10   Modifications to Chapter 11 Plan Dated August 7, 2020 [docket 383] included modifications to the

11   treatment of CBSG's secured claim, Class 2D, in order to memorialize the Stipulation.

12   Respectfully submitted,

13   **SHULMAN BASTIAN FRIEDMAN & BUI LLP**

14

15   DATED:  February 10, 2021    By:    /s/ Rika M. Kido

16   James C. Bastian, Jr.
     Rika M. Kido

17   Attorneys for Ashley Susan Aarons, Debtor and
     Debtor in Possession

18

19

20

21

22

23

24

25

26

27

28

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

6222-000/73/Confirmation Order & Stip to Modify Plan (CBSG) Ntc

# EXHIBIT 1

James C. Bastian, Jr. – Bar No. 175415
Rika M. Kido – Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:  (949) 340-3400
Facsimile:   (949) 340-3000
Email:   JBastian@shulmanbastian.com
          RKido@shulmanbastian.com

Attorneys for Ashley Susan Aarons,
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-18316-NB |
| **ASHLEY SUSAN AARONS**<br>**dba Coffee Dog Entertainment,**<br><br>Debtor. | Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN DATED AUGUST 7, 2020**<br><br>**Hearing Date:**<br>Date:   February 4, 2021<br>Time:   2:00 p.m.<br>Place:  Courtroom 1545<br>          255 East Temple Street<br>          Los Angeles, California 90012 |

The hearing on confirmation of the Chapter 11 Plan Dated August 7, 2020 [docket 313] ("Plan") filed by Ashley Susan Aarons, the debtor and debtor in possession ("Debtor") took place on February 4, 2021, the Honorable Neil W. Bason, United States Bankruptcy Judge presiding. Appearances were as noted on the record.

Having considered (i) the Plan, (ii) the Debtor's Brief in Support of Entry of an Order Confirming the Debtors' Plan and the annexed Declarations of Ashley Susan Aarons and J. Michael Issa [docket 330] ("Confirmation Brief"), (ii) the Declaration of Rika M. Kido re Ballot Tally [docket 330], (iii) Objection to Chapter 11 Plan Dated August 7, 2020 filed by Post Acute Care

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

1

6222-000 Confirmation Order

EXHIBIT 1

Partners, Inc. dba Care Partners at Home [docket 332] ("Care Partners' Objection"), (iv) Objections to Debtor's Chapter 11 Plan of Reorganization and Reply to Debtor's Brief in Support of an Order Confirming Chapter 11 Plan filed by Shiv Raj Gupta and Saroj Gupta ("Guptas") [docket 333], (v) Debtor's Reply to (1) Shiv Raj Gupta and Saroj Gupta's Objections to Debtor's Chapter 11 Plan of Reorganization and Reply to Debtor's Brief in Support of Entry of an Order Confirming Debtor's Chapter 11 Plan; and (2) Post Acute Care Partners, Inc. dba Care Partners at Home's Objection to Chapter 11 Plan Dated August 7, 2020 [docket 335] ("Reply"), (vi) Debtor's Statement in Support of Entry of an Order Confirming Debtor's Chapter 11 Plan [Docket 313] and the annexed Declarations of Ashley S. Aarons and Louis Napolitano [docket 369]; (vii) Response to Debtor's Statement Filed in Support of Order Confirming Debtor's Chapter 11 Plan of Reorganization filed by the Guptas [docket 372]; (viii) Response to Statement in Support of Entry of Order Confirming Debtor's Chapter 11 Plan filed by Verus Securitization Trust 2020-NPL1 et al. [docket 373]; (ix) Debtor's Reply to (1) Shiv Raj Gupta and Saroj Gupta's Response to Debtor's Statement filed in Support of Order Confirming Debtor's Chapter 11 Plan; and (2) Verus Securitization Trust 2020-NPL1 et al.'s Response to Statement in Support of Entry of Order Confirming Debtor's Chapter 11 Plan and the annexed Declarations of Janet Sexton and Ashley S. Aarons [docket 374]; (x) Debtor's Motion to Approve Non-Material Modifications to Chapter 11 Plan Dated August 7, 2020 [docket 383] ("Non-Material Modification Motion"); (xi) the records and files in this Chapter 11 case, and (xii) the statements of counsel on the record, and for the reasons set forth on the record at the hearing, this Court finding that all the requirements for confirmation have been established pursuant to 11 U.S.C. § 1129, and good cause appearing, the Court finds and concludes:

1.      The hearing on confirmation of the Plan was held on adequate and proper notice to parties in interest;

2.      The requirements for confirmation set forth in 11 U.S.C. §§ 1129(a) and 1129(b) have been satisfied;

3.      The Plan complies with the applicable provisions of Chapter 11 of the Bankruptcy Code;

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

2

6222-000 Confirmation Order

EXHIBIT 1

4.      The Debtor, as the Plan proponent, has complied with the applicable provisions of the Bankruptcy Code;

5.      The Plan has been proposed in good faith and not by any means forbidden by law;

6.      That any payment made or promised by the Debtor for services or for costs and expenses in, or in connection with the case or in connection with the Plan and incident to the case, have been disclosed to the Court;

7.      Any such payment made before confirmation of the Plan is reasonable or if such payment is to be fixed after confirmation of the Plan, such payment is subject to the approval of the Court as reasonable;

8.      While Class 4A voted to reject the Plan ("Rejection Class"), the Rejection Class will receive or retain property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the bankruptcy estate were liquidated under chapter 7 of the Bankruptcy Code on such date, thus satisfying 11 U.S.C. § 1129(a)(7)(A)(ii);

9.      Although 11 U.S.C. § 1129(a)(8) has not been satisfied with respect to the Rejection Class, the Plan is confirmable because the Plan does not discriminate unfairly and is fair and equitable, with respect to the Rejecting Classes and thus satisfies section 1129(b) of the Bankruptcy Code with respect to such Classes.

10.     That, except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that with respect to claim of a kind specified in 11 U.S.C. § 507(a)(1), on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim or has agreed to treatment otherwise, as required by 11 U.S.C. § 1129(a)(9)(A);

11.     That with respect to priority tax claims (11 U.S.C. § 507(a)(8)) the Plan complies with 11 U.S.C. § 1129(a)(9)(C);

12.     That at least one class of claims has accepted the Plan, determined without including any acceptance of the Plan by an insider holding a claim of such class;

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

3

EXHIBIT 1

6222-000 Confirmation Order

13.    That confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any successor to the Debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan;

14.    The transactions contemplated by the Plan are in compliance with and satisfy all applicable provisions of the Bankruptcy Code and the terms and conditions of the Plan are fair and reasonable;

15.    That pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 9019 and under the four factors set forth by *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986), the Final Modification Agreement[1] entered into with POL[2] that is incorporated into the Plan is in the best interests of creditors of the Estate because if the Plan is not approved, the Debtor may lose this opportunity to generate funds from the Bel Air Property and more importantly, the Debtor may lose the Bel Air Property to a foreclosure sale by POL who has been granted relief from stay as to the Bel Air Property, all to the detriment of the junior lienholders and the unsecured creditors who would then likely receive nothing in this case; and

16.    That all fees payable under 28 U.S.C. § 1930 have been paid or will be paid as of the effective date of the Plan.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

17.    The Plan is confirmed pursuant to 11 U.S.C. §§ 1129(a) and (b), with the modifications described in the Confirmation Brief, Care Partners' Objection, Reply and Non-Material Modification Motion as follows:

---

[1] The Modification Agreement as defined in the Plan and attached to the Disclosure Statement thereto as **Exhibit "K"**, a final copy of which was attached as **Exhibit "1"** to the Declaration of Ashley S. Aarons, annexed to the Confirmation Brief, was subsequently modified pursuant to the Addendum to Modification and Release Agreement on October 14, 2020, the Second Addendum to Modification and Release Agreement on November 6, 2020, the Third Addendum to Modification and Release Agreement on December 22, 2020, and the Fourth Addendum to Modification and Release Agreement on February 3, 2021, collectively referred to as "Addenda". The Addenda, including the fully Executed Modification Agreement was signed by all parties and attached as **Exhibit "1"** to the Non-Material Modification Motion and is incorporated into the Plan in its entirety and hereafter referred to as the "Final Modification Agreement".

[2] POL is defined below in paragraph 27 and includes *all* related parties, their successors and/or assignees. Capitalized terms are defined below or, if not otherwise defined, are defined in the Plan and/or Confirmation Brief

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

4

6222-000 Confirmation Order

EXHIBIT 1

a.      The monthly interest payment to POL provided for in Exhibit A to the Plan is increased to $21,455.73 and the final estimated balloon payment due to POL on April 1, 2021 (if the Debtor does not obtain the six month extension) provided for in Exhibit A to the Plan is increased to $3,432,916.07, plus any additional fees and costs owing at that time pursuant to the terms of the Modification Agreement.

b.      Article IV, subpart D of the Plan shall be modified to state as follows:

Creditors, interest holders and other parties in interest may not take any action to enforce preconfirmation obligations against the Debtor, or any obligations due under this Plan, so long as Debtor is not in material default under this Plan (as defined below).

c.      The second sentence of the first paragraph of page 5 of the Plan shall be modified to reference the Fourth Addendum as follows:

The settlement with POL is documented in the Final Modification Agreement.[3]

d.      Exhibit A to the Plan will be revised and restated to provide for a payment of $75,000.00 on April 1, 2021 to Class 2D and otherwise be subject to additional terms as set forth below.  Exhibit H to the Disclosure Statement will be modified such that the third, fourth and fifth rows on page 23 of the Disclosure Statement (Exhibit H) discussing Class 2D shall be replaced with the following two rows:

| 2D | Complete Business Solutions Group ("CBSG") shall retain a lien in the fourth priority position on the Bel Air Property.  CBSG has agreed to fully resolve Claim 3 filed by CBSG in the Plan for payment by the Debtor or her bankruptcy estate in the total sum of $75,000.00 ("Stipulated Payment").  If the Stipulated Payment is not paid within 90 days of the Effective Date, interest on the Stipulated Payment will accrue at a rate of 10% interest per annum.  The Stipulated Payment will be paid no later than the same maturity as POL under the Plan whether that maturity is April 1, 2021 or is extended to October 1, 2021.  In the event the Debtor fails to pay the Stipulated Payment as provided here, CBSG shall retain its full lien indebtedness in any State Court or Deed of Trust proceedings against the Debtor's real property. |

---

[3] The Modification Agreement as defined in the Plan and attached to the Disclosure Statement as Exhibit "K", a final copy of which was attached as Exhibit "1" to the Declaration of Ashley S. Aarons, annexed to the Confirmation Brief, was subsequently modified pursuant to the Addendum to Modification and Release Agreement on October 14, 2020, the Second Addendum to Modification and Release Agreement on November 6, 2020, the Third Addendum to Modification and Release Agreement on December 22, 2020, and the Fourth Addendum to Modification and Release Agreement on February 3, 2021, collectively referred to as "Addenda".  The Addenda, including the fully Executed Modification Agreement was signed by all parties and attached as **Exhibit "1"** to the Non-Material Modification Motion and is incorporated into the Plan in its entirety and hereafter referred to as the "Final Modification Agreement".

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

5

6222-000 Confirmation Order

EXHIBIT 1

| 2D | Claim 3 includes a secured claim against the Debtor's personal property as a result of a filed UCC-1. Upon receipt of the Stipulated Payment, in addition to reconveying the fourth priority lien against the Bel Air Property, CBSG will terminate the UCC Financing Statement against the Debtor's personal property. |

     e.     The treatment of Class 2C and 2E on page 23 of the Disclosure Statement shall be modified to provide for enough funds to be held in the Claims Reserve through closing on the financing by adding the following rows after the last row for 2C and 2E:

| 2C | In the event that the claim asserted by Lamorie is not resolved prior to closing on financing, Lamorie's lien shall be reconveyed, enough funds will be held in the Claims Reserve provided for in the Plan pending a resolution of the secured claims or a court order, and Lamorie's lien will attach to the funds with the same force, effect, validity and priority as the liens had with respect to the Bel Air Property prior to the financing, with any funds not used to be released for payment to the Debtor's administrative creditors. |
| 2E | In the event that the WSF/Forward Horizon's secured claim is not resolved prior to closing on financing, Forward Horizons' lien shall be reconveyed, enough funds will be held in the Claims Reserve provided for in the Plan pending a resolution of the secured claims or a court order, and Forward Horizons' lien will attach to the funds with the same force, effect, validity and priority as the liens had with respect to the Bel Air Property prior to the financing, with any funds not used to be released for payment to the Debtor's administrative creditors. |

     18.     The foregoing Plan modifications are hereby approved pursuant to 11 U.S.C. § 1127(a), without the need for any additional disclosure or re-solicitation under Rule 3019. Such modifications shall be deemed to be accepted by all Creditors.

     19.     The Plan, with the foregoing modifications, is hereby approved and confirmed in its entirety under 11 U.S.C. §§ 1129(a) and 1129(b). The failure to reference or discuss any particular provision of the Plan in this Confirmation Order shall have no effect on this Court's approval and authorization of, or the validity, binding effect and enforceability of, such provision, and each provision of the Plan, as modified by this Confirmation Order, is hereby expressly authorized and approved and shall have the same validity, binding effect and enforceability as every other provision of the Plan.

     20.     This Plan shall become effective ("Effective Date") on the 15th day following the entry of a non-stayed and non-appealed confirmation order on the docket, or, if that is not a business day, then the next business day.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6

EXHIBIT 1

6222-000 Confirmation Order

21.     Upon the Effective Date, the Plan will be deemed substantially consummated under 11 U.S.C. §§ 1101 and 1127(b).

22.     Costs owing by the Debtor to the Court Clerk, if any, shall be immediately paid if not already paid.  Fees owing to the United States Trustee, if any, will be paid as they may come due until the issuance of the final decree.

23.     On the Effective Date, the Debtor and/or the Disbursing Agent is authorized, empowered and directed to carry out the provisions of the Plan, distribute all property to be distributed pursuant to the terms of the Plan, and perform such other acts and execute documents as are necessary or appropriate in connection with the Plan and this Order, without the necessity of further Court order, and all such actions shall be deemed to be authorized.  If the Debtor proceeds with take-out financing as her option to implement the Plan, the Disbursing Agent will not be engaged, and the Debtor, and not J. Michael Issa, shall serve as Disbursing Agent as provided for and with all duties and authority set forth in Article I, Section D of the Plan.  If, for some reason, the Debtor does not proceed with such take-out financing, the Disbursing Agent shall be J. Michal Issa as provided for in Article III of the Plan.  Within fourteen days of the entry of this Order and prior to the Effective Date, the Debtor shall file a declaration with the Court regarding her election to proceed with the take-out financing option for implementation of the Plan.

24.     On the Effective Date, without the necessity of further Court order, the Debtor may employ or contract with other entities including attorneys or other professionals to assist in or to perform the distribution of all property to be distributed under the Plan, pursuant to the terms of the Plan.  After the Effective Date, costs and fees incurred by or to be paid by the Debtor's estate, including the costs and fees of professionals employed by the Debtor, shall be paid in the ordinary course of business without this Court's review and approval, with the exception of any costs and fees of professionals seeking reimbursement for services rendered prior to the date of entry of this Order.

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

7

EXHIBIT 1

6222-000 Confirmation Order

25.     On the Effective Date, the Debtor shall have the exclusive right to investigate and prosecute any and all claims of the bankruptcy estate, including any claims arising under any of §§ 542, 543, 544, 545, 546, 547, 548, 549 and 550 of the Bankruptcy Code, any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, or any other similar action or proceeding filed to recover property for or on behalf of the bankruptcy estate or to avoid a lien or transfer, and or any disputed claims against the bankruptcy estate (collectively the "Litigation Actions").  Without further notice, hearing or Court order the Debtor shall have sole and absolute discretion over whether to prosecute, settle or take action with respect to any Litigation Actions.  The Debtor may compromise or settle any Litigation Actions of the estate without further notice, hearing or Court order.

26.     Upon entry of this Order, all property of the bankruptcy estate, tangible and intangible, including licenses, furniture, fixtures and equipment, will vest pursuant to 11 U.S.C. § 1141(b) and (c), free and clear of all claims and equitable interests, except as provided by the Plan, to the Debtor.  From and after the Effective Date, the Debtor may acquire, and dispose of property and settle and compromise claims without supervision by the court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, other than restrictions expressly imposed by the Plan, this Order, and any document, agreement, or instrument delivered in connection with the Plan.

27.     As a result of confirmation of the Plan, the Debtor's previous obligations to creditors are modified and the terms of repayment of the claims shall be controlled by the Plan which incorporates that certain Modification and Release Agreement and Addenda ("Final Modification Agreement"), entered into by and between the Debtor, FCI Lender Services, Inc. and Patch of Land Lending LLC, as servicing agents for the current beneficiary, Wilmington Savings Fund Society, FSB, Not in its Individual Capacity But Solely as Trustee for Verus Securitization Trust 2020-NPL1, assignee/successor to Invictus Residential Pooler Trust 3A, its successors and/or assigns (collectively "POL").  The Final Modification Agreement is the final agreement in effect as of the date of this Order, a copy of which is attached as **Exhibit "1"** to the Non-Material Modification Motion and is incorporated into the Plan in its entirety.  To the extent there is a discrepancy between the Final Modification Agreement and the Plan, the Final Modification Agreement shall control.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

8

EXHIBIT 1

6222-000 Confirmation Order

On and after the Effective Date, notwithstanding the Final Modification Agreement, the first priority lien against the real property located at 984 Bel Air Road, Los Angeles, CA 90077 ("Bel Air Property") held by POL as of the date of commencement of the Debtor's bankruptcy case, shall not be altered or modified in any way by the Final Modification Agreement and any and all liens against the Bel Air Property that were junior to the lien of POL as of the date of commencement of the Debtor's bankruptcy case, including but not limited to the following liens, shall remain junior to and subordinated to the lien of POL.

    a.    $170,000 deed of trust in favor of beneficiary, James Haycock as Trustee of a Separate Trust, recorded on February 19, 2019, with Los Angeles County Recorder's Office as Instrument Number 20190144545;

    b.    $90,000 deed of trust in favor of beneficiary, M. Lamorie, recorded February 20,2019, with Los Angeles County Recorder's Office as Instrument Number 20190149730;

    c.    $481,857.75 Security Agreement in favor of Complete Business Solutions Group, Inc., recorded May 21, 2019, with Los Angeles County Recorder's Office as Instrument Number 20190462348; and

    d.    $25,000 deed of trust initially in favor of beneficiary, Western Star Financial, Inc., recorded July 16, 2019, with Los Angeles County Recorder's Office as Instrument Number 20190690920, and assigned to Forward Horizons, Inc. by assignment recorded August 12, 2019, as Instrument Number 20190802805.

    28.    The Final Modification Agreement, a final copy of which is attached as **Exhibit "1"** to the Non-Material Modification Motion, has been properly notice and served, and is hereby approved pursuant to Rule 9019. The Debtor is authorized to execute any and all documents to carry out the provisions contemplated in the Final Modification Agreement. After hearing evidence presented and argument of counsel, the Court has determined that it is in the best interest of the estate that said controversy be settled by compromise as set forth more fully in the Final Modification Agreement. Upon entry of this Order, POL has full relief from stay to enforce the Loan Documents, as modified by the Final Modification Agreement, without further hearing or order of the Court to exercise its rights in the event of a default post-confirmation. POL shall not

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

9

6222-000 Confirmation Order

EXHIBIT 1

be required to return to court to obtain a further order for relief in the event of a future default by Debtor of the Final Modification Agreement.  This paragraph of the Order shall override any conflicting provisions in the Plan, including, but not limited to any default notice provisions.  As set forth in the Final Modification Agreement, upon timely fulfilment of the Amended Conditions for Effectiveness of Modification, POL's claim shall be deemed amended as set forth more fully in the Final Modification Agreement, shall be valid and allowed as a fully secured claim, shall not be objected to by Debtor, shall not be subject to reduction in these bankruptcy proceedings or any other bankruptcy proceedings, and may not be modified by any state or federal court or regulatory body. The intent of this Order which approves the Final Modification Agreement as a full and final compromise of controversy, is that, upon timely fulfilment of the Amended Conditions for Effectiveness of Modification, the POL claim shall be modified as set forth therein and all claims of the Debtor and Debtor Parties (as defined in the Final Modification Agreement), known or unknown, shall be released as detailed more fully in Paragraph 6 of the Final Modification Agreement which is incorporated herein by reference.  Without any requirement to do so, POL may record this Order as evidence of Court approval of the Final Modification Agreement.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

29.    On or before the Effective Date, the Debtor may will pay all Class 2 Secured Creditor claims in amounts that holders of such claims may agree.  If the Debtor is unable to pay all Class 2 Secured Creditor claims on or before the Effective Date, the Debtor may elect instead to otherwise perform under the terms of the Plan

30.    The terms and provisions of this Order and the Plan are binding in all respects upon the Debtor, the bankruptcy estate, and each creditor whether or not the claim of such creditor is impaired under the Plan, and whether or not such creditor has accepted the Plan and all others holding or asserting claims.

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

10

EXHIBIT 1

6222-000 Confirmation Order

31.     With the exceptions noted below, any holder of an Administration Claim is required to file a request for payment of Administrative Claims.  The last day to file a request for payment of Administrative Claims is 28 days after the Effective Date.  Allowed Administrative Claims will be paid on or before the seventh business day after the order allowing such Administrative Claims becomes a final order, or on such date as the Debtor and the holder of such Administrative Claims may agree.  The failure of a holder of an Administrative Claim to file a request for payment of Administrative Claims within 28 days after the Effective Date will forever bar such holder of an administrative Claim from asserting its administrative Claim against the Debtor's bankruptcy estate. The exceptions are (i) any governmental unit holding an administrative claim for post-petition taxes and/or interest and penalties related to such taxes that are of the kind described in Bankruptcy Code Sections 503(b)(1)(B) and 503(b)(1)(C), shall not be required to file an administrative claim as a condition of its being an allowed administrative claim, and (ii) professionals employed by the Debtor who must instead file and serve a properly noticed fee application and the Court must rule on the fee application in accordance with the law.

32.     After confirmation, the Court retains and may exercise jurisdiction over proceedings concerning: (1) whether Debtor is in material default under the Plan, (2) whether the time for performing any Plan obligation should be extended, (3) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan or in the Disclosure Statement to be filed with the Court, (4) whether the case should be dismissed or converted to one under chapter 7, (5) any proceedings to allow or disallow claims or administrative expenses (the court will not review professional fees incurred after the Effective Date, unless otherwise stated in attached exhibits to the Plan or Disclosure Statement), (6) settlements or compromises under Rule 9019, (7) any proceedings under 11 U.S.C. §§ 110, 329, or 362, or regarding sanctions, and (8) any other proceedings, whether or not commenced or contemplated as of the Effective Date, regarding the implementation, interpretation, or enforcement of this Plan or the administration of the bankruptcy case or estate. This retention of jurisdiction, however, will end on the later of (a) two (2) years after the Effective Date, (b) as to any then-pending adversary proceeding or contested

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

11

EXHIBIT 1

6222-000 Confirmation Order

1   matter, when it is finally resolved by a judgment or order, or (c) as to an individual Debtor's

2   discharge, when that discharge is granted or denied by final order.

3       33.    If the Debtor's bankruptcy case is converted to one under chapter 7, the property of

4   the reorganized debtor, or of any liquidation or litigation trust, or of any other successor to the estate

5   under the plan, that has not been distributed under the plan shall be vested in the chapter 7 estate,

6   except for property that would have been excluded from the estate if this case had always been one

7   under chapter 7.

8       34.    As soon as practicable under Rule 3022, the Debtor shall file a motion with the court

9   to obtain a final decree to close this bankruptcy case, unless good cause is shown to keep this case

10  open. As long as the case is not closed, the Debtor must file status reports every 120 days explaining

11  what progress has been made towards substantial consummation of the confirmed plan. The status

12  report must be served on the United States Trustee, the twenty largest general unsecured creditors,

13  and those parties who have requested special notice. The post confirmation status report must

14  comply with the provisions of Local Bankruptcy Rule 3020-1(b).

15      35.    A Post Confirmation Status Conference will take place on _____, 2021 at

16  _____p.m.

17                                    # # #

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

12

EXHIBIT 1

6222-000 Confirmation Order

# EXHIBIT 2

James C. Bastian, Jr. - Bar No. 175415
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:    (949) 340-3000
Email:    JBastian@shulmanbastian.com
    RKido@shulmanbastian.com

Attorneys for Ashley Susan Aarons,
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:19-bk-18316-NB |
| **ASHLEY SUSAN AARONS dba Coffee Dog Entertainment,** | Chapter 11 |
| Debtor. | **STIPULATION BETWEEN DEBTOR AND DEBTOR IN POSSESSION AND THE RECEIVER FOR COMPLETE BUSINESS SOLUTIONS D/B/A PAR FUNDING FOR RESOLUTION OF CLAIM 3 AND MODIFIED TREATMENT UNDER THE CHAPTER 11 PLAN** |

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

1

EXHIBIT 2

**TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND OTHER PARTIES-IN-INTEREST AND THEIR COUNSEL:**

Ashley Susan Aarons dba Coffee Dog Entertainment, the debtor and debtor in possession ("Debtor") and Ryan Stumphauzer, in his capacity as the receiver ("Receiver") for the estates of the Receivership Entities[1] ("Receivership Estates") in the case of *Securities and Exchange Commission v. Complete Business Solutions Group, Inc. d/b/a Par Funding, et al.* (Debtor and Receiver are collectively referred to herein as the "Parties") hereby agree and stipulate to resolve Claim 3 and the treatment of CBSG under the terms of the Plan (defined below) based on the following:

## I.    RECITALS

1.    The Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on July 16, 2019 ("Petition Date").

2.    The Debtor is continuing in possession of her property, and operating and managing her financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.    As of July 16, 2019, the Plaintiff owned the residential real property located at 984 Bel Air Road, Los Angeles, CA 90077, Assessor Parcel No. 4370-027-008 ("Bel Air Property"), in Los Angeles County, California.  Title in the Property is vested in the Debtor as the Trustee of her revocable trust as follows: "Ashley S. Aarons, Trustee of the Ashley S. Aarons 2015 Trust Date May 15, 2015".

///

---

[1] The "Receivership Entities" are Complete Business Solutions Group, Inc. d/b/a Par Funding ("Par Funding"); Full Spectrum Processing, Inc.; ABetterFinancialPlan.com LLC d/b/a A Better Financial Plan; ABFP Management Company, LLC f/k/a Pillar Life Settlement Management Company, LLC; ABFP Income Fund, LLC; ABFP Income Fund 2, L.P.; United Fidelis Group Corp.; Fidelis Financial Planning LLC; Retirement Evolution Group, LLC;, RE Income Fund LLC; RE Income Fund 2 LLC; ABFP Income Fund 3, LLC; ABFP Income Fund 4, LLC; ABFP Income Fund 6, LLC; ABFP Income Fund Parallel LLC; ABFP Income Fund 2 Parallel; ABFP Income Fund 3 Parallel; ABFP Income Fund 4 Parallel; and ABFP Income Fund 6 Parallel; ABFP Multi-Strategy Investment Fund LP; ABFP Multi-Strategy Fund 2 LP; MK Corporate Debt Investment Company LLC; Capital Source 2000, Inc.; Fast Advance Funding LLC; Beta Abigail, LLC; New Field Ventures, LLC; Heritage Business Consulting, Inc.; Eagle Six Consulting, Inc.; 20 N. 3rd St. Ltd.; 118 Olive PA LLC; 135-137 N. 3rd St. LLC; 205 B Arch St Management LLC; 242 S. 21st St. LLC; 300 Market St. LLC; 627-629 E. Girard LLC; 715 Sansom St. LLC; 803 S. 4th St. LLC; 861 N. 3rd St. LLC; 915-917 S. 11th LLC; 1250 N. 25th St. LLC; 1427 Melon St. LLC; 1530 Christian St. LLC; 1635 East Passyunk LLC; 1932 Spruce St. LLC; 4633 Walnut St. LLC; 1223 N. 25th St. LLC; Liberty Eighth Avenue LLC; and The LME 2017 Family Trust; and the receivership also includes the properties located at 568 Ferndale Lane, Haverford PA 19041; 105 Rebecca Court, Paupack, PA 18451; and 107 Quayside Dr., Jupiter FL 33477.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

2

EXHIBIT 2

4.      On January 9, 2019, the Debtor executed a Security Agreement against the Bel Air Property in the amount of $481,857.75 ("Security Agreement") related to a Factoring Agreement with Complete Business Solutions Group, Inc. dba Par Funding ("CBSG") of the same date, which the Debtor requested be cancelled.

5.      On January 17, 2019, Plaintiff, as the sole proprietor for her dba Coffee Dog Entertainment ("Coffee Dog") entered into a Factoring Agreement with CBSG, whereby CBSG purchased Coffee Dog's accounts receivables for the amount of $312,094.30 with a Receipts Purchase Amount of $405,722.59 ("Consolidated Agreement"). Concurrent with her execution of the Consolidated Agreement, the Debtor executed additional loan documents and a personal guaranty.

6.      On May 21, 2019, the Security Agreement was recorded against the Bel Air Property in the Official Records of the County of Los Angeles, Document Number 2019-0462348 ("Bel Air DOT").

7.      On July 26, 2019, CBSG filed a proof of claim in this bankruptcy case, asserting a secured claim against the Bel Air Property in the amount of $395,594.07, which appears on the Claims Register as Claim 3-1 ("Claim 3"). The face of Claim 3 asserts that the basis of the claim is: "Factoring Agreement and Related Guaranty." Claim 3 asserts that the basis for the perfection of its claim is: "UCC-1 and Mortgages."

8.      The Debtor asserts that, as of January 11, 2019, after accounting for the total amount she asserted was actually funded for the Consolidated Loan, balances due on the 2018 Loan Agreements as December 31, 2018, and payments made totaling $38,117.41, the total owed to CBSG on the Petition Date was $269,205.81.

9.      The Debtor asserts that because the Security Agreement was recorded within ninety (90) days of the Petition Date, it is a preferential transfer pursuant to 11 U.S.C. § 547(b) and may be avoided and recovered for the benefit of the Debtor's bankruptcy estate ("Preferential Transfer Claim").

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

3

**EXHIBIT 2**

1    10.    On August 7, 2020, the Debtor filed her *Chapter 11 Disclosure Statement Dated*

2  *August 7, 2020* [docket 311] ("Disclosure Statement") and her *Chapter 11 Plan Dated August 7,*

3  *2020* [docket 313] ("Plan").

4    11.    The treatment of the Class 2D Secured Claim of CBSG is provided for in Exhibit A

5  to the Plan and is described in further detail in Exhibit H to the Disclosure Statement, which is

6  incorporated in the Plan by reference in Article I of the Plan.

7    12.    Exhibit A to the Plan provides that the estimated claim for CBSG is $395,594.07 and

8  that, under the Plan, CBSG will receive a monthly interest payment of $3,296.62 from October 1,

9  2020 to April 1, 2021, when a balloon payment will be due in the amount of $372,517.73.

10    13.    The treatment of CBSG (Class 2D) in Exhibit H to the Disclosure Statement currently

11  reads in pertinent part as follows:

| 2B – 2E | Pursuant to the Modification Agreement, the second, third, fourth and fifth lienholders on the Bel Air Property shall be subordinated to the first lienholder in order to ensure that POL's (defined below) first position lien on the Bel Air Property is not altered or modified in any way by the modification. |
| --- | --- |
| 2D | Commencing October 1, 2020, the fourth lienholder on the Bel Air Property, Complete Business Solutions Group, Inc. ("CBSG") will receive a monthly interest only payment at 10% per annum based on CBSG's allowed claim amount. All outstanding principal and interest due on the allowed claim amount will be paid in only installment payment to be made on or before April 1, 2021 in an amount to be approved by CBSG or further Court order. |
| 2D | The estimated claim is the amount of Claim 3 filed by CBSG. Claim 3 asserts a claim of $395,594.07 as of the Petition Date, however the Debtor believes that the amount owed is less. Claim 3 includes a secured claim against the Debtor's personal property as the result of a filed UCC-1, but given that Claim 3 will be paid in full through the refinance of the Bel Air Property, Claim 3 is listed as a secured claim against the Debtor's residence for purposes of the Plan. |
| 2D | The Debtor disputes the claim amount asserted by CBSG and believes the claim is an unsecured claim based on the recording of the deed of trust within 90 days of the Petition Date, and that the total amount of this claim is overstated and that the claim may be unenforceable in the amount stated. Further, the personal property is worth significantly less than the amount of the claim. As such, the Debtor intends to object to this claim before the Effective Date of the Plan. |

26  ///

27  ///

28  ///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

4

**EXHIBIT 2**

14.      On July 24, 2020, the Securities and Exchange Commission filed a *Complaint for Injunctive and Other Relief* against CBSG and related entities and individuals in the United States District Court, Southern District of Florida ("Florida Court"), commencing *Securities and Exchange Commission v. Complete Business Solutions Group, Inc. d/b/a Par Funding, et al.*, Case No. 9:20-cv-81205-RAR ("SEC Action").

15.      On August 13, 2020, the Florida Court entered its *Amended Order Appointing Receiver* [SEC Action, docket 141], appointing Ryan Stumphauzer, Esq. as the receiver ("Receiver") for the estates of the Receivership Entities. Section VIII of the Receiver Order provides that the following proceedings are stayed until further Order of the Florida District Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

Receivership Property is defined in Section II, paragraph 7 of the Receiver Order as "all property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly." Accordingly, the Bel Air DOT is Receivership Property and the Debtor was stayed from pursuing the Preferential Transfer Claim and was stayed from confirming her Plan as it impacts the CBSG Claim.

16.      The Receiver asserts that the Debtor is listed in the records of CBSG as an open Factoring Agreement account with an outstanding account receivable of $399,395.07, resulting in an unpaid cash exposure sum due to the Receivership Estate of $95,574.07.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

5

EXHIBIT 2

17. On February 6, 2021, the *Order Granting the Receiver's Combined Ninth Motion to Lift Litigation Injunction as to Certain Garnishment Proceedings, to Allow Receiver to Release or Remove Security Agreements, and to Authorize Receiver to Enter into a Settlement Agreement With Chapter 11 Debtor in Possession for Ashley Aarons d/b/a Coffee Dog Entertainment* [SEC Action, docket 487] ("Florida Lift Stay Order") was entered in the SEC Action.  The Florida Lift Stay Order provides as follows:

> Specifically, the litigation injunction set forth in the Court's Amended Order Appointing Receiver dated August 13, 2020 [ECF No. 141] is hereby lifted to authorize the Receiver to enter into the proposed Settlement Agreement with the Chapter 11 Debtor, Ashley Aarons d/b/a Coffee Dog Entertainment to promote the confirmation of the Debtor's Chapter 11 Plan of Reorganization; however, nothing herein shall be deemed to authorize any third party to seek relief or otherwise avoid the Bankruptcy Plan Confirmation in an attempt to assert a right to foreclose its lien with the intent to assert a position detrimental to the Receivership's position as set forth in the proposed settlement with the Chapter 11 Debtor.

18. The Parties agree that it is in their best interests to resolve all disputes, claims, demands and causes of action related to Claim 3 and the Preferential Transfer Claim by way of settlement, rather than through litigation, and therefore it is their intention and desire at this time to settle in the manner and upon the terms and conditions set forth in this Stipulation, it being specifically understood and agreed that none of the above Recitals, nor any and all acts which are to be performed pursuant to this Stipulation, shall be construed in any way as a concession and/or admission by any of the Parties of the truth of any of the allegations which have been made by or against any of the Parties.

## II. <u>STIPULATION</u>

Accordingly, the Debtor and Receiver agree and stipulate to the following:

1. <u>Modification to CBSG's Treatment Under the Plan</u>: The Parties agree that Exhibit A to the Plan will be revised and restated to provide for a payment of $75,000.00 on April 1, 2021 to CBSG (Class 2D) and otherwise be subject to additional terms as set forth below.  Exhibit H to the Disclosure Statement will be modified such that the above four rows in Exhibit H shall be replaced with the below, which provides further details as to the treatment of CBSG (Class 2D) as follows:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

6

EXHIBIT 2

| | |
|---|---|
| 2B – 2E | Pursuant to the Modification Agreement, the second, third, fourth and fifth lienholders on the Bel Air Property shall be subordinated to the first lienholder in order to ensure that POL's (defined below) first position lien on the Bel Air Property is not altered or modified in any way by the modification. |
| 2D | Complete Business Solutions Group ("CBSG") shall retain a lien in the fourth priority position on the Bel Air Property. CBSG has agreed to fully resolve Claim 3 filed by CBSG in the Plan for payment by the Debtor or her bankruptcy estate in the total sum of $75,000.00 ("Stipulated Payment "). If the Stipulated Payment is not paid within 90 days of the Effective Date, interest on the Stipulated Payment will accrue at a rate of 10% interest per annum. The Stipulated Payment will be paid no later than the same maturity as POL under the Plan whether that maturity is April 1, 2021 or is extended to October 1, 2021. In the event the Debtor fails to pay the Stipulated Payment as provided here, CBSG shall retain its full lien indebtedness in any State Court or Deed of Trust proceedings against the Debtor's real property. |
| 2D | Claim 3 includes a secured claim against the Debtor's personal property as a result of a filed UCC-1. Upon receipt of the Stipulated Payment, in addition to reconveying the fourth priority lien against the Bel Air Property, CBSG will terminate the UCC Financing Statement against the Debtor's personal property. |

2.    Execution of Additional Documents: The Parties agree that they will execute any and all additional documents and take all additional steps which may be necessary or convenient to consummate this settlement and accomplish the purposes thereof.

3.    Attorneys' Fees and Costs: Each Party hereto shall bear their own attorneys' fees, expenses, and costs incurred in connection with the disputes between the Parties hereto and in the preparation of this Stipulation. In the event of any action or proceeding brought by either Party against the other under this Stipulation, the prevailing Party shall be entitled to recover for the fees of its attorneys in such action or proceeding, including costs of appeal, if any, in such amount as the court may adjudge reasonable as attorneys' fees.

4.    Integration of Entire Agreement: This Stipulation contains the entire agreement of the Parties, and no representations, warranties, inducements or promises not included herein by express provision or contained in a document or instrument identified herein and executed contemporaneously herewith shall be binding on any party hereto.

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG) docx

7

EXHIBIT 2

5.  Counterparts:  This Stipulation may be executed in any number of original, scanned, faxed or copied counterparts, and all counterparts shall be considered together as one agreement.  A scanned, faxed or copied counterpart shall have the same force and effect as an original signed counterpart.  Each of the Parties hereby expressly forever waives any and all rights to raise the use of a scanner, fax or copier machine to deliver a signature, or the fact that any signature or agreement or instrument was transmitted or communicated through the use of a scanner, fax or copier machine, as a defense to the formation of a contract.

6.  Governing Law: This Stipulation is to be governed by and construed in accordance with federal bankruptcy law, to the extent applicable, and where state law is implicated, the laws of the State of California shall govern.

7.  Jurisdiction of the Bankruptcy Court:  Should any dispute arise regarding this Stipulation, the United States Bankruptcy Court for the Central District of California, Los Angeles Division, shall have exclusive jurisdiction to determine the same.  Further, if a dispute arises, such dispute may initially be resolved through any mediation program pending in the Bankruptcy Court for the Central District of California.

8.  Ownership of Claims: Each of the Parties to this Stipulation expressly warrants and represents that it is the sole and lawful owner of all right, title and interest in and to every claim and other matter which it purports to release herein, and it has not assigned or transferred, or purported to assign or transfer to any person or entity any claims or other matters herein released.

///

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

8

EXHIBIT 2

9.    <u>Representation of Comprehension</u>:  In entering into this Stipulation, the Parties represent that they have relied upon the legal advice of their attorneys, who are the attorneys of their own choice, and that these terms are fully undertaken and voluntarily accepted by them.  The Parties further represent that they have no question with regard to the legal import of any term, word, phrase, or portion of this Stipulation, or the Stipulation in its entirety, and accept the terms of this Stipulation as written.

**IT IS SO STIPULATED AND AGREED.**

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: February 10, 2021    By:      /s/ Rika M. Kido

    James C. Bastian, Jr.
    Rika M. Kido
    Attorneys for Ashley Susan Aarons,
    Debtor and Debtor in Possession

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP**

DATED: February 10, 2021    By:

    Richard J. Parks
    Attorney in fact for Ryan Stumphauzer, in his
    capacity as Court-Appointed Receiver of the
    Receivership Entities in the case of *Securities and
    Exchange Commission v. Complete Business
    Solutions Group, Inc. d/b/a Par Funding, et al.*,
    not as a licensed attorney admitted to appear
    before this Court

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

6222-000/92/Stip to Modify Plan (CBSG).docx

9

**EXHIBIT 2**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 100 Spectrum Center Drive, Suite 600, Irvine, CA 92618.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF (1) PROPOSED ORDER CONFIRMING DEBTOR'S CHAPTER 11 PLAN DATED AUGUST 7, 2020; AND (2) FINAL EXECUTED STIPULATION BETWEEN DEBTOR AND DEBTOR IN POSSESSION AND THE RECEIVER FOR COMPLETE BUSINESS SOLUTIONS D/B/A PAR FUNDING FOR RESOLUTION OF CLAIM 3 AND MODIFIED TREATMENT UNDER THE CHAPTER 11 PLAN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  **February 10, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **February 10, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Counsel for Ryan Stumphauzer, Receiver for the**
**Receivership Entities in the case of Securities and Exchange**
**Commission v. Complete Business Solutions Group, Inc.**
**d/b/a Par Funding, et al.,**
Richard J. Parks, Esq.
Pietragallo Gordon Alfano Bosick & Raspanti LLP
Email: RJP@Pietragallo.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| February 10, 2021 | Anne Marie Vernon | */s/ Anne Marie Vernon* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                     **F 9013-3.1.PROOF.SERVICE**

## NEF SERVICE LIST

- **Brandon J Anand**    brandon@anandlaw.com, r52959@notify.bestcase.com,info@anandlaw.com
- **Julian K Bach**    Julian@Jbachlaw.com, julianbach@sbcglobal.net
- **James C Bastian**    jbastian@shulmanbastian.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **John-Patrick McGinnis Fritz (TR)**    jpftrustee@lnbyb.com, jpf@trustesolutions.net
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Marjorie M Johnson**    mmjesq@yahoo.com, ca.ecf@aislegaltrac.com
- **Rika Kido**    rkido@shulmanbastian.com, avernon@shulmanbastian.com
- **Dare Law**    dare.law@usdoj.gov
- **Alvin Mar**    alvin.mar@usdoj.gov, dare.law@usdoj.gov
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Susan I Montgomery**    susan@simontgomerylaw.com, assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.best case.com
- **Donna T Parkinson**    donna@parkinsonphinney.com
- **Eric Ridley**    ridley.eric@gmail.com, r41626@notify.bestcase.com
- **Karel G Rocha**    krocha@pnbd.com, srichards@pnbd.com
- **Joshua L Scheer**    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com
- **Valerie Smith**    claims@recoverycorp.com
- **Patricia N Syverson**    , tdinardo@bffb.com
- **Todd L Turoci**    mail@theturocifirm.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com
- **Reilly D Wilkinson**    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**