1 | Donna T. Parkinson, State Bar No. 125574
2 | Thomas R. Phinney, State Bar No. 159435
  | **Parkinson Phinney**
3 | 3600 American River Drive, Suite 145
  | Sacramento, CA 95864
4 | (916) 449-1444
  | (916) 449-1440 – Facsimile
5 | donna@parkinsonphinney.com

6 | Attorneys for Defendant/Secured Creditor
  | James Haycock

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ASHLEY SUSAN AARONS,<br><br>Debtor,<br>_____<br><br>ASHLEY S. AARONS, an individual and as trustee for ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015,<br><br>Plaintiff<br><br>vs.<br><br>JAMES HAYCOCK, an individual and as trustee of a Separate Trust; MORTGAGE LENDER SERVICES, INC., a California corporation; all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 10 to 100, inclusive,<br><br>Defendants | **Case No. 2:19-bk-18316-NB**<br><br><br><br><u>**NOTICE OF REMOVAL**</u><br>[Fed. R. Bankr. Proc. 9027; Local Rule 9027-1]<br><br>**Adversary Proc. No.:** |

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES TO THE REMOVED ACTION, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** James Haycock ("Haycock"), in his capacity as a junior secured creditor holding a lien (the "Lien") against real property commonly known as 984

Bel Air Road, Los Angeles, California 90077 (the "Property"), which Lien and Property are subject to the terms of a confirmed, but still pending, Chapter 11 Plan in United States Bankruptcy Court, Central District of California, Western Division, Case Number 2:19-bk-18316-NB (the "Bankruptcy Case"), pursuant to Local Rule 9027-1, Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 157, 1334 and 1452, hereby removes California Superior Court, Los Angeles County Case No. 21STCV33678 (the "State Court Action"), entitled "ASHLEY S. AARONS, an individual and as trustee for ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015 versus JAMES HAYCOCK, an individual and as trustee of a Separate Trust; MORTGAGE LENDER SERVICES, INC., a California corporation; all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 10 to 100, inclusive," to the United States Bankruptcy Court, Central District of California, Los Angeles Division.  Ashley Aarons is hereafter referred to as (the "Debtor").

## STATEMENT OF FACTS REGARDING BASIS FOR REMOVAL (FED. R. BANKR. PROC. 9027(A)(1)

1. The Debtor commenced the voluntary Bankruptcy Case on July 17, 2019 (Bankruptcy Case Docket No. ["DN"] 1).  The Court issued on February 11, 2021, an Order Confirming Debtor's Chapter 11 Plan Dated August 7, 2020 (DN 390).  The Plan incorporated terms and several exhibits, modifying the terms for Haycock's promissory note and deed of trust secured by the Property.  The Plan also incorporated an extensive settlement agreement modifying the first note and deed of trust, the value of which is currently in excess of $4,000,000.  Haycock's note and deed of trust (in second position) has a current value in excess of $200,000.

2. The Chapter 11 Plan also included terms requiring payment in full of the first note and Haycock's second note no later than April 1, 2021, which did not occur.  The Plan terms also provided for no further automatic stay pursuant to 11 U.S.C. § 362(a) if the payments did not occur.

3. The Bankruptcy Court initially granted Haycock relief from the automatic stay under 11 U.S.C. 362(d) on March 13, 2020, and Haycock recorded a Notice of Default on April 16, 2020.  Haycock rescinded the Notice of Default as part of the Chapter 11 Plan

terms. After the Debtor failed to comply with the Plan term payments and in accordance with relief granted by the Plan terms, Haycock recorded a second Notice of Default on April 15, 2021 and recorded a Notice of Foreclosure Sale on September 3, 2021, setting the sale date for September 30, 2021.

4. The Debtor raised the issues that she is now alleging in the State Court Action with the Bankruptcy Court in a Declaration supporting her third post confirmation status conference report. (DN 438). The Bankruptcy Court instructed her in a Post-Confirmation Status Conference hearing on August 17, 2021 to file any pleadings in connection with her claims by September 1, 2021.

5. Instead, the Debtor filed the State Court Action, a true and correct copy of which is attached hereto as <u>Exhibit A</u>, on September 14, 2021, making no mention whatsoever of the Bankruptcy Case.

6. Jurisdiction is proper pursuant to 28 U.S.C § 1334, because the Property is property of the Debtor's bankruptcy estate, and the terms of the underlying note and deed of trust are now governed by the confirmed, but still pending, Chapter 11 Plan. Thus, the claims relate to the pending Bankruptcy Case. Removal of the State Court Action is appropriate pursuant to the provisions of 28 U.S.C. § 1452. Venue is appropriate as the Central District Bankruptcy Court of California is the District for Los Angeles County, where the State Court Action was pending, where the Property is located, and where the Bankruptcy Case is pending.

7. Haycock consents to entry of final orders or judgments by the Bankruptcy Court.

**Respectfully Submitted,**

Dated: September 17, 2021    **PARKINSON PHINNEY**

By: *Donna T. Parkinson*
Donna T. Parkinson, Attorneys for James Haycock as Trustee of a Separate Trust