Electronically FILED by Superior Court of California, County of Los Angeles on 09/13/2021 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams, Deputy Clerk
21STCV33678
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maurice Leiter

d'attaraylaw | law office of mainak d'attaray
Mainak D'Attaray (Bar No. 283999)
3780 Kilroy Airport Way, Suite 200
Long Beach, California 90806

<u>*All Notices, Correspondence and Pleadings to:*</u>
10262 Foothill Boulevard
Like View Terrace, California 91342

Telephone: (424) 703-5294
Facsimile: (855) 706-5294
E-mail: mdattaray@dattaraylaw.com

*Attorneys for Plaintiffs Ashley S. Aarons and as trustee of the Ashley S. Aarons 2015 Trust Dated May 15, 2015*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES—CENTRAL JUDICIAL DISTRICT

| | |
|---|---|
| ASHLEY S. AARONS, an individual and as trustee for ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HAYCOCK, an individual and as trustee of a Separate Trust; MORTGAGE LENDER SERVICES, INC., a California corporation; all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 21STCV33678<br>[UNLIMITED CIVIL JURISDICTION]<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON:**<br>1. **QUIET TITLE;**<br>2. **CANCELLATION OF INSTRUMENT;**<br>3. **WRONGFUL FORECLOSURE;**<br>4. **SLANDER OF TITLE; AND**<br>5. **UNLAWFUL, FRAUDULENT, AND UNFAIR BUSINESS PRACTICES;**<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** plaintiff Ashley S. Aarons, on behalf of herself as trustee of the Ashley S. Aarons 2015 Trust Dated May 15, 2015 ("Plaintiff") and complains as to defendants, and each of them, as follows:

### JURISDICTION AND VENUE

1. The transactions and events which are the subject matter of the Complaint all

1
**COMPLAINT**

1. occurred within the County of Los Angeles, State of California.

2. The subject property giving rise to the lawsuit is known as 984 Bel Air Road, Los Angeles, California 90077, assessor's parcel number 4370-027-008 ("Subject Property" or "Property"). Plaintiff Ashley S. Aarons resides at the Property, as her primary and sole residence.

3. The Legal Description for the Subject Property, in relevant part, describes it as:

THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL A OF PARCEL MAP NO. 3707, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 98 PAGE(S) 62 AND 63 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 4370-027-008

**PARTIES**

4. Ashley S. Aarons, on behalf of herself as trustee of the Ashley S. Aarons 2015 Trust Dated May 15, 2015 ("Plaintiff" and/or "Aarons"), is and was at all times relevant to this action, a resident of the County of Los Angeles. Aarons is the true and legal title holder to the Subject Property since at least September 16, 2015.

5. Defendant James Haycock ("Haycock") is an individual, a junior lien holder on the Subject Property pursuant to the Deed of Trust made February 14, 2019, a true copy of which is attached and incorporated here as Exhibit 1, and a resident of the State of Texas—11301 Taylor Draper Lane, No. 2, Austn, Texas 78759.

6. Defendant Mortgage Lender Services, Inc., ("MLSI") is a California corporation [Entity No. 200701610110], with its principal place of business at 7844 Madison Avenue, Suite 145, Fair Oaks, California 95268, and the foreclosure trustee conducting the trustee's sale. Haycock and MLSI shall be referred to, collectively, hereafter as "Defendants."

7. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend their Complaint to allege their true names and capacities when ascertained.

**COMPLAINT**

Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the injuries to Plaintiff alleged herein, and that such injuries as herein alleged were proximately caused by such defendants.

8. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, that each of the defendants were the agents, employees, partners, joint venturers, co-conspirators, successors or predecessors in interest, owners, principals, and employers of the remaining defendants, and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy. Plaintiff is further informed and believes, and based thereon alleges, that the acts and conduct herein alleged of each such defendant were known to, authorized by, and/or ratified by the other defendants, and each of them.

9. Whenever in the Complaint an act or omission of a corporation or business entity is alleged, said allegation shall be deemed to mean and include an allegation that the corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

10. The defendants named herein as "all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests" are unknown to Plaintiff. These unknown defendants, and each of them, claim some sort of interest, right, estate, lien, in the Property adverse to Plaintiff' interests, and their claims, and each of them, constitute a cloud on Plaintiff's interest in the Property.

11. MLSI has never been properly substituted as trustee for the Property pursuant to the Deed of Trust and California law. Since there is no lawful substitution of trustee naming MLSI as trustee, the foreclosure sale date of the Property is void and MLSI has no authority, legal or otherwise, to conduct the foreclosure sale of the Subject Property pursuant to the power of sale in the Deed of Trust. Additionally, Defendants never recorded or properly served a Notice of Sale and attempted to sell the Subject Property at auction without proper notice in violation of California law.

12. The foreclosure sale of Plaintiff' Property is wrongful in that the trustee, MLSI, that scheduled the sale was not the proper trustee to so notice the default, the notice of default ("NOD") is deficient, and therefore the sale of the Subject Property is void as a matter of law.

13. The scheduled foreclosure sale of the Subject Property is void and thus tender is not required to state a cause of action for quiet title as alleged below.

## JURY TRIAL DEMAND

14. Plaintiff requests a jury trial on all issues so entitled in this matter.

## BACKGROUND FACTS

15. From approximately September 16, 2015 through present, Plaintiff is the legal title holder and owner of the Property pursuant to a Grant Deed, recorded on September 16, 2015 as Instrument No. 19900914001440500 in the Los Angeles County Recorder's Office. On February 14, 2019, Aarons, on behalf of the Ashley S. Aarons 2015 Trust Dated May 15, 2015, executed a Deed of Trust, which was recorded on February 19, 2019 with the Los Angeles County Recorder's Officer as Instrument No. 20190144545, ("DOT") in favor of Haycock. A true copy of the Deed of Trust is attached and incorporated here as **Exhibit 1**.

16. The loan underlying the DOT was made between James Haycock and Aarons as a consumer loan on her primary residence—the Subject Property—in the amount of $170,000.00, with usurious interest of 25% in violation of California law.

17. The DOT required a balloon payment of the entire stated principal amount of $170,000.00 by August 14, 2019. On September 17, 2019, Aarons was current on this loan but filed bankruptcy to prevent other creditors from foreclosing on her principal residence.

18. Haycock, who had induced Aarons to sign the DOT as security for her to make payments to Haycock and the DOT would remain a silent security interest as a "backup" in the event Aarons did not satisfy her debt obligations to Haycock.

19. On April 15, 2021, unbeknownst to Aarons, Haycock issued a Notice of Default [Doc. No. 20210595547] ("NOD") although Aarons was not in default of her obligations to Haycock. A true copy of the NOD, recorded April 15, 2021, is attached and incorporated here as **Exhibit 2**. The NOD is prima facie defective in violation of Code of Civil Procedure section 2923.3,

4
**COMPLAINT**

which requires the recorded notice of default contain an attached separate summary document of the notice of default in English and other languages. *See* Cal. Civ. Proc. Code § 223.3(a).

20. Aarons never received a copy of the NOD nor any summary statement. In the course of her vigilance, Aarons discovered the NOD was recorded but that no summary statement was attached to the recorded copy or provided to her. The document was defective on its face.

21. On June 10, 2021, Aarons sent via certified mail a forbearance request to Haycock in accordance with Civil Code Division 3 Part 4 Title 19-Covid-19 Small Landlord & Homeowner Relief Act of 2020 as her tenants filed covid-declarations and have not paid rent which has caused her to fall behind on her mortgage with the first lender. This law says Aarons can obtain a temporary restraining order ("TRO") and preliminary injunction if she is adversely affected by Covid. It is non-waivable and allows Plaintiff to obtain an order for a preliminary injunction, reasonable attorney's fees, and damages.

22. MLSI and Haycock are proceeding unabated with their foreclosure of the Property despite the defects in the DOT, the request for loan modification or forbearance, other relief pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11, and despite the fact that from September 1, 2020 to September 1, 2021, Plaintiff has made all required mortgage payments to Haycock. On September 3, 2021, Haycock recorded a notice of trustee's sale scheduled for September 30, 2021 for $215,997.62 on his junior lien on a $6 million home. A true copy of the notice of trustee's sale ("NOS") [Instrument No. 20211356342] is attached and incorporated here as **Exhibit 3**.

23. Prior to the scheduled non-judicial foreclosure sale date of the Property on September 30, 2021, Plaintiff, through her agents, caused all defendants to be placed on notice that there was a dispute that clouds title between Plaintiff and Defendants Haycock and MLSI, who scheduled the Property to be sold at public auction in violation of California law. Moreover, there is an order issued by the United States District Court from the Southern District of Florida, which prevents

> any third party to seek relief or otherwise avoid the Bankruptcy Plan Confirmation in an attempt to assert a right to foreclose its lien with the intent to assert a position detrimental to the Receivership's position as set forth in the proposed settlement with the Chapter 11 Debtor.

5

**COMPLAINT**

A true copy of the Order issued in *Securities and Exchange Commission v. Complete Business Solutions Group, Inc., et al.*, Case No. 20-CIV-81205-RAR (S.D. Fla. 2020) is attached and incorporated here as **Exhibit 4**.

### FIRST CAUSE OF ACTION

### (QUIET TITLE)

### (Against James Haycock and DOES 1 through 100, inclusive)

24. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23 as if the same were fully set forth herein.

25. Plaintiff seeks to quiet title to the Subject Property

26. Plaintiff seeks to quiet title in the name of the Ashley S. Aarons 2015 Trust Dated May 15, 2015, against the adverse claims of all defendants, whose claims to the Property are without right, and said defendant should have no right, title, estate lien or interest in the Property. Plaintiff seeks to quiet title as of September 16, 2015.

27. Plaintiff names as defendants in her action all persons unknown claiming (a) any legal or equitable right, title, estate, lien, or interest in the Property adverse to her title, or (b) any cloud on her title to the Property. The claims of each unknown defendants are without any right, and these defendants have no right, title, estate, lien or interest in the Property.

28. Plaintiff desires and is entitled to a judicial declaration quieting title in the name of the Ashley S. Aarons 2015 Trust Dated May 15, 2015 as of September 16, 2015.

29. The conduct of Defendants, as alleged in this Complaint and incorporated herein by reference and each of them was deliberate, willful, purposeful, done with blatant disregard of the financial and emotional ramifications that would surely befall Plaintiff as a result of their conscious acts and omissions, and was a proximate cause of her suffering damages in an amount to be proven at trial.

30. To the extent defendant Haycock recorded any documents affecting title to the Property since the illegal NOD recorded on April 15, 2021, Haycock did not obtain title to the Property with "clean hands." Rather, Haycock recorded fraudulent and defective documents, notices of default and trustee's deeds upon sale as illicit and improper instruments against the title to the

Property. Defendants Haycock and MLSI proceeded to schedule the foreclosure sale and recorded a Notice of Default of the Property without proper title or right to do so.

31. Defendants' actions have been willful, malicious, oppressive, fraudulent and done with complete disregard to Plaintiff's rights under California law. As a result, Plaintiff's rights have been severely prejudiced, and now seek redress for the injuries sustained.

32. Plaintiff further believes and upon such belief alleges that Defendants, and each of them, allegedly recorded documents against title to the Subject Property through fraud and wrongful conduct and failed to adhere to strict statutory requirements to effectuate the foreclosure sale of the Subject Property.

33. Accordingly, the Court should rule that the Subject Property remains Plaintiff's Property and award consequential damages as proven at trial, but not less than the jurisdictional minimum.

## SECOND CAUSE OF ACTION

## (CANCELLATION OF INSTRUMENT)

**(Against Defendants Haycock, MLSI, and DOES 1 through 100, inclusive)**

34. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33 as if the same were fully set forth herein.

35. Defendants Haycock and MLSI recorded the April 15, 2021 NOD and the subsequent September 3, 2021 NOS against the title to the Property without proper notice, authority or right. Each of those notices are invalid, improper and recorded without right or justification.

36. Plaintiff Aarons is the legal and beneficial owner of the Property, and no other party can claim the same or similar interest. None of the instruments recorded by fraud and/or mistake, are attributable to Plaintiff Aarons.

37. The following instruments were recorded without right or justification:

— Notice of Default, recorded on April 15, 2021, with the County of Los Angeles Recorder's Office as Instrument No. 20210595547 against the Ashley S. Aarons 2015 Trust Dated May 15, 2015; and

— Notice of Trustee's Sale, recorded on September 3, 2021, with the County of

7

**COMPLAINT**

Los Angeles Recorder's Office as Instrument No. 20211356342 against the Ashley S. Aarons 2015 Trust Dated May 15, 2015.

38. If the above instruments at paragraph 37 are left outstanding, Plaintiff Aarons may be required to pay them or defend lawsuits based on them, and by refusing to pay them, Plaintiff Aarons may damage her creditworthiness. In fact, based on these recorded instruments, Plaintiff has already been denied refinancing of the very indebtedness Haycock seeks to illicitly foreclose.

39. Defendant therefore seeks cancellation of each instrument recorded by Haycock and MLSI against the title to the Property.

## THIRD CAUSE OF ACTION

## (WRONGFUL FORECLOSURE)

**(Against Haycock, MLSI, and DOES 1 through 100, inclusive)**

40. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 39 above as though fully set forth herein.

41. Defendants Haycock and MLSI are forcing an illegal, fraudulent, and willfully oppressive sale of the Property pursuant to the power of sale clause in the DOT.

42. Plaintiff has been harmed, and stands to be further harmed, and prejudiced by Defendants' conduct by losing the Subject Property to foreclosure and causing Plaintiff further monetary damages and costs.

43. Plaintiff is not required to tender because any scheduled foreclosure sale of the Subject Property is void based on the defective NOD recorded April 15, 2021.

44. Defendants Haycock and MLSI have a duty to follow California law with respect to its foreclosure and loan servicing activities. On April 15, 2021, unbeknownst to Aarons, Haycock recorded a defective NOD although Aarons was not in default of her obligations to Haycock. The NOD was prima facie defective in violation of Code of Civil Procedure section 2923.3, which requires the recorded notice of default contain an attached separate summary document of the notice of default in English and other languages. *See* Cal. Civ. Proc. Code § 223.3(a). Aarons never received a copy of the NOD nor any summary statement. In her vigilance, Aarons discovered the NOD was recorded but that no summary statement was attached to the recorded copy or provided to

her.

45. On June 10, 2021, Aarons sent via certified mail a forbearance request to Haycock in accordance with Civil Code Division 3 Part 4 Title 19-Covid-19 Small Landlord & Homeowner Relief Act of 2020 as her tenants filed covid-declarations and have not paid rent which has caused her to fall behind on her mortgage with the first lender. This law says Aarons can obtain TRO and preliminary injunction if she is adversely affected by Covid. It is non-waivable and allows Plaintiff to obtain an order for a preliminary injunction, reasonable attorney's fees, and damages. Haycock dismissed her request.

46. MLSI and Haycock are proceeding unabated with their foreclosure of the Property despite the defects in the NOD, the request for forbearance, or other relief pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11, and despite the fact that from September 1, 2020 to September 1, 2021, Plaintiff has made all required mortgage payments to Haycock.

47. Defendants breached their duties of care owed to Plaintiff by engaging in dual tracking and foreclosing on the Property while there was an active request for loan modification or forbearance to Haycock. As a result, Plaintiff was harmed and prejudiced.

48. As a result of the above-described breaches and wrongful conduct by Defendants, Plaintiff has suffered general and special damages in an amount according to proof at trial, but not less than the jurisdictional minimum.

**FOURTH CAUSE OF ACTION**

**(SLANDER OF TITLE)**

**(Against Defendants Haycock, MLSI, and DOES 1 through 100, inclusive)**

49. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 48 as if the same were fully set forth herein.

50. Title to the Property should rest in the name of the Ashley S. Aarons 2015 Trust Dated May 15, 2015 as of September 16, 2015.

51. Defendants Haycock and MLSI did not obtain title or interest to the Property with "clean hands." Rather, these defendants recorded fraudulent and defective documents—notices of

default and trustee's deed upon sale—against the title to the Property. Defendants Haycock and MLSI proceeded to schedule the foreclosure sale and recorded a Notice of Default without proper title or right to do so.

52. Defendants' actions have been willful, malicious, oppressive, fraudulent and done with complete disregard to Plaintiff's rights under California law. As a result, Plaintiff' rights have been severely prejudiced, and now seek redress for the injuries sustained.

53. Plaintiff further believes and upon such belief allege that Defendants, and each of them, allegedly recorded documents against title to the Subject Property through fraud and wrongful conduct and failed to adhere to strict statutory requirements.

54. As a result of the above-described breaches and wrongful conduct by Defendants, Plaintiff have suffered general and special damages in an amount according to proof at trial, but not less than the jurisdictional minimum.

**FIFTH CAUSE OF ACTION**

**(VIOLATION OF UCL)**

**(Against All Defendants)**

55. Plaintiff realleges and incorporates herein by reference the allegations made in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56. California Business and Professions Code section 17200, *et seq*., ("UCL") prohibits acts of unlawful, unfair, and/or fraudulent competition within the meaning of Section 17200.

57. Unlawful prong claims are based on a violation of an underlying statute.

58. Plaintiff alleges that Defendants are proceeding unabated with their foreclosure of the Property despite the defects in the DOT, the request for loan modification or forbearance, other relief pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11, and despite the fact that from September 1, 2020 to September 1, 2021, Plaintiff has made all required mortgage payments to Haycock. Moreover, Defendants are proceeding in violation of a standing injunction and order issued by the United States District Court for the Southern District of Florida. *See* Exhibit 4.

59. The unfair prong of the UCL makes unlawful practices that violate legislatively stated

public policy even if the practice is not technically prohibited by statute and prohibits practices that are "immoral, unethical, [or] oppressive."

60. Plaintiff alleges that by proceeding with the foreclosure sale of the Property and recording a defective NOD when Plaintiff has made all required mortgage payments to Haycock violates the unfair prong of the UCL.

61. The fraudulent prong of the UCL prohibits fraudulent practices that are likely to deceive the public.

62. Plaintiff alleges that Defendants' practice of failing and/or concealing to inform Plaintiff of her rights to a forbearance, refusing to provide her with an accounting, a separate summary statement, despite Plaintiff's request, and simultaneously proceeding with the sale of the Property is likely to deceive the public.

63. Plaintiff believes and upon such belief alleges that Defendants' unfair, unlawful, and fraudulent business practices and false and misleading conduct present a continuing threat to members of public in that other consumers will be defrauded into having their property improperly sold at foreclosure. Plaintiff and other members of the general public have no other adequate remedy of law.

64. Plaintiff is therefore entitled to an injunction and attorney's fees as available under California Business and Professions Code section 17200 and related sections. These acts and practices, as described in the previous paragraphs, are unfair and violate Business and Professions Code section 17200, *et seq.*, because Defendants' policies and practices described above violate all statutes previously listed and consequently, constitute and unlawful business act of practice within the meaning of Business and Professions Code section 17200, *et seq.*

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For a declaration of the rights and duties of the parties, specifically that the foreclosure of the Subject Property is wrongful and illegal.

2. For a declaration that the Ashley S. Aarons 2015 Trust Dated May 15, 2015, is the true and rightful owner of the Subject Property.

3. To quiet title in favor of the Ashley S. Aarons 2015 Trust Dated May 15, 2015, and against *these* Defendants.

4. For cancellation of instruments; that each of the fraudulent and erroneous instruments identified above be declared void.

5. For compensatory, special, and general damages in an amount according to proof at trial, but not less than the jurisdictional minimum, against all Defendants.

5. For punitive damages in an amount to be determined by the Court against Defendant Haycock.

6. For disgorgement of profits.

7. Pursuant to Business and Professions Code section 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be temporarily and permanently enjoined from committing any acts of unfair competition in violation of Section 17200, *et seq.*, including, but not limited to, the violations alleged herein and any continued sale and/or listing of the Property.

8. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorney's fees according to proof.

9. For reasonable attorney's fees and costs pursuant to statute and/or agreement.

DATED: September 11, 2021

d'attaraylaw |
law office of mainak d'attaray

Mainak D'Attaray
*Attorneys for Plaintiff*

12
**COMPLAINT**

## VERIFICATION

I, Ashley S. Aarons, have read the complaint for quiet title, cancellation of instrument and wrongful foreclosure, and agree that the facts therein are true to the best of my knowledge, information and belief. And on that basis, I verify the pleading as true and correct.

Executed this 11th day of September 2021 at Los Angeles, California.

*[signature]*

Ashley S. Aarons

1
VERIFICATION