SCHEER LAW GROUP, LLP
JOSHUA L. SCHEER #242722
REILLY D, WILKINSON #250086
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Telephone: (949) 263-8757
Facsimile: (949) 308-7373
jscheer@scheerlawgroup.com
PL.100-003S-D

Attorneys for
PATCH OF LAND LENDING, LLC, a Delaware limited liability company; FCI LENDER SERVICES, INC., a California corporation; CALIFORNIA TD SPECIALISTS; VERUS RESIDENTIAL LOANCO, LLC, a Delaware limited liability company;

UNITED STATES BANKRUPTCY COURT FOR

THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ASHLEY SUSAN AARONS dba Coffee Dog Entertainment,<br><br>Debtor. | Bk. No.: 2:19-bk-18316-NB<br><br>Adv. No.:<br><br>Chapter 7<br><br>**NOTICE OF REMOVAL [Fed. R. Bankr. Proc. 9027; Local Rule 9027-1]** |
| JULIUS AARONS, AS TRUSTEE OF THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS AMENDED AND RETATED 9/28/2001<br><br>Plaintiff,<br>vs.<br><br>PATCH OF LAND LENDING, LLC, a Delaware limited liability company; FCI LENDER SERVICES, INC., a California corporation; CALIFORNIA TD SPECIALISTS; VERUS RESIDENTIAL LOANCO, LLC, a Delaware limited liability company; All persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 1 to 25, inclusive,<br><br>Defendants. | |

//

**TO THE UNITED STATES BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES TO THE REMOVED ACTION, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that PATCH OF LAND LENDING, LLC, a Delaware limited liability company; FCI LENDER SERVICES, INC., a California corporation; CALIFORNIA TD SPECIALISTS; VERUS RESIDENTIAL LOANCO, LLC, a Delaware limited liability company ("**Defendants**"), in their capacities as a lender, servicer and foreclosure trustee relating to the First Deed of Trust on the real property at 984 Bel Air Road, Los Angeles, CA 90077 ("**Property**") and whose lien and the Property are subject to the terms of a confirmed Chapter 11 Plan and Order confirming the Chapter 11 Plan, and the now converted Chapter 7 Bankruptcy filed in United States Bankruptcy Court, Central District of California, Case No. 2:19-bk-18316-NB ("**Bankruptcy**"), pursuant to Local Rule 9027-1, Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 157, 1334 and 1452, hereby removes California Superior Court, Los Angeles County Case No. 22STCV10467 ("**State Court Action**"), titled "JULIUS AARONS, AS TRUSTEE OF THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 vs. PATCH OF LAND LENDING, LLC, a Delaware limited liability company; FCI LENDER SERVICES, INC., a California corporation; CALIFORNIA TD SPECIALISTS; VERUS RESIDENTIAL LOANCO, LLC, a Delaware limited liability company; All persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 1 to 25, inclusive," to the United States Bankruptcy Court, Central District of California, Los Angeles Division.

**STATEMENT OF FACTS REGARDING BASIS FOR REMOVAL**
**(FED. R. BANKR. PROC. 9027(A)(1)**

1. The Debtor, Ashley Susan Aarons ("**Debtor**") commenced the voluntary Bankruptcy Case on July 17, 2019[1]. On June 22, 2020, the Court entered an order granting

---

[1] *See* Debtor's Bankruptcy Petition, filed on July 17, 2019 in the Bankruptcy Case, Docket No. 1. Defendants hereby requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201.

Defendants relief from stay to proceed with its State Law rights[2]. On February 11, 2021, this Court entered an Order Confirming Debtor's Chapter 11 Plan Dated August 7, 2020[3] ("**Order**"). The Plan and Order incorporated terms and several exhibits, including a modification of Defendants' Loan to Debtor and an approval of a compromise between Defendants and Debtor pursuant to Federal Rule of Bankruptcy Procedure 9019.

2. The Chapter 11 Plan and Order also provided for monthly interest payments to Defendants and for Debtor to make a final balloon payment to Defendants by April 1, 2021, which did not occur. The Plan and Order provide that Defendants shall not be required to return to court to obtain a further order for relief in the event of a future default by the Debtor.

3. After Debtor breached the terms of the Plan and Order by failing to make payment, and in accordance with relief afforded by the Plan and Order, a Notice of Default was recorded on August 11, 2021 and a Notice of Sale setting the foreclosure sale of the Property for December 14, 2021 was published. The foreclosure sale took place on March 30, 2022.

4. On October 18, 2021, the Bankruptcy Case was converted to Chapter 7.[4] On October 19, 2021, David M Goodrich ("**Chapter 7 Trustee**") was appointed as the Chapter 7 Trustee.[5] As a result of the conversion to Chapter 7, the Chapter 7 Trustee automatically became the real party in interest and the owner of the Property and any litigation claims. The Debtor is no longer a party and has no right to file papers purporting to be a party.[6] See Federal Rule of Bankruptcy Procedure 6009 ("With or without court approval, the trustee …may prosecute…any pending action or proceeding by or against the debtor…"); *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 795 (D.C. Cir. 2010) (the "commencement of a Chapter bankruptcy extinguishes a debtor's legal rights and interests in any pending litigation"); *In re An-Tze Cheng,* 308 B.R. 448,

---

[2] *See* Amended Order Granting Motion for Relief From the Automatic Stay, entered on June 22, 2020 in the Bankruptcy Case, Docket No. 255. Defendants hereby request that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201.

[3] *See* Order Confirming Debtor's Chapter 11 Plan Dated August 7, 2020, entered on February 11, 2021 in the Bankruptcy Case, Docket No. 390. Defendants hereby requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201.

[4] *See* Order Converting Case to Chapter 7, filed on October 18, 2021, in the Bankruptcy Case, Docket No. 464. Defendants hereby requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201.

[5] *See* Notice of Appointment and Acceptance of Trustee, filed on October 19, 2021, Docket No. 465. Defendants hereby requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201.

[6] Debtor and her Counsel are keenly aware of her lack of standing as this exact issue was decided in an Adversary Action before this Court, Case No. 2:21-ap-01189-NB, Docket No. 45.

461 (9th Cir. BAP 2004), aff'd 160 Fed. Appx. 644 (9th Cir. 2005) (the debtor lacks standing because the trustee owns the cause of action.)

5. Despite this limitation and prior settlement of claims, Debtor previously filed a State Court Action, Case Number 22STCV01308 in the Superior Court of California entitled Ashley S. Aarons v. Patch of Land Lending, LLC, et al. ("**Debtor State Court Action**"). The Debtor State Court Action was immediately removed to Bankruptcy Court and is currently pending in front of this Court as Adversary Proceeding 2:22-ap-01008-NB ("**Related Adversary Proceeding**").

6. On February 23, 2022, Julius Aarons, the Trustee of the Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("**Mr. Aarons**"), filed a transfer of claim purporting to purchase the claim of James Haycock ("**Haycock**"). Haycock was the holder of a junior lien on the Property and a Defendant in Adversary Proceeding case number 2:21-ap-01189-NB[7] ("**Haycock Adversary**"). Julius Aarons is *the Debtor's father*.

7. On March 27, 2022, Mr. Aarons filed the State Court Action against Defendants. True and correct copies of the following documents filed or included in the State Court Action are attached hereto as Exhibits "A" through "L" respectively: (1) Register of Actions; (2) Complaint; (3) Civil Case Coversheet; (4) Summons (on Complaint); (5) Alternate Dispute Resolution Packet; (6) First Amended General Order re: Mandatory Electronic Filing; (7) Voluntary Efficient Litigation Stipulation Packet; (8) Notice of Case Assignment - Unlimited Civil Case; (9) Ex Parte Application (for Temporary Restraining Order) (10) Declaration (of John Enriquez); (11) Notice of Case Management Conference; (12) Minute Order.

8. Mr. Aarons names the **exact same Defendants** in the Related Adversary Proceeding and even *directly references the allegations of Debtor from the Related Adversary Proceeding and lists the Debtor State Court Action as a "Related to Case" in his pleadings.* Mr. Aarons raises issues in the State Court Action and his Temporary Restraining Order Application that were resolved via the Plan and Order, which contained the 9019 compromise. In addition,

---

[7] *See* Transfer of Claim, filed on February 23, 2022, Docket No. 515. See also Adversary Proceeding No. 2:21-ap-01189-NB. Defendants hereby requests that the Court take Judicial Notice pursuant to Federal Rule of Evidence 201

Mr. Aarons states that *the Debtor* has loan commitments which will allegedly payoff the first and second lienholders, but does not reference the actual amount of the claims, other claims on the Property or the amount of claims which have been asserted in the Bankruptcy. The loan commitment provided on its face does not cover the amount of liens on the Property and purports to modify lienholder's rights that were already adjudicated in the Bankruptcy.

9. Jurisdiction is proper pursuant to 28 U.S.C. § 1334, because the claims are property of the Debtor's bankruptcy estate, the terms of the underlying note and deed of trust are now governed by the confirmed Chapter 11 Plan and Order and the pending Chapter 7 Bankruptcy, and it is admittedly related to an active case in the Bankruptcy, the Related Adversary Proceeding. Thus, the claims relate to the Bankruptcy Case. Removal of the State Court Action is appropriate pursuant to the provisions of 28 U.S.C. § 1452. Venue is appropriate as the Central District Bankruptcy Court of California is (1) the district for Los Angeles County, where the State Court Action was pending, (2) where the Property is located, (3) and where the Chapter 7 Bankruptcy Case is pending and being administered by the Chapter 7 Trustee, who is the real party in interest.

10. All Defendants consent to the removal of the action to Bankruptcy Court.

11. Defendants consent to entry of final orders or judgments by the Bankruptcy Court.

RESPECTFULLY SUBMITTED

SCHEER LAW GROUP, LLP

Dated: April 26, 2022

/s/Joshua L. Scheer
#242722