Exhibit "A"

### THE SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Español   Tiếng Việt   한국어   中文   հայերեն

Search

| Home | Online Services | Forms, Filings & Files | Self-Help | Divisions | Jury | General Info |
|------|-----------------|------------------------|-----------|-----------|------|--------------|
| | Pay Fines, Search Records... | Forms, Filing Fees... | For persons without attorneys | Civil, Criminal, Family... | Jury Duty Portal, Q&A... | Courthouses, ADA ... |

ONLINE SERVICES

# Case Access



LANGUAGE ACCESS

English

## CASE INFORMATION

PRINT    NEW SEARCH

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  22STCV10467
JULIUS AARONS, AS TRUSTEE OF THE AARONS 1991 LIVING TRUST VS PATCH OF LAND LENDING LLC, ET AL.

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:**  03/28/2022
**Case Type:**  Other Complaint (non-tort/non-complex) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/06/2022** at 08:30 AM in Department 47 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

ABBASI MAHAN MATTHEW - Attorney for Plaintiff

ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUIABLE RIGHT - Defendant

CALIFORNIA TD SPECIALISTS - Defendant

FCI LENDER SERVICES INC. - Defendant

JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST - Plaintiff

PATCH OF LAND LENDING LLC - Defendant

VERUS RESIDENTIAL LOANCO LLC - Defendant

## DOCUMENTS FILED

Case 2:19-bk-18316-NB    Doc 542-2    Filed 04/26/22    Entered 04/26/22 18:06:16    Desc
Exhibit    Page 3 of 191

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**04/20/2022** Notice of Case Management Conference
Filed by Clerk

**03/28/2022** Declaration (of John Enriquez)
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Ex Parte Application (for Temporary Restraiing Order)
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**03/28/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**03/28/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**03/28/2022** Alternate Dispute Resolution Packet
Filed by Clerk

**03/28/2022** Summons (on Complaint)
Filed by Clerk

**03/28/2022** Civil Case Cover Sheet
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Minute Order ( (Hearing on Plaintiff's Ex Parte Application for Temporary Res...))
Filed by Clerk

**03/28/2022** Complaint
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

**03/28/2022** at 08:30 AM in Department 86
Hearing on Ex Parte Application (for Temporary Restraining Order) - **Held - Motion Denied**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Register of Actions (Listed in descending order)**

**04/20/2022** Notice of Case Management Conference
Filed by Clerk

**03/28/2022** at 08:30 AM in Department 86
Hearing on Ex Parte Application (for Temporary Restraining Order) - **Held - Motion Denied**

**03/28/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**03/28/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**03/28/2022** Civil Case Cover Sheet
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Ex Parte Application (for Temporary Restraiing Order)
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Declaration (of John Enriquez)
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Minute Order ( (Hearing on Plaintiff's Ex Parte Application for Temporary Res...))
Filed by Clerk

**03/28/2022** Complaint
Filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust (Plaintiff)

**03/28/2022** Alternate Dispute Resolution Packet
Filed by Clerk

**03/28/2022** Summons (on Complaint)
Filed by Clerk

**03/28/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

NEW SEARCH

Privacy Statement | Disclaimer | Employment | ADA | Holidays | Comment on our Website Copyright © 2022 Superior Court of California, County of Los Angeles

Exhibit "B"

1  MATTHEW ABBASI, ESQ.; SBN 215030
   **ABBASI LAW CORPORATION**
2  6320 CANOGA AVE., SUITE 220
   WOODLAND HILLS, CALIFORNIA 91367
3  TELEPHONE:  (310) 358-9341
   FACSIMILE:    (888) 709-5448
4  EMAIL: matthew@malawgroup.com

5  ATTORNEYS FOR PLAINTIFF,
   JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST
6  DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001

7                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                  **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10  JULIUS AARONS, AS TRUSTEE OF THE )        **CASE NO.:**
    AARONS 1991 LIVING TRUST DATED )
11  5/16/1991  AS  AMENDED  AND  RESTATED )      *Related to Case No. 22STCV01308__*
    9/28/2001                          )
12                                     )
              Plaintiff,               )
13                                     )          **PLAINTIFF'S VERIFIED COMPLAINT**
                                       )          **FOR DECLARATORY RELIEF AND**
14  vs.                                )          **INJUNCTIVE RELIEF**
                                       )
15                                     )
    PATCH OF LAND LENDING, LLC, a      )
16  Delaware limited liability company; FCI )
    LENDER SERVICES, INC., a California )
17  corporation; CALIFORNIA TD SPECIALISTS; )
    VERUS RESIDENTIAL LOANCO, LLC, a   )
18  Delaware limited liability company; All persons )
    unknown claiming any legal or equitable right, )
19  title, estate, lien, or interest in the property )
    described in the Complaint adverse to Plaintiff's )
20  interests; and DOES 1 to 25, inclusive, )
                                       )
21                                     )
              Defendants.              )
22  _____ )

23

24       **COMES NOW,** Plaintiff, JULIUS AARONS, as trustee of THE AARONS 1991 LIVING

25  TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 (hereinafter the

26  "Plaintiff"), in and for himself alone, and no other, by and through his attorneys, ABBASI LAW

27  CORPORATION, and hereby submits the following Verified Complaint (hereinafter the

28  "Complaint"):

_____
                                    1
**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

**I.**

**PARTIES**

1.      Plaintiff, JULIUS AARONS as an individual, and as Trustee, JULIUS AARONS, of THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 (hereinafter referred to as the "Plaintiff"). At all times herein mentioned, JULIUS AARONS was over the age of eighteen (18) years old and residing in the State of California, County of Los Angeles.

2.      Plaintiff, upon information and belief, alleges that Defendant PATCH OF LAND LENDING, LLC ("POL") is, and at all times herein mentioned was, a corporation organized under the laws of the state of Delaware and registered with the California Secretary of State to do business in California [Entity No. 201502110086]. POL's primary place of business is 15000 Ventura Boulevard, Suite 300, Sherman Oaks, California.

3.      Defendant FCI LENDER SERVICES, INC., ("FCI") is a California corporation [Entity No. C1153633], with its principal place of business at 8180 East Kaiser Boulevard, Anaheim Hills, California 92808, and the mortgage servicer for POL.

4.      Defendant CALIFORNIA TD SPECIALISTS ("TD") is a California corporation [Entity No. C3521747] sharing the same principal place of business as FCI, and the foreclosure trustee conducting the trustee's sale.

5.      Defendant VERUS RESIDENTIAL LOANCO, LLC, ("Verus"), is a Delaware limited liability company registered with the California Secretary of State to do business in California [Entity No. 201611810013] and the purported assignee of POL, the first mortgage lien holder on the property at issue in this action.

6.      POL, FCI, TD and Verus shall be referred to, collectively, hereafter as "Defendants."

7.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend their Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the injuries to Plaintiff alleged herein, and that such injuries as

2

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

1    herein alleged were proximately caused by such defendants.

2        8.        Plaintiff is informed and believes, and thereon alleges, that at all times herein

3    mentioned, that each of the defendants were the agents, employees, partners, joint venturers,

4    coconspirators, successors or predecessors in interest, owners, principals, and employers of the

5    remaining defendants, and in doing the things hereinafter alleged, were acting within the course and

6    scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy.

7        9.        Plaintiff is further informed and believes, and based thereon alleges, that the acts and

8    conduct herein alleged of each such defendant were known to, authorized by, and/or ratified by the

9    other defendants, and each of them.

10        10.        Whenever in the Complaint an act or omission of a corporation or business entity is

11    alleged, said allegation shall be deemed to mean and include an allegation that the corporation or

12    business entity acted or omitted to act through its authorized officers, directors, agents, servants,

13    and/or employees, acting within the course and scope of their duties, that the act or omission was

14    authorized by corporate managerial officers or directors, and that the act or omission was ratified

15    by the officers and directors of the corporation.

16        11.        The defendants named herein as "All persons unknown claiming any legal or

17    equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to

18    Plaintiff's interests" are unknown to Plaintiff. These unknown defendants, and each of them, claim

19    some sort of interest, right, estate, lien, in the Property adverse to Plaintiff' interests, and their claims

20    and each of them, constitute a cloud on Plaintiff's interest in the Property.

21                                                        **II.**

22                                **SUBJECT PROPERTY AND ITS LOAN**

23        12.        The subject property giving rise to the lawsuit is known as 984 Bel Air Road, Los

24    Angeles, California 90077, assessor's parcel number 4370-027-008 ("Subject Property" or

25    "Property"). THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015 (hereinafter the

26    "Owner") is the legal title holder and owner of the Property pursuant to a Grant Deed, recorded on

27    September 16, 2015, as Instrument No. 19900914001440500 in the Los Angeles County Recorder's

28    Office. The Legal Description for the Subject Property, in relevant part, describes it as:

---

3

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

1

**THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS**

2

**ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:**

3

**PARCEL A OF PARCEL MAP NO. 3707, IN THE CITY OF LOS ANGELES,**

4

**COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP**

5

**RECORDED IN BOOK 98 PAGE(S) 62 AND 63 OF PARCEL MAPS, IN THE**

6

**OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. APN: 4370-027-008**

7

    13.     On information and belief, the Plaintiff asserts that the title to the Subject Property

8

lists POL as the first mortgage lien holder on the Subject Property pursuant to a Deed of Trust

9

recorded on **March 27, 2018**, as Instrument No. 20180291459 in the Los Angeles County

10

Recorder's Office (hereinafter the "POL Lien").

11

    14.     On or about **January 1, 2022,** the Plaintiff entered into a written agreement entitled

12

"LOAN SALE AGREEMENT" with JAMES HAYCOCK AS TRUSTEE OF A SEPARATE

13

TRUST ("Seller") and paid **$260,000.00** to purchase and obtain all of the Seller's rights, title and

14

interest in, to a promissory note executed by the Owner, in the original principal amount of

15

*$170,000.00*, dated February 14, 2019, (the "Bel Air Note") which is secured by a junior Deed of

16

Trust ("Bel Air Deed of Trust"), dated February 14, 2019, which granted a security interest in the

17

Subject Property and more particularly described in the Deed of Trust (hereinafter the "Bel Air

18

Lien"). The Bel Air Note and Bel Air Deed of Trust are hereafter collectively referred to herein as

19

the loan documents ("Bel Air Loan Documents").

20

    15.     Attached hereto as **Exhibit "1"** is a true and correct copy of the notarized "LOAN

21

SALE AGREEMENT" between the Plaintiff and the Seller which is incorporated herein by this

22

reference.

23

    16.     Attached hereto as **Exhibit "2"** is a true and correct copy of the notarized

24

"ASSIGNMENT OF DEED OF TRUST" which was recorded in the Los Angeles County

25

Recorder's Office and evidences the Seller's sale and transfer of all rights, interest, and title the

26

Seller has in the Bel Air Loan Documents and the Bel Air Lien to the Plaintiff. This Exhibit is

incorporated herein by this reference.

27

28

---

4

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

17.    On information and belief, the Plaintiff asserts that the Bel Air Lien which is recorded on the title of the Subject Property is in second priority unless the POL Lien which is also recorded is voided or otherwise amended via other pending litigation.

18.    As it stands, the Defendants are moving to foreclose on the Subject Property and the Owner has sought to stop the sale of the Subject Property and filed a lawsuit that alleges that TD has never been properly substituted as trustee for the Subject Property pursuant to POL's Deed of Trust under California law; that the Defendants have committed various torts; and that the Defendant have committed various harm to the Owner due to their misrepresentation and the like. Additionally, the Owner has further asserted that the foreclosure sale date for the Subject Property is void because TD has no authority, legal or otherwise, to conduct the foreclosure sale of the Subject Property pursuant to the power of sale in the Deed of Trust.

19.    As it stands, the Owner has filed a civil action entitled _ASHLEY S. AARONS vs. PATCH OF LAND LENDING, LLC, ET. AL._ (Case No. 22STCV01308) (the "Owner Action") which names the same Defendants as in the present action. In the Owner Action, the plaintiff asserts that the Defendants are proceeding with foreclosure despite the defects in the notice of default and notice of sale, dual tracking, the request for loan modification or forbearance, other relief pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11. However, the present action does not involve any claims or rights in dispute in the Owner Action. Moreover, the Plaintiff is not a party to this matter.  Therefore, while these matters share the same named defendants and the Subject Property, the subject matter and relief sought in this case is not related to the Owner Action.

20.    On information and belief, the Plaintiff asserts that the present action is not stayed by any bankruptcy court or any other court. As it stands, the Owner of the Subject Property who is the daughter of the Plaintiff is a debtor in bankruptcy court but as explained below, the Owner's bankruptcy case does not provide any stay of this action.

21.    On in information and belief, the Plaintiff asserts that on or about July 17, 2019, the Owner filed for Chapter 11 Bankruptcy in a matter entitled In Re: Ashley Susan Aarons (Case No. 2:19-bk-18316-NB) and a Plan was confirmed on March 11, 2021. However, after a disputed

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

default, the case was converted into a Chapter 7 case and a Chapter 7 Trustee was appointed. However, as set forth in Exhibit "1", the Seller had obtained relief from the bankruptcy stay in the above-cited case *before* the Bel Air Loan Documents and the Bel Air Lien were sold and assigned to the Plaintiff. Further, the Chapter 7 Trustee appointed in this case has submitted a Notice of Intent to Abandon the Subject Property. Therefore, the Plaintiff asserts that the present case nor any relief sought herein is stayed by any Court ruling.

### III.

### JURISDICTION AND VENUE

18.    The Superior Court of California, County of Los Angeles has the necessary subject matter jurisdiction over all of the parties. This Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action. At all times herein, one or more Defendants were residents of, or were doing business in, the State of California, County of Los Angeles.

19.    Further, this Court has personal jurisdiction over the parties, pursuant to Code of Civil Procedure, section 410.10. Defendants have availed themselves to this Court's jurisdiction through their contact with this County by virtue of doing business in the County of Los Angeles, and because each Defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the County of Los Angeles, California.

20.    Venue in this Court is proper pursuant to Code of Civil Procedure, section 395 in that at all times relevant herein, one or more Defendants conducted substantial business in the County of Los Angeles and contracted to perform the obligations in the County of Los Angeles. Plaintiff hereby designates the County of Los Angeles as the place of proper venue.

### IV.

### JURY TRIAL DEMAND

21.    Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

6

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

## V.

## FORECLOSURE SALE AND REFINANCING

22.    As it stands, the Defendants have moved to foreclose on the Subject Property and a sale date is set for **March 30, 2022.**

23.    On information and belief, the Plaintiff asserts that the above-cited foreclose sale amounts to a fire sale which will not net nearly enough monies to pay off the POL Lien and the Bel Air Lien. Therefore, the Plaintiff will be harmed if the Subject Property is sold via a poorly advertised fire sale because the Plaintiff's lien will either be wiped out or paid less for much less than its value.

24.    On information and belief, the Plaintiff asserts that the Owner shown that she has a loan in place which can 100% pay off the Plaintiff and the Defendants' liens to avoid any foreclosure sale.

25.    Based on the above, the Plaintiff asserts that the upcoming foreclosure sale should be stayed because Plaintiff will be irreparably harmed if the Subject Property is sold in a poorly advertised foreclose sale for less than its fair market value. This immediate harm is unreasonable and punitive because the Owner can obtain a refinance loan to pay off the POL Lien and payoff or make current the Bel Air Lien.  Therefore, if the Owner is able to obtain a loan to pay off the Defendants and the Plaintiff's liens completely, the foreclosure sale must be stayed to prevent foreseeable harm to the Plaintiff.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (DECLARATORY RELIEF)

## (Against All Defendants)

26.    Plaintiffs incorporates by reference all previous paragraphs as though fully set forth herein.

27.    This is an action for declaratory relief which is brought pursuant to California Civil Procedure §1060, which provides that any person interested under a written instrument or a contract who desires a declaration of his rights or duties with respect to another or in respect to property may,

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

in the case of an actual controversy relating to the legal rights and duties of the parties, bring an original action in the superior court for a declaration of his rights or duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract, with the declaration having the force and effect of a final judgment and which may be had before there has been any breach of the obligation in respect to which the declaration is sought.

28.     Plaintiff is a "person" within the meaning and intent of California Civil Procedure §1060.

29.     There is an actual controversy between the Defendant and the Owner with respect to the POL Lien and the Defendants rights and entitlements to foreclose which effect the Bel Air Lien and the Plaintiff's $260,000.00 purchase of the Bel Air Lien. This dispute is currently being litigated. However, before the final adjudication of the above disputes, the Defendants are seeking to foreclose on Subject Property. Moreover, the Defendants are moving to sell the Subject Property despite the fact the Owner is able to obtain a refinancing of the Defendants' entire obligation and offered to pay off the POL Lien.

30.     Based on the above, the Plaintiff seeks a declaration that its interest will be irreparably harmed without justification if the Subject Property is sold at a foreclosure sale which leads to the Bel Air Lien to be wiped out or paid for less than full value.

31.     Based on the above, the Plaintiff seeks a declaration for the Court that stays all the Defendants' collection and foreclosure action against the Subject Property for 60 days to allow the Owner to obtain a refinancing loan to repay the Defendants and to avoid irreparably harming the Plaintiff without justification by selling the Subject Property in a fire sale for less than its full value.

32.     California Civil Procedure §1062 provides that the remedies provided by the chapter are cumulative and shall not be construed as restricting any remedy, and further that no judgment under the chapter shall preclude any art from obtaining additional relief based on the same facts.

33.     California Civil Procedure §1062.3 provides that actions brought under this chapter shall be set for trial at the earliest possible date and shall take precedence over all other cases except older matters of the same character and matters to which special precedence may be given by law.

34.     As it stands, the Defendants have scheduled a Trustee's (foreclosure) sale of the

PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

Property on March 30, 2022. Therefore, Plaintiff requires that a determination be made immediately so that Plaintiff does not suffer irreparable harm.

35.    **WHEREFORE,** Plaintiff prays for judgment against the Defendant as more fully set forth below.

## SECOND CAUSE OF ACTION

### (INJUNCTIVE RELIEF, AND TO ENJOIN FORECLOSURE)

#### (Against All Defendants)

36.    Plaintiffs incorporates by reference all previous paragraphs as though fully set forth herein.

37.    As set forth above, the Defendants have threatened to foreclosure on the Subject which will irreparably harm the Plaintiff. California Civil Procedure §526(a)(1) provides that an injunction may be granted when it appears by the complaint that the plaintiff is entitled to the relief demanded and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of either for a limited period or perpetually.

38.    Plaintiff is entitled to the relief demanded in this Complaint including the restraining and enjoining of the continuance of any foreclosure proceedings including but not limited to the conducting of any Trustee's Sale of the Subject Property as the parties seeking to foreclose are currently involved in a civil lawsuit about this matter. Further, the remedy chosen by the Defendants directly and negatively affect the Plaintiff despite the fact the Owner is able to payoff the Defendants via a refinancing loan.

39.    Subsection (a)(2) of. California Civil Procedure §526 provides that an injunction may be granted when it appears by the Complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action.

30.    As set forth in this verified Complaint, the commission or continuance of foreclosure proceedings during this litigation would produce irreparable' harm to the Plaintiff consisting of the loss or reduction of the Bel Air Lien.

PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF

31. Subsection (a)(3) of California Civil Procedure §526 provides that an injunction may be granted when it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual.

32. As set forth above, Plaintiff will suffer irreparable harm should the relief requested herein not be granted, for which there is no adequate remedy at law. As Defendants are set to be paid off in full via the refinancing of the loan, no bond should be required of Plaintiff as a prerequisite to this Court's granting of the relief requested herein.

33. WHEREFORE, Plaintiff requests that this Court issue a Temporary Restraining Order and Preliminary Injunction enjoining any foreclosure efforts or activity pending the full disposition of this action on the merits including cancelling and enjoining the Trustee sale presently scheduled for March 30, 2022, and for permanent injunctive relief, should Plaintiff prevail on the merits, forever precluding Defendants from continuing with any threats of foreclosure, with Plaintiff requesting such relief for the reasons set forth and with a request for any other and further relief which is just and proper.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs,

(1) For general and compensatory damages in an amount to be determined at trial;

(2) For damages, including economic losses, in an amount to be determined according to proof at the time of trial;

(3) For attorneys' fees, witness fees, and costs of litigation incurred by Plaintiffs to obtain the policy benefits in an amount to be determined at trial;

(4) For an Order enjoining any foreclosure sale or other collection action against the Subject Property; and

(5) For or any further and other relief that this Court deems just and proper.

///

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

1 DATED: March 26, 2022     **ABBASI LAW CORPORATION**

2

3           BY:

4              MATTHEW ABBASI, ESQ.
               ATTORNEY FOR PLAINTIFFS,

5              JULIUS AARONS AS TRUSTEE OF THE
               AARONS 1991 LIVING TRUST

6              DATED 5/16/1991 AS AMENDED AND
               RESTATED 9/28/2001

7         **VERIFICATION**

8    I, **JULIUS AARONS,** hereby declare as follows:

9

    I am a resident of the State of California and a competent adult living in the County of

10 Orange. I have personal knowledge of the facts in this declaration and can and will competently
  testify to the facts attested herein.

11

    I am the Trustee of the **THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS**

12 **AMENDED AND RESTATED 9/28/2001** (hereinafter the "Plaintiff"). This Complaint is being
  filed and verified by me on behalf of the Plaintiff in compliance with the rules and procedures of

13 the trust.

14

    I have read the foregoing **VERIFIED COMPLAINT** (the "Complaint") and approve its

15 content. As set forth above, I have the required authority to submit this verification for this
  Complaint on behalf of the Plaintiff. The facts stated in the foregoing Complaint are true and correct

16 to the best of my own knowledge, except as to those matters which are stated on information and
  belief, and as to those matters, I believe them to be true.

17

18    I declare under penalty of perjury under the laws of the State of California that the foregoing
  is true and correct.

19

20    Executed on March 26, 2021, in  _COSTA MESA_  (City), California.

21

22        **JULIUS AARONS**

23

24

25

26

27

28

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

# EXHIBIT "1"

## LOAN SALE AGREEMENT

This Loan Sale Agreement (this "Agreement") is made and entered into as of the Effective Date identified below, by and between James Haycock as Trustee of a Separate Trust ("Seller") and Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Buyer").

### RECITALS

A. Seller desires to sell to Buyer and Buyer desires to purchase from Seller all of Seller's rights, title and interest in, to and under a Loan described on Exhibit A attached hereto ("Bel Air Loan") together with all of Seller's rights, title and interest in, to a promissory note executed by Ashley Aarons, Trustee of the Ashley S. Aarons 2015 Trust dated 5/15/2015, in the original principal amount of $170,000.00, dated February 14, 2019, (the "Bel Air Note"), secured by a Deed of Trust ("Bel Air Deed of Trust"), dated February 14, 2019, granting a security interest in real property commonly known as 984 Bel Air Road, Los Angeles, CA 90077 ("Bel Air Property") and more particularly described in the Deed of Trust, recorded February 19, 2019, in the Office of the Recorder of Los Angeles County, as document number 20190144545. The Bel Air Note and Bel Air Deed of Trust are hereafter collectively referred to herein as the loan documents ("Bel Air Loan Documents") evidencing, securing or otherwise related to the indebtedness referenced in Exhibit A of the borrowing party, Ashley Aarons, listed therein ("Borrower").

B. Borrower filed a chapter 11 bankruptcy Petition on or about July 17, 2019, and confirmed a Chapter 11 Plan of Reorganization by an Order Confirming Debtor's Chapter 11 Plan dated August 7, 2020 ("Order") executed and issued by the Court on February 11, 2021. Certain modifications to the Loan are included in the Chapter 11 Plan of Reorganization and approved by the Order ("Modifications"). The Loan Documents, therefore, include the Modifications set forth in Exhibit H of the Amended Disclosure Statement incorporated by the Amended Plan. The language describing the Modifications is set forth on Exhibit F attached hereto.

C. When Borrower failed to comply with the Bel Air Note and Modifications, Seller caused a Notice of Default to be recorded on or about April 15, 2021, and caused a Notice of Sale to be recorded on or about September 15, 2021. The foreclosure sale date has been postponed several times and is currently scheduled for February 2, 2022.

D. Borrower caused a Complaint for Damages and Injunctive Relief Based on 1. Quiet Title; 2. Cancellation of Instrument; 3. Wrongful Foreclosure; 4. Slander of Title; and Unlawful, Fraudulent, and Unfair Business Practices ("Complaint") to be filed in Los Angeles County Superior Court titled "Ashley S. Aarons, an individual and as trustee for Ashley S. Aarons 2015 Trust Dated May 15, 2015 versus James Haycock, an individual and as trustee of a Separate Trust; Mortgage Lender Services, Inc., a California corporation; all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interest and Does 1 to 100," as case number 21STCV33678 on or about September 13, 2021.

E. Seller filed a removal of the Complaint to the United States Bankruptcy Court for the Central District of California to the Borrower's Chapter 11 case as an adversary proceeding number 2:19-bk-18316-NB by a Notice of Removal filed September 17, 2021 in the Bankruptcy Court. Borrower sought a Temporary Restraining Order, which the Court denied by an Order Denying Application for Temporary Restraining Order to Prevent Foreclosure executed by the Court and entered on November 29, 2021.

F. Borrower filed a Motion to Remand ("Remand Motion") the Complaint to Los Angeles County Superior Court, which is currently set for hearing on March 15, 2022.

G. Buyer is in the process of obtaining funds through an escrow ("Funding Escrow") to complete the purchase of Seller's rights, title and interest in, to and under the Bel Air Loan and the Bel Air Loan Documents. This Agreement contemplates two alternative sources of payment triggered by whether the Funding Escrow closes timely and Buyer transfers cash payment to Seller timely.

H. Seller and Buyer enter into this Agreement for the purpose of providing the terms and conditions of the purchase by Buyer from Seller of Seller's rights, title and interest in, to and under the Bel Air Loan and the Bel Air Loan Documents.

## TERMS

NOW THEREFORE, in consideration of the foregoing facts, the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller hereby agrees to sell to Buyer and Buyer hereby agrees to purchase from Seller all of Seller's rights, title and interest in, to and under the Bel Air Loan, the Bel Air Loan Documents, subject to the following terms, covenants and conditions:

1.    <u>Definitions</u>. Capitalized terms used herein shall have the meanings indicated, including those indicated in Exhibit B attached hereto.

2.    <u>Purchase Price</u>. Buyer shall pay to Seller for Seller's rights, title and interest in, to and under the Loan, Loan Documents the Purchase Price as defined in Exhibit B. Buyer acknowledges that Seller shall be entitled to retain any and all payments on the Loan that were received prior to the Closing Date to the extent they constitute payment of (i) principal, (ii) interest accruing on the Notes prior to the Closing Date, or (iii) late fees accruing prior to the Closing Date. The Purchase Price stated in Exhibit B is net of all such payments received.

3.    <u>Closing</u>.

(a)    Buyer shall pay Purchase Price Alternative A within 24 hours of the Closing of the Funding Escrow as follows: the balance of the Purchase Price shall be paid in immediately available funds of United States Dollars, in accordance with the instructions issued by Seller.

(b)    Seller shall transfer to Buyer at the Closing all positive escrow balances, if any, relating to the Loan. Seller shall promptly endorse to the order of Buyer, without recourse, and remit to Buyer any and all payments received by Seller on or after the Closing Date.

(c)    Seller shall endorse the Bel Air Note to Buyer or execute in favor of Buyer an Allonge for the Bel Air Note or appropriate affidavits, if any be necessary, with respect to any lost Note. Endorsements and allonges shall be without warranty or recourse.

(d)    In the event that Buyer does not timely pay Purchase Price Alternative A as set forth in Paragraph 3(a) above at the Closing of the Funding Escrow, Buyer shall pay Purchase Alternative B as follows:

i)    Buyer shall provide to Seller an executed original copy of the Baltra Promissory Note and an executed, notarized, original copy of the Baltra Deed of Trust immediately upon execution of this Agreement. The Baltra Promissory Note and Baltra Deed of Trust shall be substantially in the forms attached hereto as Exhibits D and E, respectively. Seller will hold the Baltra Promissory Note and Baltra Deed of Trust and only proceed to Paragraph 3(d)(ii) below if Buyer does not timely activate Purchase Price Alternative A.

ii)    Seller may at his discretion open an escrow account at a company of his choosing and deliver the fully the executed, notarized Baltra Deed of Trust to the escrow company. Seller may at his discretion and at the expense of Buyer obtain title insurance in connection with the Baltra Deed of Trust, insuring it will be recorded in second priority position on the Baltra Property. Upon assurance of a second priority position, the escrow company shall immediately record the Baltra Deed of Trust and provide evidence of recording the same to Seller.

iii)    Buyer shall immediately thereafter commence payments pursuant to the terms of the Baltra Note.

iv)    Upon completion of all actions set forth in this Agreement for payment by Purchase Price Alternative A or Purchase Price Alternative B, the loan sale shall ("Loan Sale") shall be consummated.

4.    Limited Warranties and Representations of Seller.    Seller hereby represents and warrants to Buyer with respect to the Loan:

(a)    Seller has the right to sell the Loan and Loan Documents to Buyer.

(b)    The unpaid principal balance, accrued interest and late fees for the Bel Air Note as set forth in Exhibit A were true and correct as of the Closing Date (not giving effect to any payments received on the Closing Date).

3

(c)     There has been no release of Borrower or of the Bel Air Property constituting security for the Loan not disclosed in the Loan Documents made available to Buyer prior to the Closing, other than by operation of law.

(d)     If Buyer has engaged any broker or finder or incurred or become obligated to pay any broker's commission or finder's fee in connection with the transactions contemplated by this Agreement, in no event will Seller be obligated to pay any fee, expense or other remuneration to or in connection with such broker or finder, directly or indirectly, and any such fee, expense or other remuneration shall be Buyer's sole responsibility.

5.     Limited Representations and Warranties of Buyer.   Buyer hereby represents and warrants to Seller that:

(a)     Buyer has all requisite power and authority to execute and deliver, and to perform all of his obligations under this Agreement and all instruments and other documents executed and delivered by Buyer in connection herewith.

(b)     The execution, delivery and performance of this Agreement has been duly authorized by all necessary action on the part of Buyer and does not require any consent or approval of any party that has not been obtained.

(c)     Nothing in this Section shall constitute a waiver or modification of Buyer's representations and warranties set forth in this Agreement, nor are Seller's remedies for breach of such representations and warranties hereby waived or modified.

6.     Covenants of Buyer.   Buyer covenants and agrees that his purchase of the Seller's rights, title and interest in and to the Loan and the Loan Documents is made without any representation or warranty by Seller except as expressly provided in Paragraph 4 or in any instrument delivered or in any document executed pursuant hereto.   In particular, Buyer covenants and agrees that:

(a)     Buyer's purchase of the Loan and Loan Documents and each of them is on an "AS IS", "WHERE IS" basis, save and except the express representations and warranties set forth in section 4 of this agreement and as expressed in any instruments to be delivered or documents to be executed pursuant to this Agreement.

(b)     No oral conversations or other communications of any sort between Seller and Buyer or any of their respective agents or representatives is or shall be binding upon the Seller nor on the Buyer and no reliance by Buyer or Seller has been or will be made with respect to the same unless expressly stated herein.

(c)     Buyer shall use its reasonable efforts to satisfy each of the conditions to the Closing set forth in paragraph 11 and incumbent upon him to satisfy.

4

7.    Covenants of Seller.

(a)    Seller shall use its reasonable efforts to satisfy each of the conditions to Closing set forth in Paragraph 12 hereof.

(b)    Seller shall notify Buyer promptly if any of the representations set forth in Paragraph 4 hereof shall become inaccurate in any material respect prior to the Closing Date or if any of such representations is discovered to be inaccurate in any material respect prior to the Closing Date.

8.    Real Property Reports. To the extent in Seller's possession, Seller has made reasonable efforts to make available to Buyer copies of all Real Property Reports, including, without limitation, any appraisals, or brokers opinions of value. The term "Real Property Reports" shall not include any of the foregoing unless actually delivered by Seller to Buyer. The Real Property Reports may have been prepared by Seller, its predecessors in interest, or third-party contractors. Buyer understands and acknowledges that any real property report that may be provided by Seller or his employees, agents, contractors and representatives is being provided without representation or warranty as to the completeness or accuracy of the facts, presumptions and conclusions contained therein, and Buyer shall not rely on same to Buyer's detriment in closing the transaction contemplated hereby.

9.    Release and Waiver Regarding Unknown Claims. The parties hereby waive their rights under any California Civil Procedure Code section 1542, restricting the release of claims that the parties do not know or suspect to exist at the time of release, which, if known, would have materially affected the parties' decision to agree to this release, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Initials:    _____                            _____
            James Haycock.                     Julius Aarons

In this connection, each of the parties hereby agrees, represents and warrants to the other that it realizes and acknowledges that factual matters now unknown to it may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and the parties further agree, represent and warrant that the releases provided hereunder have been negotiated and agreed upon in light of that realization and that the parties nevertheless hereby intend to release, discharge and acquit the parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses. This waiver is not intended to prevent any of the Parties from enforcing the terms of this Agreement.

7.    Covenants of Seller.

(a)    Seller shall use its reasonable efforts to satisfy each of the conditions to Closing set forth in Paragraph 12 hereof.

(b)    Seller shall notify Buyer promptly if any of the representations set forth in Paragraph 4 hereof shall become inaccurate in any material respect prior to the Closing Date or if any of such representations is discovered to be inaccurate in any material respect prior to the Closing Date.

8.    Real Property Reports.  To the extent in Seller's possession, Seller has made reasonable efforts to make available to Buyer copies of all Real Property Reports, including, without limitation, any appraisals, or brokers opinions of value.  The term "Real Property Reports" shall not include any of the foregoing unless actually delivered by Seller to Buyer.  The Real Property Reports may have been prepared by Seller, its predecessors in interest, or third-party contractors.  Buyer understands and acknowledges that any real property report that may be provided by Seller or his employees, agents, contractors and representatives is being provided without representation or warranty as to the completeness or accuracy of the facts, presumptions and conclusions contained therein, and Buyer shall not rely on same to Buyer's detriment in closing the transaction contemplated hereby.

9.    Release and Waiver Regarding Unknown Claims.  The parties hereby waive their rights under any California Civil Procedure Code section 1542, restricting the release of claims that the parties do not know or suspect to exist at the time of release, which, if known, would have materially affected the parties' decision to agree to this release, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Initials:    _____    _____
             James Haycock.           Julius Aarons

In this connection, each of the parties hereby agrees, represents and warrants to the other that it realizes and acknowledges that factual matters now unknown to it may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and the parties further agree, represent and warrant that the releases provided hereunder have been negotiated and agreed upon in light of that realization and that the parties nevertheless hereby intend to release, discharge and acquit the parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses.  This waiver is not intended to prevent any of the Parties from enforcing the terms of this Agreement.

10.    Limitation of Liability and Remedies.

(a)    Should Seller for any reason ever become liable to Buyer after Closing, under any circumstances arising under or resulting from this Agreement (except for any overstatement of any Loan Balance), for any claim, loss, cost, damage, judgment, expense or other liability of any kind, including reasonable attorneys fees (collectively, the "Liability"), then Buyer's recourse against Seller for such Liability shall be limited to the least of: (i) the Allocated Amount of the Loan to which said Liability relates, less principal payments or the value of other consideration received by Buyer in respect to such Loan; (ii) in the case of the Bel Air Note to which such Liability relates, the then remaining unpaid principal amount of the indebtedness evidenced by such Bel Air Note; and (iii) the actual loss or damage (iv) reasonable attorney's fees and costs.

(b)    Should Buyer ever become liable to Seller under any circumstances arising under or resulting from this Agreement for any claim, loss, cost, damage, judgement, expenses or other liability of any kind, then Seller's recourse against Buyer shall be limited to the actual loss or damages, including reasonable attorneys' fees and costs.

(c)    This Paragraph 10 shall not limit the mutual obligations of Seller and Buyer. Further, this Paragraph shall survive the Closing and any termination of this Agreement.

11.    Seller's Conditions to Closing.  The obligation of Seller to sell to Buyer at the Closing is subject to Buyer's fulfillment of each of the following conditions, to Seller's satisfaction, prior to or at the Closing:

(a)    The representations and warranties of Buyer set forth in Paragraph 5 hereof shall be true and correct in all material respects on and as of the Closing Date.

(b)    Buyer shall have delivered to the Escrow Officer the balance of the Purchase Price alternative A.

(c)    Buyer shall have delivered the fully executed Baltra Note and the fully executed and notarized Baltra Deed of Trust to the Escrow Officer upon execution of this Agreement to be activated only in the event that Purchase Price alternative A is not received by Seller.

12.    Buyer's Conditions to Closing.  The obligation of Buyer to purchase from Seller at Closing the Loan and Loan Documents is subject to Seller's fulfillment of each of the following conditions, to Buyer's satisfaction, prior to or at the Closing, any or all of which may be waived by Buyer:

(a)    The representations and warranties of Seller set forth in Paragraph 4 hereof shall be true and correct in all material respects on and as of the Closing Date.

(b)    Seller shall have delivered to Buyer at or after the Closing:

(i)    A Notice to Borrowers of the transaction contemplated by this Agreement duly executed by Seller or Seller's agent in the form annexed hereto as Exhibit C; and

(ii)    The original executed Bel Air Note duly endorsed by Seller to Buyer on the Bel Air Note or by an Allonge (or appropriate affidavits, if any be necessary, with respect to any lost Note) without recourse, representation or warranty except as provided in this Agreement;

(iii)    The originals of all other Loan Documents reasonably requested by Buyer (the cost of such copying to be borne by Buyer) and any third-party appraisals in Seller's possession with respect to the Bel Air Property (it being understood that Buyer will not have relied thereon in entering into or consummating the transaction contemplated hereby, and that Seller makes no representation or warranty with respect thereto, notwithstanding anything to the contrary contained herein); together with such other tangible collateral securing the Bel Air Note as may be in Seller's possession; and

(vi)    All documents reasonably deemed necessary by Buyer to evidence a transfer of the security interest included in the Loan and Loan Documents, including, without limitation, the appropriate assignments to be filed in the respective real property records, bankruptcy court and assignments of title policies.

(c)    If Seller fails to satisfy the conditions to Closing set forth in this Paragraph 12, then Buyer may at its option terminate this Agreement by written notice to Seller of its election to terminate this Agreement, identifying therein the conditions that have not been satisfied. Upon its receipt of such notice, Agreement shall be terminated and be of no further force or effect. Buyer shall have no further remedy against Seller in the event that Seller fails to comply with Buyer's conditions to Closing hereunder except that Buyer shall be entitled to a return of the Purchase Price.

13.    Costs. Buyer shall pay all costs incurred by Buyer associated with the purchase of the Loan by Buyer, including without limitation, Buyer's attorney's fees, and shall be the sole responsibility of Buyer.

(a)    The Purchase Price includes a Litigation Reserve in the amount of $25,000 ("Litigation Reserve") to cover Seller's attorney's fees and costs associated with the Complaint and the Remand Motion and any of Seller's attorney's fees and costs of implementing the actions required by Paragraph 18 below as well as any additional Seller attorney's fees and costs to consummate the Loan Sale. In the event that Buyer pays the Purchase Price Alternative A, when the actions in Paragraph 18 are complete and the Loan Sale is consummated, any additional unused Litigation Reserve funds shall be accounted for and refunded to Buyer within 14 days after consummation of the Loan Sale.

(b)    In the event that Buyer pays Purchase Price Alternative B, Seller and Buyer shall modify the Baltra Note to reflect any credit from unused Litigation Reserve funds, once all the actions required by Paragraph 18 are completed and Seller is no longer a party to the Complaint.

14.    <u>Governing Law</u>.  This Agreement is being entered into the State of California and shall be governed by and construed in accordance with the laws of the State of California and subject to venue and jurisdiction of Los Angeles County, California.

15.    <u>Counterparts</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one document.

16.    <u>Time of Essence</u>.  Time and strict and punctual performance are of the essence with respect to each provision of this Agreement.

17.    <u>Effectiveness.</u>  This Agreement shall become effective when it has been executed by all of the parties to this Agreement ("Effective Date").

18.    <u>Litigation in Name of Seller.</u>  With respect to any Loan or Loan Document that is the subject of litigation, bankruptcy, foreclosure or other legal proceeding, Buyer agrees that it shall, at its own cost, within thirty (30) days of the Effective Date of this Agreement (a) notify any foreclosing trustee and all counsel of record in each such proceeding of the transfer of the Loan or Loan Documents from Seller to Buyer, and (b) file pleadings to relieve Seller's counsel of record from further responsibility in such litigation and remove Seller as a party in such action and substitute Buyer as the real party-in-interest.  Upon completion of the actions by Seller required in this Paragraph, Buyer shall refund any funds reserved for the purpose of defending the litigation or legal proceeding that was included in the Purchase Price in cash, if Seller pays Purchase Price Alternative A or by a Baltra Note Modification if Buyer pays Purchase Price Alternative B.  The refund shall be net of any expenses and costs incurred by Seller in connection with the actions to be performed in this Paragraph.

19.    <u>Cooperation with Respect to Litigation</u>.  Each party, through its own counsel, shall have the right to monitor any litigation with Loan Parties.  In this regard, the parties shall, at no expense to the other, provide the other with copies of any and all pleadings, correspondence, memoranda, and other documents when so requested.

20.    <u>Survival of Representations and Warranties</u>.  The representations, warranties and covenants of the parties contained herein shall survive the consummation of the transactions contemplated in this Agreement, subject to any time period limitations specified herein.

21.    <u>Further Assurances</u>.  Seller and Buyer shall each execute and deliver to the other all further documents or instruments reasonably requested by either of them in order to effect the intent of this Agreement and to obtain the full benefit of this Agreement.  Any request by either party under this Paragraph 21 shall be accompanied by the document proposed for signature by the party requesting it, in form and substance satisfactory to the party of whom the request is made and its attorneys.  The party making the request shall bear and discharge any fees or

expenses incident to the preparation, filing or recording of documents requested pursuant to this Paragraph.

22.    Entire Agreement.    THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. The parties make no representations or warranties to each other, except as contained in this Agreement or in the accompanying exhibits or the certificates or other Closing documents delivered according to this Agreement.    All prior agreements and understandings between the parties hereto with respect to the transactions contemplated hereby, whether verbal or in writing, are superseded by, and are deemed to have been merged into, this Agreement unless otherwise expressly provided herein. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns, but no other party shall have or claim any third-party beneficiary rights under this Agreement.

23.    Construction. This Agreement shall not be construed against the party preparing it but shall be construed as if both parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party. The parties are represented by counsel, or had an opportunity to be represented by counsel, and enter into this Agreement voluntarily with full understanding of all aspects of this Agreement.

24.    Conflicts with Loan Documents. To the extent that this Agreement conflicts with any term or condition of the Baltra Note and Baltra Deed of Trust, the Baltra Note and the Baltra Deed of Trust shall take priority and have full force and effect, provided Buyer pays the Purchase Price Alternative B.

25.    Modifications. This Agreement may not be changed, waived, discharged, or terminated orally, but only by an instrument in writing signed by the party against which enforcement of such change, waiver, discharge, or termination is sought.

26.    Severability. If any provision of this Agreement shall be determined to be invalid, illegal or unenforceable, the balance of this Agreement shall remain in full force and effect and if any provision is inapplicable to any person of circumstance, it shall nevertheless remain applicable to all other persons and circumstances.

27.    Notices. All notices between the parties shall be in writing and shall be served either personally, by certified mail, facsimile (followed by overnight courier) or overnight courier services, and shall be deemed given or made only upon actual receipt; provided, however, if served by certified mail and delivery is refused or the U.S. Postal Service is otherwise unable to effect delivery, notice shall be deemed given and made five (5) business days after the deposit thereof in the United States mail, postage prepaid, addressed to the party of whom said notice is to be given or made.

All notices to Seller shall be given to him at:

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

With a copy to:
Donna T. Parkinson
Parkinson Phinney
3600 American River Drive, Suite 145
Sacramento, CA 95864

All notices to Buyer shall be given to him at:
Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626

28.    <u>References in this Agreement</u>.  Whenever the context of this Agreement requires, references to the singular number shall include the plural, and the plural shall include the singular, where appropriate; words denoting gender shall be construed to include the masculine, feminine and neuter when appropriate; and specific enumeration shall not exclude the general but shall be considered as cumulative.

IN WITNESS WHEREOF, each party has caused this Agreement to be executed this ____ day of _____, 2022.

**SELLER**
JAMES HAYCOCK,
as Trustee of a Separate Trust

**BUYER**
JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001

_____
JAMES HAYCOCK, Trustee

_____
JULIUS AARONS, Trustee

10

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

With a copy to:

Donna T. Parkinson
Parkinson Phinney
3600 American River Drive, Suite 145
Sacramento, CA 95864

All notices to Buyer shall be given to him at:
Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626

28.    <u>References in this Agreement</u>.  Whenever the context of this Agreement requires, references to the singular number shall include the plural, and the plural shall include the singular, where appropriate; words denoting gender shall be construed to include the masculine, feminine and neuter when appropriate; and specific enumeration shall not exclude the general but shall be considered as cumulative.

IN WITNESS WHEREOF, each party has caused this Agreement to be executed this ____ day of ____, 2022.

**SELLER**
JAMES HAYCOCK,
as Trustee of a Separate Trust

_____
JAMES HAYCOCK, Trustee

**BUYER**
JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001

_____
JULIUS AARONS, Trustee

# ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of _ORANGE_____ }

On _1-31-2022_ before me, _G.Lew , notary Public_,
(Here insert name and title of the officer)
personally appeared _Julius Aarons_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public Signature                    (Notary Public Seal)

G. LEW
Notary Public - California
Orange County
Commission # 2238336
My Comm. Expires Apr 16, 2022

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_Loan Sale Agreement_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _14_ Document Date _1/3/2022_

CAPACITY CLAIMED BY THE SIGNER
☑ Individual (s)
☐ Corporate Officer
_____
(Title)
☐ Partner(s)
☐ Attorney-In-Fact
☐ Trustee(s)
☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*This form complies with current California statutes regarding notary wording and, if needed, should be completed and attached to the document. Acknowledgents from other states may be completed for documents being sent to that state so long as the wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

2015 Version www.NotaryClasses.com 800-873-9865

**EXHIBIT A**

LOAN SUBJECT TO LOAN PURCHASE AGREEMENT
AND ALLOCATED AMOUNTS OWED BY BORROWER ASHLEY S. AARONS 2015
TRUST DATED 5/15/2015

| Description of Loan | Original Principal Balance | Principal Balance as of 1/31/22 | Accrued Interest through 1/31/22 | Additional Advances & Foreclosure Fees & Litigation Reserve Fund |
|---|---|---|---|---|
| residential loan secured by residential property: 984 Bel Air Road, Los Angeles, CA 90077 | $170,000.00 | $265,161.90 | $17,716.51 | $77,445.39 |
| Purchase Price Amount as of 1/31/22  $260,000.00 | | | | |

**EXHIBIT B**

DEFINITIONS

"Allocated Amount" with respect to any Loan means the portion of the Purchase Price allocated to such Loan, as listed on Exhibit A.

"Closing" means the closing of the purchase and sale of the Loan and Loan Documents, to be held before _____ p.m. Pacific Time on the Closing Date at _____Escrow Company located at _____ or such other place as the parties may agree.

"Closing Date" means _____.

"Effective Date" means the date when each of the parties have fully executed and initialed this Agreement.

"Funding Escrow" means the escrow through which Buyer plans to obtain funding for purchase of the Bel Air Loan.

"Loan Balance" with respect to a Loan means the sum of (a) the outstanding principal balance, (b) accrued but unpaid interest, (c) accrued late fees, and (d) advances and foreclosure fees, all as of the Closing Date, without giving effect to any payment received on or after the Closing Date. The Loan Balance is listed on Exhibit A.

"Loan Party" with respect to the Bel Air Note and Loan means the Borrower, Ashley Aarons.

"Purchase Price" means alternatively:
A) $260,000.00 in certified funds or wire transfer paid within 24 hours of closing of the Funding Escrow or

B) A Promissory Installment Note ("Baltra Note") substantially in the form attached hereto as Exhibit D in the amount of $260,000,00 secured by a Deed of Trust ("Baltra Deed of Trust") against property commonly known as 2029 Baltra Place, Costa Mesa, CA 92626 and as legally described in substantially the form of the Deed of Trust attached hereto as Exhibit E.

"Bel Air Property" means the Bel Air Property (together with all buildings, structures and improvements situated thereon) or mineral interest described in the Loan Documents securing the payment of the Bel Air Note.

"Real Property Reports" means all title policies, file reviews, environmental assessments, inspection reports, surveys, and/or engineering reports and appraisals relating to the Bel Air Property that are in Seller's possession.

## EXHIBIT C

## NOTICE TO BORROWER ASHLEY AARONS

_____ [date]


Ashley Aarons
2029 Baltra Place
Contra Costa, CA 92626

Re:  James Haycock as trustee of a Separate Trust loan to Ashley S. Aarons 2015 Trust dated 5/15/2015

Ms. Ashley S. Aarons

This letter is provided as a courtesy notification.

James Haycock as trustee of a Separate Trust has sold his beneficial interest in the above referenced loan to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 (the "Buyer").  The Buyer will handle all future servicing of your loan effective _____.  All future correspondence, payments, questions or concerns associated with the above loan should be forwarded to the following address:

Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626

Should you have any questions or concerns regarding any remaining portion of your relationship with James Haycock, please do not hesitate to contact him.  Thank you.

Sincerely,

James Haycock

_____

# **Exhibit D**

## Promissory Note Secured By a 2nd Deed of Trust

**Date:** January 31, 2022
**Borrower:** JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Borrower")
**Borrower's Mailing Address:** 2029 Baltra Place Costa Mesa, CA 92626
**Holder:** JAMES HAYCOCK as Trustee of a Separate Trust ("Holder")
**Place for Payment:** 11301 Taylor Draper Lane #2, Austin TX 78759, or any other place that Holder may designate in writing.
**Principal Amount:** $260,000.00
**Annual Interest Rate:** 8.0%
**Maturity Date:** Feb 1, 2027

1. **Promise to Pay**
Borrower promises to pay to the order of Holder the Principal Amount plus interest at the Annual Interest Rate. This note ("Note") is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

2. **Annual Interest Rate on Matured, Unpaid Amounts:** 8.0% or the highest rate permitted by law, whichever is less.

3. **Terms of Payment (principal and interest):** The Principal Amount is due and payable on Maturity Date, and the interest is due and payable monthly as it accrues as follows: interest only payments of $1,733.33 beginning on March 1, 2022 and continuing thereafter on the 1st day of each month until the Maturity Date, when the entire unpaid balance of Principal plus accrued interest will be due and payable in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount except as otherwise set forth in Paragraph 6.

4. **Method of Computation of Interest**
Interest for periods of one or more whole calendar months shall be calculated on the basis of one-twelfth (1/12) of one year's interest for each such month that principal is outstanding. Interest for a period of less than a whole calendar month shall be calculated on the basis of one-three hundred sixtieth (1/360) of one year's interest on the outstanding principal at the applicable rate times the number of days during such period that principal is outstanding.

5. **Security for Payment:** This Note is secured by a deed of trust ("Deed of Trust") dated January 31, 2022 from JULIUS AARONS, Trustee of The Aarons as Trustee of a Separate Trust 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, which covers the following real property:

> See Exhibit "A" hereto attached and made of part hereof, and commonly known as
> 2029 Baltra Place Costa Mesa, CA 92626

6. **Application of Payments**
All payments received, irrespective of how they may be designated by Borrower, shall be applied in this order: first, to amounts other than interest and principal, if any, owing under this Note, the

1

Deed of Trust or any of the other Loan Documents; second, to accrued interest; third, to principal; except that, after the occurrence and during the continuation of any Event of Default, all amounts received shall be applied in such order as Holder, in its sole discretion, may elect. Borrower waives the application of Sections 1479 and 2822(a) of the California Civil Code and any other statute or rule of law that would otherwise direct, or permit Borrower to direct, the order of application of payments made by Borrower or amounts otherwise received by Holder.

### 7.  No Waiver by Acceptance of Overdue or Partial Payments

If Holder accepts payment of any overdue amount, or partial payment of an amount due and the remainder of such amount is unpaid, such acceptance shall in no event: (a) constitute a cure or waiver of Borrower's default with respect to such overdue or unpaid amount; (b) prevent Holder from exercising any of its rights and remedies with respect to Borrower's default; or (c) constitute a waiver of Holder's right to require full and timely payment of amounts becoming due thereafter or to exercise any of Holder's rights and remedies for any failure to so pay.

### 8.  Defaults and Remedies

A default exists under this note if (1) Borrower defaults in the payment of this Note or in the performance of any obligation in any instrument securing or collateral to this Note; (2) (a) Borrower or (b) any other person liable on any part of this Note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Holder and Borrower or any Other Obligated Party other than as described in (1) above; (3) any representation in this Note or in any other written agreement between Holder and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or an Other Obligated Party of any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this Note; (5) any Collateral Security is assigned for the benefit of creditors; (6) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (7) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for 60 days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (8) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs, or is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (9) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Notwithstanding any other provision of this Note, in the event of a default, before exercising any of Holder's remedies under this Note or any Deed of Trust securing it, Holder will first give Borrower written notice of default and Borrower will have 30 days after notice is given in which to cure the default. If the default is not cured 30 days after notice, (1) Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by California State Law; and (2) Holder may declare the unpaid principal balance, earned interest, and any other amounts owed on the Note immediately due and may exercise all other rights and remedies available at law or in equity.

2

### 9. Acceleration upon Default

Upon the occurrence of an Event of Default, Holder may, at his election, declare the entire balance of principal and accrued interest immediately due and payable. A delay by Holder in exercising any right of acceleration after an Event of Default shall not constitute a waiver of the Event of Default or of the right of acceleration or any other right or remedy for such Event of Default, including the imposition of the Default Rate (defined below) from the date of the Event of Default. The failure by Holder to exercise any right of acceleration as a result of an Event of Default shall not constitute a waiver of the right of acceleration or any other right or remedy with respect to any other Event of Default, whenever occurring.

### 10. Acceleration in Other Events

The entire balance of principal and interest is also subject to acceleration upon the occurrence of certain events, including certain transfers of the Property, as provided in the Deed of Trust.

### 11. Interest Rate after Acceleration or Maturity

When this Note becomes due in full, whether by acceleration (upon an Event of Default or otherwise), by the occurrence of the Maturity Date, or in any other manner, if Borrower fails to pay all amounts due, the unpaid principal balance and attorney's fees and costs incurred shall, from and after such due date due, and without notice, bear interest until paid at the rate of ELEVEN percent (11.00%) per annum (the "*Default Rate*").

### 12. Attorney's Fees

Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the Note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower shall pay Holder these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the Note and will be secured by the Deed of Trust.

### 13. Usury Savings

Interest on the debt evidenced by this Note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this Note and all other instruments concerning the debt.

All calculations of the rate of interest contracted for, charged, taken, reserved, or received in connection with this Note that are made for the purpose of determining whether such rate exceeds the maximum nonusurious rate of interest permitted by law shall be made, to the extent permitted by applicable laws, by spreading, during the period of the full term of this Note, all interest at any time contracted for, charged, taken, reserved, or received by Holder.

### 14. Full Payment

All amounts payable under this Note shall be paid in full without setoff, deduction or counterclaim. All amounts payable under this Note shall be free and clear of and without any deduction or

3

withholding for or on account of any taxes, levies, duties, charges, fees, restrictions or conditions of any nature now or hereafter imposed by any country, federal, state, county or local government or any political subdivision or taxing authority thereof or therein. Borrower shall indemnify Holder against any such taxes, levies, imposts, duties, charges and fees (other than taxes on the income of Holder imposed by any taxing authority) which may be assessed against Holder or claimed or demanded from Holder in respect of any amount payable by Borrower hereunder, and against any costs, charges, expenses or liability arising out of or with respect to such assessment, claim or demand, to the full extent permitted by law.

### 15. Time of the Essence

Time is of the essence with respect to the payment and performance of the obligations under this Note.

### 16. Severability

Every provision of this Note is intended to be several. If any provision of this Note is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, such illegality, invalidity or unenforceability shall not affect the other provisions hereof, which shall remain binding and enforceable.

### 17. Integration; No Oral Waivers or Modifications

This Note together with any note or other related documents constitutes the entire understanding and agreement of the parties as to the matters set forth in this Note. No oral waivers, modifications, alterations or amendments to this Note shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

### 18. Other Clauses

Each Borrower is responsible for all obligations represented by this Note.
When the context requires, singular nouns and pronouns include the plural.
If any installment becomes overdue for more than 10 days, at Holder's option a late payment charge of 5.00% of the amount of the payment may be charged in order to defray the expense of handling the delinquent payment.

If any provision of this Note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Holder and Borrower, the provisions of the Note will govern to the extent of the conflict.

This Note will be construed under the laws of the state of California, without regard to choice-of-law rules of any jurisdiction.
Holder may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

### 19. Waiver of Jury Trial

WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY KNOWINGLY, INTENTIONALLY, IRREVOCABLY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING

4

BASED UPON, ARISING OUT OF OR IN ANY WAY RELATING TO THIS NOTE, ANY DOCUMENTS SECURING THIS NOTE, OR ANY DOCUMENTS ASSOCIATED WITH THE SAME TRANSACTION OF WHICH THIS NOTE IS A PART, OR ANY CONDUCT, ACT OR OMMISSION OF HOLDER, BORROWER, GUARANTOR, OR OTHER OBLIGOR, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, MANAGERS, EMPLOYEES, AGENTS, OR ATTORNEYS, OR ANY OTHER PARTY OR PERSON AFFILLIATED WITH ANY OF THEM, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

**BORROWER**

JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001

_____        _1-31-2022_____
JULIUS AARONS                                          Date

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COSTA MESA COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 78 OF TRACT NO. 4348, IN THE CITY OF COSTA MESA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 169, PAGES 48 THROUGH 50, INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 139-453-06

# **<u>Exhibit E</u>**

After Recording Return To:

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

---

Assessor's Parcel No.: 139-453-06

Space Above This Line for
Recorder's Use

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust ("Deed") is entered into on this 31st day of January, 2022 by and among Trustor, Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Trustor") whose address is 2029 Baltra Place, Costa Mesa, CA 92626, First American Title Company, a California Trustee ("Trustee"), and Beneficiary, James Haycock as Trustee of a Separate Trust ("Beneficiary").

WITNESSETH: That Trustor hereby irrevocably grants, transfers, and assigns to trustee in trust, with power of sale for the benefit of the Beneficiary, all of Trustor's interest in and to that certain property commonly known as 2029 Baltra Place, Costa Mesa, 92626, California, Orange County and described as follows (the "Property"):

**The land referred to herein below is situated in Costa Mesa, County of Orange, State Of California, and is described as follows:**

**Lot 78 of Tract No. 4348, in the City of Costa Mesa, County Of Orange, State Of California, as per map recorded in Book 169, PAGES 48 through 50, inclusive of miscellaneous maps, in the Office of The County Recorder of said county.**

**APN: 139-453-06**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (12) to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by that certain promissory note of even date herewith and any extension or renewal thereof, in the original principal sum of ($260,000.00) executed by Trustor in favor of Beneficiary or order; and (3) payment of such further sums as the then record owner

1

of said Property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

To Protect the Security of this Deed of Trust, Trustor Agrees:

(1) To keep the Property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said Property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said Property in violations of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary in an amount at least covering the full replacement cost of the Property transferred and assigned by this instrument. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees and costs in a reasonable sum, in any such action or proceeding, including attorney's fees and costs incurred in any and all matters in federal bankruptcy court, in which Beneficiary or Trustee may appear, and in any suit or motion brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said Property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said Property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said Property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) At Beneficiaries option, any one or more of the following shall constitute an event of default ("Default"):

a) The failure of Trustor or Obligor to pay when due any installment of principal or interest under the Debt Instrument or any other sum as provided in any Loan Document or any other instrument or agreement secured hereby, whether at maturity, by acceleration or as part of a prepayment or otherwise;

b) The failure of Trustor or Obligor to promptly and completely observe or perform any term, condition, covenant, agreement or obligation contained in this Deed of Trust, any other Loan Document or any other instrument or agreement secured hereby, and the continuation of such failure following the expiration of any applicable notice, cure or grace period, if any, provided for therein or herein;

c) The failure of Trustor to comply with any term, condition, covenant, agreement, law, ordinance or regulation now or hereafter affecting the Trust Estate or any part thereof;

d) The occurrence of any "default" or "event of default" under any of the other Loan Documents (as defined therein) or any other instrument or agreement secured hereby; or

e) Sale, conveyance or other transfer any interest, or change of control in the Property (whether voluntarily or by operation of law), by Trustor or agreement to do so, without Beneficiary's prior written consent, including, without limitation, (a) any sale, conveyance, assignment, or other transfer of (including installment land sale contracts), or the grant of a security interest in, all or any part of the legal or equitable title to the Property, except as otherwise permitted hereunder; or (b) any lease of all or any portion of the Property. Any Default under this paragraph 6(e) shall cause an immediate acceleration of the loan without any demand by Beneficiary.

(7) Notwithstanding and including all other remedies set forth in this Deed, the following shall be remedies of Beneficiary, at his option:

a) To declare all indebtedness secured hereby, and the same shall thereupon become, immediately due and payable without any presentment, demand, protest or notice of any kind;

b) Termination of Trustor's right and license to collect the rents, and either in person or by agent, with or without bringing any action or proceeding;

c) As a matter of right and without regard to the then value of the Property or the interest of Trustor therein, to apply to any court having jurisdiction to appoint a receiver or receivers of the Property, and Trustor hereby irrevocably consents to such appointment. Any such receiver or receivers shall have all the usual powers

3

and duties of receivers in like or similar cases and all the powers and duties of Beneficiary in case of entry as provided in this Deed and shall continue as such and exercise all such powers until the later of (i) the date of confirmation of sale of the Property, (ii) the disbursement of all proceeds of the sale of the Property collected by such receiver and the payment of all expenses incurred in connection therewith, and (iii) the termination of such receivership with the consent of Beneficiary or pursuant to an order by a court of competent jurisdiction;

d) Commence a civil action to foreclose this Deed as a mortgage, or specifically enforce any of the covenants hereof;

e) Deliver to Trustee a written declaration of Default and demand for sale, and a written Notice of Default and election to cause Trustor's interest in the Property or any portion thereof to be sold, which notice Trustee or Beneficiary shall cause to be transmitted and recorded, if applicable, in accordance with governing law;

f) Exercise all other rights and remedies provided herein, in any loan document or other document or agreement now or hereafter securing all or any portion of the obligations secured hereby, or provided by law. Upon the occurrence of an event of Default hereunder, Beneficiary may proceed in any sequence to exercise its rights hereunder with respect to all or any portion of the Property; and

g) No remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every power or remedy given by any of the loan documents to Trustee or Beneficiary, or to which either of them may be otherwise entitled, may be exercised concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary. If there exists additional security for the obligations secured hereby, Beneficiary, at its sole option, and without limiting or affecting any of the rights or remedies hereunder, may exercise any of the rights or remedies to which it may be entitled hereunder either concurrently with whatever rights it may have in connection with such other security or in such order and in such manner as Beneficiary may deem fit without waiving any rights with respect to such other security.

(8) That any award of damages in connection with any condemnation for public use of or injury to said Property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(9) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare Default for failure so to pay.

(10) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the

4

indebtedness secured hereby, Trustee may reconvey any part of said Property, consent to the making of any map or plot thereof; join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(11) That upon written request of Beneficiary statement that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(12) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this Trust, to collect the rents, issues and profits of said Property, reserving unto Trustor the right, prior to any event of Default by Trustor, to collect the rents, issues and profits of said Property and to collect and retain such rents, issues and profits as they become due and payable.

Upon any such Default, Beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said Property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees and costs upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said Property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

(13) That upon Default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, except as otherwise set forth herein, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of Default and demand for sale and of written Notice of Default and of election to cause to be sold said Property, which Notice Trustee shall cause to be recorded. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said Notice of Default, and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said Property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.

5

Any person, including Trustor, Trustee or Beneficiary as herein defined, may purchase at such sale. Beneficiary may at his option credit bid at the sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(14) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(15) This Deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the Loan Agreement secured hereby, whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

16) This Deed together with any note or other related documents constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed. No alteration of or amendment to this Deed shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

17) WAIVER OF RIGHT TO TRIAL BY JURY. TRUSTOR TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY KNOWINGLY, INTENTIONALLY, IRREVOCABLY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF OR IN ANY WAY RELATING TO THIS NOTE, ANY DOCUMENTS SECURING THIS NOTE, OR ANY DOCUMENTS ASSOCIATED WITH THE SAME TRANSACTION OF WHICH THIS NOTE IS A PART, OR ANY CONDUCT, ACT OR OMMISSION OF BENEFICIARY, BORROWER, GUARANTOR, OR OTHER OBLIGOR, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, MANAGERS, EMPLOYEES, AGENTS, OR ATTORNEYS, OR ANY OTHER PARTY OR PERSON AFFILLIATED WITH ANY OF THEM, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

(18) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party

hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**TRUSTOR:**

Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001

_/JULIUS AARONS_

### ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

On  1-31-2022 , before me,  G.Lew, Notary Person , personally appeared  Julius Aarons , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Notary Public, State of California_

[SEAL]

G. LEW
Notary Public - California
Orange County
Commission # 2238336
My Comm. Expires Apr 16, 2022

7

## DO NOT RECORD REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

Dated _____.

To _____Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Short Form Deed of Trust and Assignment of Rents. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____          SIGNATURE

LENDER NAME

By: _____          _____
PRINT NAME

Its: _____

TITLE

**MAIL RECONVEYANCE TO:**

_____

Do not lose or destroy the Deed of Trust OR THE NOTE that it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**TRUSTEE:**

[TRUSTEE NAME], a [STATE OF ORGANIZATION] [ENTITY TYPE]

By: _____

Name: _____

Title: _____

8

EXHIBIT F

The Plan had the following language regarding Haycock's Promissory Note Secured by

Second Deed of Trust("Note") and Deed of Trust:

> Commencing September 1, 2020, the second lienholder on the Bel Air
> Property, James Haycock as Trustee of a Separate Trust ("Haycock"), will
> receive a monthly interest only payment at 10% per annum based on
> Haycock's allowed claim amount. All outstanding principal and interest due
> receive a monthly interest only payment at 10% per annum based on
> Haycock's allowed claim amount. All outstanding principal and interest due
> on the allowed claim amount will be paid in one installment payment to be
> made on or before April 1, 2021 in an amount to be approved by Haycock or
> further Court order. The maturity date of April 1, 2021 may be extended for
> up to six (6) months should the Debtor meet the conditions for an extension
> under the Modification Agreement.

> The estimated claim is the amount of Claim 17 filed by Haycock.

> The Court granted Haycock relief from the automatic stay at the hearing on
> June 30, 2020. If the Debtor defaults on her payments to POL or Haycock,
> Haycock may enforce its remedies to foreclose upon and obtain possession of
> the Bel Air Property in accordance with applicable nonbankruptcy law as
> further detailed in the order granting Haycock relief from stay.

> Docket Number 311, Amended Disclosure Statement, Exhibit H, 2B & 2C,
> as incorporated by Docket Number 313 Amended Plan.

# EXHIBIT "2"

 

**This page is part of your document - DO NOT DISCARD**



## 20220178723



**Pages:
0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/14/22 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 20.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| SB2: | | 75.00 |
| PAID: | | 95.00 |





**L E A D S H E E T**



202202140190049

**00021952593**



013158864

**SEQ:
01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



E44231B

**FOR REFERENCE ONLY: 20220178723**

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUEST BY:

AND WHEN RECORDED MAIL TO:
Julius Aarons, Trustee
2029 Baltra Place
Costa Mesa CA 92626

Space above this line for recorder's use only

Trustee Sale No.: 131478-1    Loan N███████    Title Order No.███████

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, executed by ASHLEY S. AARONS TRUSTEE OF THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015, as Trustor; to Lawyers Title-OC, as Trustee; and recorded on 02/19/2019 as Document No. 20190144545, of Official records in the office of the Recorder of Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE: _01/31/22_

By: James Haycock, as Trustee of a Separate Trust

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF _TEXAS_
COUNTY OF _TRAVIS_

On _JANUARY 31, 2022_ before me, _JEFFREY A. BIRK_ , Notary Public, personally appeared _JAMES HAYCOCK_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _TEXAS_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



JEFFREY A BIRK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/12/25
NOTARY ID 12902468-8

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUEST BY:

AND WHEN RECORDED MAIL TO:
Julius Aarons, Trustee
2029 Baltra Place
Costa Mesa CA 92626

Space above this line for recorder's use only

Trustee Sale No.: 131478-1    Loan No. ▮▮▮▮▮    Title Order N▮▮▮▮▮▮

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, executed by ASHLEY S. AARONS TRUSTEE OF THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015, as Trustor; to Lawyers Title-OC, as Trustee; and recorded on 02/19/2019 as Document No.  20190144545, of Official records in the office of the Recorder of  Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE:  01/31/22

By: James Haycock, as Trustee of a Separate Trust

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF _TEXAS_
COUNTY OF _TRAVIS_

On JANUARY 31, 2022  before  me, JEFFREY A. BIRK _____, Notary Public, personally appeared JAMES HAYCOCK _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _TEXAS_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JEFFREY A BIRK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/12/25
NOTARY ID 12902468-8

Exhibit "C"

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>MATTHEW ABBASI, ESQ., SBN 215030<br>ABBASI LAW CORPORATION<br>6320 CANOGA AVE., SUITE 220<br>WOODLAND HILLS, CALIFORNIA 91367<br>TELEPHONE NO.: (310) 358-9341    FAX NO.: (888) 709-5448<br>ATTORNEY FOR *(Name):* PLAINTIFF | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME:
JULIUS AARONS VS. PATCH OF LAND LENDING, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary b. [✓] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* Declaratory and Injunctive Relief
5. This case [ ] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 3/26/2022
MATTHEW ABBASI
_____    ►_____
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: JULIUS AARONS VS. PATCH OF LAND LENDING, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: JULIUS AARONS VS. PATCH OF LAND LENDING, LLC | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: JULIUS AARONS VS. PATCH OF LAND LENDING, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 3 of 4

| SHORT TITLE: JULIUS AARONS VS. PATCH OF LAND LENDING, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| □ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | 984 Bel Air Road, Los Angeles, California 90077 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| LOS ANGELLES | CA | 90077 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___3/26/2022___

(SIGNATURE OF ATTORNEY/FILING PARTY)

MATTHEW ABBASI, ESQ.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Exhibit "D"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PATCH OF LAND LENDING, LLC, a Delaware limited liability company; FCI LENDER SERVICES, INC., a California corporation; CALIFORNIA TD SPECIALISTS; VERUS RESIDENTIAL LOANCO, LLC, a Delaware limited liability company; All persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interests; and DOES 1 to 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JULIUS AARONS, AS TRUSTEE OF THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001

FILED
Superior Court of California
County of Los Angeles

MAR 28 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ , Deputy
Glorietta Robinson

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT
111 NORTH HILL STREET, LOS ANGELS, CALIFORNIA 90012

CASE NUMBER
*(Número del Caso):* 22STCV10467

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MATTHEW ABBASI, ESQ., ABBASI LAW CORPORATION, 6320 CANOGA AVE., SUITE 220, WOODLAND HILLS, CALIFORNIA 91367; TELEPHONE: (310) 358-9341; FACSIMILE: (888) 709-5448

DATE:
*(Fecha)* MAR 28 2022
SHERRI R. CARTER Clerk, by _____ , Deputy
*(Secretario)* Glorietta Robinson *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 435
www.courtinfo.ca.gov

03/28/2022

Exhibit "E"

## Superior Court of California, County of Los Angeles

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may <u>not</u> be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

Exhibit "F"

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 0 3 2019**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all

documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los

Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex

Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).)

All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the

following:

1) DEFINITIONS

     a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to

         quickly locate and navigate to a designated point of interest within a document.

     b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling

         portal, that gives litigants access to the approved Electronic Filing Service Providers.

     c) **"Electronic Envelope"** A transaction through the electronic service provider for submission

         of documents to the Court for processing which may contain one or more PDF documents

         attached.

     d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a

         document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) EXEMPT LITIGANTS

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) EXEMPT FILINGS

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

i) Depositions;

ii) Declarations;

iii) Exhibits (including exhibits to declarations);

iv) Transcripts (including excerpts within transcripts);

v) Points and Authorities;

vi) Citations; and

vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019



KEVIN C. BRAZILE
Presiding Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

Exhibit "G"

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

**◆Los Angeles County Bar Association Litigation Section◆**

**◆ Los Angeles County Bar Association
Labor and Employment Law Section◆**

**◆Consumer Attorneys Association of Los Angeles◆**

**◆Southern California Defense Counsel◆**

**◆Association of Business Trial Lawyers◆**

**◆California Employment Lawyers Association◆**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                          (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____        ➤ _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| | |
|---|---|
| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally.  Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a.  The party requesting the Informal Discovery Conference will:

        i.   File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii.  Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b.  Any Answer to a Request for Informal Discovery Conference must:

        i.   Also be filed on the approved form (copy attached);

        ii.  Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

[ Print ]    [ Save ]                                    [ Clear ]

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| Print | Save | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

# FILED

LOS ANGELES SUPERIOR COURT

## MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

General Order Re )     ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )     EXTENDING TIME TO RESPOND BY
Stipulations )     30 DAYS WHEN PARTIES AGREE
)     TO EARLY ORGANIZATIONAL
)     MEETING STIPULATION
_____ )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

Exhibit "H"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>03/28/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ G. Robinson _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV10467 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Theresa M. Traber | 47 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 03/28/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By G. Robinson                        , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

## APPLICATION

The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

## COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

## CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

## STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

Exhibit "I"

1  MATTHEW ABBASI, ESQ.; SBN 215030
   **ABBASI LAW CORPORATION**
2  6320 CANOGA AVE., SUITE 220
   WOODLAND HILLS, CALIFORNIA 91367
3  TELEPHONE:  (310) 358-9341
   FACSIMILE:   (888) 709-5448
4  EMAIL: matthew@malawgroup.com

5  ATTORNEYS FOR PLAINTIFF,
   JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST
6  DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10  JULIUS AARONS, AS TRUSTEE OF THE      )    **CASE NO.:**
    AARONS 1991 LIVING TRUST DATED        )
11  5/16/1991 AS AMENDED AND RESTATED      )    *Related to Case No. 22STCV01308__*
    9/28/2001                             )
12                                        )
                                          )    **PLAINTIFF'S EX PARTE**
13                   Plaintiff,           )    **APPLICATION FOR TEMPORARY**
                                          )    **RESTRAINING ORDER AND SETTING**
14  vs.                                   )    **OF A HEARING ON AN ORDER TO**
                                          )    **SHOW CAUSE RE: PRELIMINARY**
15                                        )    **INJUNCTION; DECLARATION OF**
    PATCH OF LAND LENDING, LLC, a         )    **MATTHEW ABBASI IN SUPPORT**
16  Delaware limited liability company; FCI )
    LENDER SERVICES, INC., a California    )    *[Filed Concurrently with:*
17  corporation; CALIFORNIA TD SPECIALISTS; )       *1.  Declaration of Matthew Abbasi*
    VERUS RESIDENTIAL LOANCO, LLC, a       )       *2.  Declaration of Julius Aarons*
18  Delaware limited liability company; All persons )   *3.  [Proposed] Order to Show Cause]*
    unknown claiming any legal or equitable right, )
19  title, estate, lien, or interest in the property )
    described in the Complaint adverse to Plaintiff's )   *HEARING:*
20  interests; and DOES 1 to 25, inclusive, )
                                          )    *Date:     March 28 2022*
21                                        )    *Time:     8:30 a.m.*
                                          )    *Dept.:    85 or 86*
22                   Defendants.          )
                                          )
23  _____)

24  **TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

25         **PLEASE TAKE NOTICE** that on **March 30, 2022** at 8:30 a.m., or as soon thereafter as

26  the matter may be heard, in Department 85 or 86 of the Los Angeles Superior Court, Central Judicial

27  District, located at the Stanley Mosk Courthouse on 111 North Hill Street, Los Angeles, California

28  90012, Plaintiff, JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST

                                          1
              **EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1  DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 ("Plaintiff"") will and hereby

2  applies for *ex parte* orders to temporarily restrain defendants Patch of Land Lending, LLC ("POL"),

3  FCI Lender Services, Inc. ("FCI"), California TD Specialists ("TD"), and Verus Residential

4  Loanco, LLC ("Verus") (collectively, "Defendants") from selling the real property located at 984

5  Bel Air Road, Los Angeles, California 90077, assessor's parcel number 4370-027-008 ("Subject

6  Property" or "Property") at foreclosure on **March 30, 2022 at 10:30 a.m.** *and* setting a hearing on

7  an order to show cause why the court should not impose a preliminary injunction preventing the

8  sale of real property.

9      In short, as set forth below, the Plaintiff will be irreparably damaged by an imminent

10  foreclosure sale in just two days from the above hearing.  Therefore, unless the Court acts, the

11  Subject Property will be lost to a foreclosure sale, irreparably harming Plaintiff.

12      As set forth in the declaration of Julius Aarons, the owner of the Subject Property has

13  obtained a bona fide refinancing loan to **fully payoff** the Defendants and the Plaintiff's liens which

14  would obviate the need for a foreclosure sale which may not lead to a 100% payoff of all lienholders.

15  The Plaintiff in this action is the junior secured lienholder and the father of the Subject Property's

16  owner, Ashely Aarons (the "Owner"). As it stands, if the Defendants force a fire sale foreclosure

17  of the Subject Property, the Plaintiff's lien will in all likelihood be wiped out or reduced

18  significantly. However, the Owner's refinanced loan will lead to a full payoff. Based upon the

19  foregoing, and as more specifically set forth in the attached memorandum of points and authorities

20  and its supporting declarations, it is a certainty that if Plaintiff is not provided with the relief sought

21  in this application, Plaintiff will suffer great and irreparable injury including the loss of over

22  $260,000.00 the Plaintiff paid for the junior lien at issue.

23      Based on the above, it would be a huge injustice for the March 30, 2022 foreclosure to

24  proceed while the Owner has obtained loans totaling **$6,255,000.00** which is more than sufficient

25  to pay off the Defendants' liens which has a principal sum of $3,000,000.00 with the current

26  estimated disputed payoff of **$4,200,000.00.** As such, the upcoming foreclosure sale must be stayed

27  for 30 to 60 days to allow for the refinance loan to pay off the liens. The owner's offer requires

28  standard underwriting documentation, inspection, and standard costs for the refinancing which can

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

all be taken care of if the upcoming sale is stayed. This loan offer does not have other contingency or condition.

As further set forth in the declaration of Julius Aarons, the Plaintiff's newly filed Verified Complaint does not seek to change or amend the Defendants' lien on the Subject Property. Moreover, the present filing is not stayed by any Court Order. As it stands, the Owner of the Subject Property has filed a civil action entitled *ASHLEY S. AARONS vs. PATCH OF LAND LENDING, LLC, ET. AL.* (Case No. 22STCV01308) (the "Owner Action") which names the same Defendants as in the present action. In the Owner Action, the plaintiff asserts that the Defendants are proceeding with foreclosure despite the defects in the notice of default and notice of sale, dual tracking, the request for loan modification or forbearance, and other relief pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11. However, the present action does not involve any claims or rights in dispute in the Owner Action. Moreover, the Plaintiff is not a party to the Owner Action. Therefore, after the refinancing of the loan and the payoff of the Defendants' secured lien, the Defendants and the Owner can continue with their litigation as they please. The Plaintiff's sole interest is his lien and the payoff of the same.

As it stands, on about July 17, 2019, the Owner filed for Chapter 11 Bankruptcy in a matter entitled In Re: Ashley Susan Aarons (Case No. 2:19-bk-18316-NB) and a Plan was confirmed on February 11, 2021 and effective as of February 26, 2021. However, after a disputed default, the case was converted into a Chapter 7 case and a Chapter 7 Trustee was appointed. However, as set forth in Exhibit "1", the Seller had obtained relief from the bankruptcy stay in the above-cited case *before* the Bel Air Loan Documents and the Bel Air Lien were sold and assigned to the Plaintiff. Further, the Chapter 7 Trustee appointed in this case has submitted a Notice of Intent to Abandon the Subject Property. Therefore, the Plaintiff asserts that the present case nor any relief sought herein is stayed by any Court ruling.

In sum, the Defendants will suffer no harm other than a delay in proceeding with the foreclosure. However, the Plaintiff will be surely harmed if the foreclosure sale proceeds. Accordingly, Plaintiff seeks a temporary restraining order ("TRO") restraining the sale of the Subject Property, and an order to show cause ("OSC") why a preliminary injunction should not be

3

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1  ordered pending trial in this case.

2        This *ex parte* application is based upon this notice and   attached application, the

3  concurrently filed declarations, the verified complaint filed on March 28, 2022, all records and files

4  in the above- entitled action and such oral and documentary evidence as may be presented at or

5  before the time of the hearing and the application.

6  DATED:  March 26, 2022                                **ABBASI LAW CORPORATION**

7

8                                            BY: _____

9                                                 MATTHEW ABBASI, ESQ.
                                                 ATTORNEY FOR PLAINTIFFS,
10                                                JULIUS AARONS AS TRUSTEE OF THE
                                                 AARONS 1991 LIVING TRUST
11                                                DATED 5/16/1991 AS AMENDED AND
                                                 RESTATED 9/28/2001

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's Complaint and the gravamen of the current filing is simple but other related litigation are rather convoluted and complex. In short, as set forth herein, the Plaintiff is a second junior lien holder in danger of being wiped out if this honorable court does not provide a stay a pending foreclosure sale. The only relief the Plaintiff seeks from this filing is a 30 to 60 day stay of foreclosure and collection action to allow the Owner to consummate a loan to payoff all lienholders, including the Defendants.

As per the title report for the Subject Property, PATCH OF LAND LENDING, LLC ("POL") is listed on the title to the Subject Property as the first mortgage lien holder on the Subject Property pursuant to a Deed of Trust recorded on March 27, 2018, as Instrument No. 20180291459 in the Los Angeles County Recorder's Office (hereinafter the "POL Lien"). As set forth in Exhibit "5" to the declaration of Julius Aaron, as per the "NOTICE OF TRUSTEE'S SALE" dated November 12, 2021, the Owner's indebtedness under the POL's Lien is **$4,059,522.17**.

Additionally, on or about January 1, 2022, the Plaintiff entered into a written agreement entitled "LOAN SALE AGREEMENT" with JAMES HAYCOCK, AS TRUSTEE OF A SEPARATE TRUST ("Seller") and paid $260,000.00 to purchase and obtain all of the  Seller's rights, title and interest in, to a promissory note executed by the Owner, in the original principal amount of $170,000.00, dated February 14, 2019, (the "Bel Air Note") which is secured by a junior Deed of Trust ("Bel Air Deed of Trust"), dated February 14, 2019, which granted a security interest in the Subject Property as more particularly described in the Deed of Trust (hereinafter the "Bel Air Lien"). The Bel Air Note and Bel Air Deed of Trust are hereafter collectively referred to herein as the loan documents ("Bel Air Loan Documents").

As it stands, the Owner has obtained loans totaling **$6,255,000.00** which is more than sufficient to pay off the POL Lien which has a principal sum of $3,000,000.00 with the current estimated disputed payoff of **$4,200,000.00.** However, despite the aforementioned, the Defendants are moving to foreclose on the Subject Property on **March 30, 2022**.

The Owner has sought to stop the sale of the Subject Property and filed a lawsuit that alleges

1  that Defendant CALIFORNIA TD SPECIALISTS ("TD") was not properly substituted as trustee

2  for the Subject Property pursuant to POL's Deed of Trust under California law; that the Defendants

3  have committed various torts; and that the Defendant have committed various harm to the Owner

4  due to their misrepresentation and the like. Additionally, the Owner has further asserted that the

5  foreclosure sale date for the Subject Property is void because TD has no authority, legal or

6  otherwise, to conduct the foreclosure sale of the Subject Property pursuant to the power of sale in

7  the Deed of Trust.

8          As further set forth in the declaration of Julius Aarons, the Plaintiff's newly filed Verified

9  Complaint does not seek to change or amend the Defendants' lien on the Subject Property. As it

10  stands, the Owner of the Subject Property has filed a civil action entitled *ASHLEY S. AARONS vs.*

11  *PATCH OF LAND LENDING, LLC, ET. AL.* (Case No. 22STCV01308) (the "Owner Action")

12  which names the same Defendants as in the present action.

13          Additionally, on or about July 17, 2019, the Owner filed for Chapter 11 Bankruptcy in a

14  matter entitled In Re: Ashley Susan Aarons (Case No. 2:19-bk-18316-NB) and a Plan was

15  confirmed on February 11, 2021 and had effective of February 26, 2021. However, after a disputed

16  default, the case was converted into a Chapter 7 case and a Chapter 7 Trustee was appointed.

17  However, as set forth in Exhibit "1" to the declaration of Julius Aaron, the Seller had obtained relief

18  from the bankruptcy stay in the above-cited case *before* the Bel Air Loan Documents and the Bel

19  Air Lien were sold and assigned to the Plaintiff. Further, as set forth in Exhibit "3" to the declaration

20  of Julius Aaron, the Chapter 7 Trustee appointed in this case has submitted a *Notice of Intent to*

21  *Abandon* the Subject Property. Therefore, the Plaintiff asserts that the present case nor any relief

22  sought herein is stayed by any Court ruling.

23          Plaintiff prays this Court does justice and at least temporarily restrains the March 30, 2022

24  foreclosure sale until a hearing on the merits of a preliminary injunction.

25  **II.    A TRO MAY ISSUE WHERE THERE GREAT AND IRREPARABLE INJURY**

26  **WILL RESULT UNLESS THE OFFENDING CONDUCT IS IMMEDIATELY**

27  **RESTRAINED**

28  A TRO may issue when "[i]t appears from the facts shown by affidavit or by the verified

6

complaint [or cross-complaint] that great or irreparable injury will result to the applicant before the matter can be heard on notice…" Cal. Civ. Proc. Code § 527(c)(1). The trial court should evaluate two interrelated factors when deciding whether or not to issue a temporary restraining order. The first is the likelihood that the plaintiff will prevail on the merits at trial. The second is the interim harm that the plaintiff is likely to sustain if the restraining order is denied, as compared to the harm that the defendant is likely to suffer if the order is issued. *Church of Christ in Hollywood v. Superior Court* (2002) 99 Cal.App.4th 1244, 1251.

A TRO is distinguishable from a preliminary injunction in the following respects: It may be issued ex parte; a bond, though commonly required, is not essential; and it is of short duration, normally expiring at the time of the hearing on the preliminary injunction. *Chico Feminist Women's Health Center v. Scully* (1989) 208 Cal.App.3d 230, 237. The grant or denial of a temporary restraining order is discretionary with the trial judge and amounts to a mere preliminary or interlocutory order to keep the subject of the litigation in *status quo* pending the determination of the action on its merits. *Gray v. Bybee* (1943) 60 Cal.App.2d 564, 571.

Moreover, there are ample grounds to issue a TRO and preliminary injunction of any foreclosure under the facts alleged in Verified Complaint. As it stands, Plaintiff faces far greater harm from the denial than Defendants do from the issuance of the temporary injunction. The Second District in *Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 824–825 upheld issuance of a preliminary injunction based on such relative hardships. Overall, Plaintiff risks losing the Subject Property to a wrongful foreclosure while Defendants only risk  a delay of a foreclosure sale on a property in which they have a significant equity cushion.

The Second District also pointed out that if a temporary restraining order and preliminary injunction were not granted, a plaintiff's "prayer for a permanent injunction against the foreclosure, if granted, would be useless since the trust deeds already would have been sold." *Id. at 825.* The Second District stated that "[m]uch of the other relief [plaintiff] seeks in the main action likewise would be rendered irrelevant." *Id.* The Court of Appeal concluded that "[g]iven the drastic implications of a foreclosure, it is not surprising to find courts quite frequently granting preliminary injunctions to forestall this remedy while the court considers a case testing whether it is justified

1 | under the facts and law." *Id.*

2 | **III.    AN OSC RE PRELIMINARY INJUNCTION SHOULD ISSUE**

3 |    **A. The Court Has The Power To Issue A "Prohibitory" Preliminary Injunction**

4 | California Code of Civil Procedure section 527 provides the Court with authority to issue

5 | preliminary injunctions at any time before judgment if "sufficient grounds exist therefor." An OSC

6 | re Preliminary Injunction should issue in this case as there is a threat of irreparable economic, and

7 | physical harm that cannot be compensated by monetary means.

8 | "In deciding whether to grant or deny a preliminary injunction the trial court must consider

9 | whether the party seeking the injunction is likely to prevail on the merits at trial and the harm that

10 | party is likely to sustain if the injunction is denied as compared to the harm that the opposing party

11 | is likely to suffer if the preliminary injunction issues." *Mitsui Mfrs. Bank v. Texas Commerce Bank*

12 | (1984) 159 Cal.App.3d 1051, 1059.

13 | "An injunction is a writ or order requiring a person to refrain from a particular act. It may be

14 | granted by the court in which the action is brought, or by a judge thereof; and when granted by a

15 | judge, it may be enforced as an order of the court." Cal. Civ. Proc. Code. § 525. "A preliminary

16 | injunction may be granted at any time before judgment upon a verified complaint, or upon affidavit

17 | if the complaint in the one case, or the affidavits in the other, show satisfactorily that sufficient

18 | grounds exist therefore. No preliminary injunction shall be granted without notice to the opposing

19 | party." Cal. Civ. Proc. Code § 527(a).

20 | "[T]he general rule is that an injunction is prohibitory if it requires a person to refrain from

21 | a particular act and mandatory if it compels performance of an affirmative act that changes the

22 | position of the parties." *Ryland Mews Homeowners Assn. v. Munoz* (2015) 234 Cal.App.4th 705,

23 | 712. The grant or refusal of a preliminary injunction is within the discretion of the trial court.

24 | *Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 824.

25 | A preliminary injunction is proper in the following circumstances:

26 | (1)    When it appears by the complaint that the plaintiff is entitled to the relief demanded,

and such relief, or any part thereof, consists in restraining the commission or continuance of

27 | the act complained of, either for a limited period or perpetually;

28 |

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

(2)      When it appears by the complaint or affidavits that the commission or continuance of some act during the litigation would produce waste, or great or irreparable injury, to a party to the action;

(3)      When it appears, during the litigation, that a party to the action is doing, or threatens, or is about to do, or is procuring or suffering to be done, some act in violation of the rights of another party to the action respecting the subject of the action, and tending to render the judgment ineffectual;

(4)      When pecuniary compensation would not afford adequate relief;

(5)      Where it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief.

Cal. Civ. Proc. Code § 526(a).

As with a Temporary Restraining Order, the Court weighs two interrelated factors; the likelihood the moving party will prevail on the merits, and the relative interim harm to the parties from the issuance or non issuance of the injunction. *Whyte v. Schlage Lock Co.* (2002) 101 Cal. App. 4th 1443, 1449. "The likelihood of plaintiffs' ultimate success on the merits 'does affect the showing necessary to a balancing- of-hardships analysis. That is, the more likely it is that plaintiffs will ultimately prevail, the less severe must be the harm that they allege will occur if the injunction does not issue.' " *Rite Site Coalition v. Los Angeles Unified School Dist.* (2008) 160 Cal.App.4th 336, 342 (original italics deleted).

"The converse is necessarily also true, "especially ... when the requested injunction maintains, rather than alters, the status quo." (Ibid.) Thus, the interrelated " ' "mix" ' " of relative harm and likelihood of success " ' "guides the trial court in its exercise of discretion." ' " *Id.*; accord, *King v. Meese* (1987) 43 Cal.3d 1217, 1227. "In the last analysis the trial court must determine which party is the more likely to be injured by the exercise of its discretion (citation) and it must then be exercised in favor of that party (citation)." *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 528. However, the trial court should deny a preliminary injunction when there is no reasonable probability that the plaintiff will succeed on his or her claims. *Pro– Family Advocates v. Gomez* (1996) 46 Cal.App.4th 1674, 1681; *Weingand v. Atlantic Sav. & Loan Assn.* (1970) 1 Cal.3d 806,

9

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

820.

In this instance, Plaintiff contends that he is likely to prevail on the merits of his claims and when balancing the hardships, the equities greatly favor the Plaintiff. As such, Plaintiff requests that the instant TRO be issued based upon the evidence presented in the accompanying declarations submitted with this application. Plaintiff further requests a full hearing on a Preliminary Injunction for the same reasons and under the same authorities as set forth herein, and request that OSC be issued along with the TRO to afford Defendants the opportunity to show why they should not be restrained and enjoined in the same manner for the remainder of this litigation. As shown in the declarations submitted herewith, sufficient grounds exist, and will be shown to exist at the hearing on a preliminary injunction such that the Court should issue the same upon the grounds and facts as alleged herein which support the issuance of a TRO.

## B. Losing Ownership To Real Property Has Been Long Viewed As Irreparable Harm

It has long been acknowledged that interference with the use and enjoyment of irreplaceable real property constitutes irreparable harm and the inadequacy of other legal remedies. *See People ex rel. Gow v. Mitchell Bros.' Santa Ana Theater* (1981) 118 Cal.App.3d 863. Under California law, irreparable harm is related to an "inadequate legal remedy," where relief cannot be granted unless a party is injured in a way which cannot later be repaired. *Id.* at 870-71. In addition, where a preliminary injunction is sought case law has held that the threat of "irreparable harm" must be imminent, as opposed to a mere possibility of harm sometime in the future[.]" *Korean Philadelphia Presbyterian Church v. California Presbytery* (2000) 77 Cal.App.4th 1069, 1084.

In the foreclosure context, it has been long acknowledged that a defendant lender does not really face any irreparable harm or prejudice if a prohibitory injunction issues because "[s]hould the defendant prevail at trial the worst that it will have suffered will have been some delay in foreclosure." *Baypoint Mortgage Corp. v. Crest Premium Real Estate etc. Trust* (1985) 168 Cal.App.3d 818, 824.

Plaintiff, on the other hand, would suffer irreparable and substantial harm and the relief sought by way of her complaint would be rendered moot if the Real Property is lost. *Id.* at 824-825

10

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1  ["plaintiff, on the other hand, stands to lose all … His prayer for a permanent injunction against the

2  foreclosure, if granted, would be useless since the trust deeds already would have been sold. Much

3  of the other relief he seeks in the main action likewise would be rendered irrelevant. Given the

4  drastic implications of a foreclosure, it is not surprising to find courts quite frequently granting

5  preliminary injunctions to forestall this remedy while  the court considers a case testing whether it

6  is justified under the facts and law."]

7  There is an imminent and present danger of irreparable harm as the basis for granting relief

8  ex parte, in that Plaintiff will likely lose the $260,000.00 he paid for the junior secured lien if the

9  present Application is not granted.

10  **IV.    PLAINTIFF PROVIDED EX PARTE NOTICE OF HER INTENT TO SEEK A**

11  **TRO AND SET AN OSC**

12  "Applications for ex parte temporary restraining orders are governed by the ex parte rules in

13  chapter 4 of this division." Cal. R. of Ct. 3.1150(g).  California Rule of Court 3.1203 provides "[a]

14  party seeking an ex parte order must notify all parties no later than 10:00 a.m. the court day before

15  the ex parte appearance, absent a showing of exceptional circumstances that justify a shorter time

16  for notice."

17  Rule 3.1206 provides "[p]arties appearing at the ex parte hearing must serve the ex parte

18  application or any written opposition on all other appearing parties at the first reasonable

19  opportunity." As set forth in the Declaration of Matthew Abbasi and in Exhibit "1" thereto, Plaintiff

20  provided notice of this ex parte application for a temporary restraining order and order to show cause

21  re preliminary injunction  as set forth below:

22        (a)    On March 25, 2022 at 9:51 am, Plaintiff's counsel sent notice of this ex parte

23              to the following parties, attorneys, and email addresses:

24           i.  Joshua Scheer, Esq., counsel for defendants Verus Residential Loanco,
LLC and Patch of Land Lending, LLC at jscheer@scheerlawgroup.com;

25          ii.  Jason Fritton, chief executive officer of Patch of Land Lending, LLC, at
jason@patchofland.com;

26         iii.  Duane Beasley, general counsel for Verus Residential Loanco, LLC, at
dbeasley@verusmc.com;

27         iv.  Michael Griffith, chief executive officer of FCI Lender Services, Inc., at
mgriffith@trustfci.com;

28

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1

2

            v.    Michael Griffith, registered agent for California TD Specialists, at mgriffith@trustfci.com.

3

4

     Additionally, on 12.08 p.m. on March 25, 2022, Plaintiff's counsel received a written email response from attorney Joshua Scheer, Esq. whom confirmed receipt of the notice and voiced various objections to Plaintiff's Ex-Parte Application. In turn, Plaintiff's counsel responded to the Defendants' email objections and invited the Defendants to meet and confer about a resolution to this dispute. However, the Defendants did not respond further. *See Exhibit "2" to the Declaration of Matthew Abbasi for the above-cited email communications.*

5

6

7

8

9

**V.**    **THERE IS EXIGENCY AND LIKELIHOOD OF IRREPARABLE HARM**

10

11

     "An applicant [for an ex parte application] must make an affirmative factual showing in a declaration containing competent testimony based on personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief ex parte." Cal. Rules of Court, Rule 3.1202(c).

12

13

14

     In this instance, if the Subject Property is sold at the Sale Date, Plaintiff will be irreparably harmed by the fact his lien is either wiped out or severally reduced. Therefore, there are exigent circumstances and a likelihood of immediate harm if this Court does not temporarily restrain Defendants until  a hearing on the propriety of a preliminary injunction.

15

16

17

**VI.**    **CONCLUSION**

18

19

     Based on the foregoing, Plaintiff respectfully requests that the Court issue a temporary restraining order until a hearing on an OSC re preliminary injunction.

20

21

DATED:  March 26, 2022                   **ABBASI LAW CORPORATION**

22

23

24

BY:_____
MATTHEW ABBASI, ESQ.
ATTORNEY FOR PLAINTIFFS,
JULIUS AARONS AS TRUSTEE OF THE
AARONS 1991 LIVING TRUST
DATED 5/16/1991 AS AMENDED AND
RESTATED 9/28/2001

25

26

27

28

**DECLARATION OF MATTHEW ABBASI**

I, Matthew Abbasi, declare:

1.      I am a duly licensed attorney by the California State Bar, and the principal of the Abbasi Law Corporation, counsel of record for plaintiff JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 (the "Plaintiff"). The following is based on my personal knowledge, except those things I disclaim as based on my information and belief. If called to testify as the following, I could and would do so competently.

2.      Pursuant to California Rules of Court 3.1150(g), 3.1203 and 3.1206, I provided ex parte notice to all named defendants via electronic mail at **approximately 9:51 a.m. on March 25, 2022** to the following persons and email addresses:

a.      Joshua Scheer, Esq., counsel for defendants Verus Residential Loanco, LLC and Patch of Land Lending, LLC at jscheer@scheerlawgroup.com;

b.      Jason Fritton, chief executive officer of Patch of Land Lending, LLC, at jason@patchofland.com;

c.      Duane Beasley, general counsel for Verus Residential Loanco, LLC, at dbeasley@verusmc.com;

d.      Michael Griffith, chief executive officer of FCI Lender Services, Inc., at mgriffith@trustfci.com;

e.      Michael Griffith, registered agent for California TD Specialists, at mgriffith@trustfci.com.

3.      A true copy of the ex parte notice is attached hereto as **Exhibit 1**. Additionally, on March 25, 2022 at approximately 12:08 p.m, Joshua Scheer, Esq. sent me an email objecting to this filing and notice. I responded to counsel's email and assertions later on March 25, 2022. A true copy of the above-cited email exchanges is attached here as **Exhibit 2.**

4.      Plaintiff's moving papers and verified complaint have also been served on the defendants via email and I have requested for any party to advise me if they are going to oppose the application.

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1        I declare the above is true under penalty of perjury under the laws of the State of California;

2  executed this 26th day of March 2022 at Woodland Hills, California.

3

4                          MATTHEW ABBASI

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

# ABBASI & ASSOCIATES

*ABBASI LAW CORPORATION*

ATTORNEY:

MATTHEW ABBASI, ESQ.

6320 CANOGA AVE., SUITE 220
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE: (310) 358-9341
E-FACSIMILE: (888) 709-5448
*www.malawgroup.com*

EMAIL:

MATTHEW@MALAWGROUP.COM

**March 25, 2022**

## EX-PARTE NOTICE

### *Via Email at the following:*

- Joshua Scheer, Esq., counsel for defendants VERUS RESIDENTIAL LOANCO, LLC and PATCH OF LAND LENDING, LLC at jscheer@scheerlawgroup.com

- Jason Fritton, chief executive officer of PATCH OF LAND LENDING, LLC, at jason@patchofland.com

- Duane Beasley, general counsel for VERUS RESIDENTIAL LOANCO, LLC, at dbeasley@verusmc.com

- Michael Griffith, chief executive officer of FCI LENDER SERVICES, INC., at mgriffith@trustfci.com

- Michael Griffith, registered agent for CALIFORNIA TD SPECIALISTS, at mgriffith@trustfci.com

*Re:*  *JULIUS AARON v. PATCH OF LAND LENDING, LLC ET. AL.*

| | |
|---|---|
| Our Client: | Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 |
| Case No.: | TBD |
| Property: | 984 Bel Air Road, Los Angeles, California 90077 |
| Assessor's Parcel No.: | 4370-027-008 |
| Trustee Sale No.: | 131478-1 |

Attention Defendants:

Please be advised that our office has just been retained by Mr. Julius Aarons (hereinafter the "Plaintiff"). The Plaintiff is a secured creditor. Plaintiff became a secured creditor via an Assignment of Deed of Trust from James Haycock Trustee of a Separate Trust. See enclosed assignment.

As it stands, this property is set to be sold via a foreclosure sale set for **March 30, 2022** which will wipe Plaintiff's lien because a fire sale of the Property in a foreclosure sale will almost always never lead to a sale of the Property for its fair market value. However, as it stands, the

Page 2
March 25, 2022

_____

borrower and owner of the Property has confirmed loan commitments which can easily payoff the
first and second lienholders in full. Therefore, the foreclosure sale needs to be stopped to allow a
refinancing which will payoff all secured creditors. Otherwise, my client will be irreparably
harmed.

Please be further advised that the Plaintiff will file and serve a new civil action in the Los
Angeles Superior Court against each of the parties listed in this notice. Plaintiff's complaint will
allege causes of action for Declaratory Relief and will seek a Preliminary and Permanent Injunction
to stop the pending sale of the Property. A conformed copy of the Complaint will be provided as
soon as it becomes available.

Finally, please take additional notice that the Plaintiff's is moving ex-parte on **Monday,
March 28, 2020, at 8:30 a.m., in Department 85 or Department 86** of the Los Angeles Superior
Court located at 111 North Hill Street, Los Angeles, California 90012. The Plaintiff shall seek via
an Application for an Order Shortening Time for a hearing on Plaintiff's Application for a
Temporary Restraining Order (TRO) and Order to Show Cause (OSC) re preliminary injunction
Order to stop the **March 30, 2022** foreclosure sale of the above-cited property.

Please advise our office if you are going to oppose the Plaintiff's Application. If you have
any questions, let me know. I look forward to your response.

Sincerely Yours,

ABBASI LAW CORPORATION

MATTHEW ABBASI, ESQ.

RECORDING REQUEST BY:

AND WHEN RECORDED MAIL TO:
Julius Aarons, Trustee
2029 Baltra Place
Costa Mesa CA 92626

Space above this line for recorder's use only

Trustee Sale No.: 131478-1    Loan No ▮▮▮▮▮    Title Order ▮▮▮▮▮

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, executed by ASHLEY S. AARONS TRUSTEE OF THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015, as Trustor; to Lawyers Title-OC, as Trustee; and recorded on 02/19/2019 as Document No. 20190144545, of Official records in the office of the Recorder of Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE: 01/31/22

By: James Haycock, as Trustee of a Separate Trust

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF TEXAS
COUNTY OF TRAVIS

On JANUARY 31, 2022 before me, JEFFREY A. BIRK , Notary Public, personally appeared JAMES HAYCOCK who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of TEXAS that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JEFFREY A BIRK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/12/25
NOTARY ID 12902468-B

## Matthew Abbasi

| | |
|---|---|
| **From:** | Matthew Abbasi |
| **Sent:** | Friday, March 25, 2022 9:51 AM |
| **To:** | jscheer@scheerlawgroup.com; jason@patchofland.com; dbeasley@verusmc.com; mgriffith@trustfci.com |
| **Cc:** | Mainak D'Attaray |
| **Subject:** | EX-PARTE NOTICE Re: JULIUS AARONs v. PATCH OF LAND LENDING, LLC ET. AL.; Property: 984 Bel Air Road, Los Angeles, California 90077; Assessor's Parcel No.: 4370-027-008; Trustee Sale No.: 131478-1 |
| **Attachments:** | EX-PARTE NOTICE 03-25-2022.pdf |
| **Importance:** | High |

To the Defendants:

Please note that our office has just been retained to represent Julius Aarons (Plaintiff) with respect to his rights as secured creditor for the above-cited property.

Enclosed please find Plaintiff's Ex-Parte Notice for **Monday, March 28, 2020, at 8:30 a.m., in Department 85 or Department 86** of the Los Angeles Superior Court located at 111 North Hill Street, Los Angeles, California 90012.

We will serve a copy of the filed complaint and Ex-Parte papers as soon as they become available. The Ex-Parte will be heard in one the above-departments. The exact department will be determined on Monday based on the case number.

Please let me know if you are going to oppose the ex-parte.

Also, please let know if you are interested in meeting and conferring about this matter. As outlined in the enclosed notice, the borrower has obtained refinancing which will allow both the first and second lienholders to be paid 100%. Therefore, it makes no sense to do a fire sale foreclosure whereby 100% payments to all secured creditors is not assured. Please let me know if we can discuss work options for this matter.

Sincerely Yours,

Matthew Abbasi, Esq.
**LAW OFFICES OF ABBASI & ASSOCIATES**
**ABBASI LAW CORPORATION**
6320 Canoga Ave., Suite 220
Woodland Hills, California 91367
Telephone: (310) 358-9341
eFax: (888) 709-5448
Email: matthew@malawgroup.com
*MALAWGROUP.COM*

Admitted to the Bar for the State of California (2001)
Admitted to the US Dist. Court, Northern Dist. of California
Admitted to the US Dist. Court, Central Dist. of California
Admitted to the US Dist. Court, Eastern Dist. of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2

EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER

## Matthew Abbasi

| | |
|---|---|
| **From:** | Matthew Abbasi |
| **Sent:** | Friday, March 25, 2022 7:32 PM |
| **To:** | Joshua Scheer; jason@patchofland.com; dbeasley@verusmc.com; mgriffith@trustfci.com |
| **Cc:** | Mainak D'Attaray; David M. Goodrich; dhaberbush@lbinsolvency.com; vhaberbush@lbinsolvency.com; Reilly Wilkinson |
| **Subject:** | RE: EX-PARTE NOTICE Re: JULIUS AARONs v. PATCH OF LAND LENDING, LLC ET. AL.; Property: 984 Bel Air Road, Los Angeles, California 90077; Assessor's Parcel No.: 4370-027-008; Trustee Sale No.: 131478-1 |
| **Attachments:** | 3-22-22-AURORA CAPITAL SIGNED LOI (002).pdf; Loan Sale Agreement - Aarons and Haycock signatures (A0438304xABEAE).pdf; REC-AssignmentOfDeedOfTrust - 20220178723.pdf; 02-19-19-Deed of Trust (Rec 2-19-19).PDF |

Hi:

Thank you for your emails and call. I am sorry for delayed response. You said a lot of things in our call and emails which required research. It was time well spent as I have a much better handle of this case.

As advised, I do not represent Ms. Ashley Aarons. As further advised, I was just retained yesterday and only represent Mr. Julius Aarons. Further, I only represent him with respect to the junior secured loan at issue in your case. I have no other ties or involvement with this matter. As such, please do not presume that I am part of history of this dispute or part of some scheme to delay anything in your case. Actually, I am trying to resolve some of the disputes at hand and not trying to add to it. Please note the following:

Initially, I did not provide ex-parte notice in the action between Ms. Aarons and your client. My client is not a party of that case. As noted in my notice, a new case is being filed concurrently with an ex-parte application for a TRO. Therefore, this filing is exempt from the e-filing requirements as I am filing a new case and walking it over to department 85 or 86. The exact department will be determined based on the last digit of the case (Off vs. Even).

Secondly, the petition that is being filed is a verified petition. I am also waiting for signatures on several declarations being filed in support of the ex-parte as well. Unfortunately, Mr. Aarons has some health issues which has caused some delays. However, rest assured that I will serve a full copy of everything as soon as they are finalized and signed.

Thirdly, after our discussion, I personally contacted the loan broker whom has issued the enclosed loan approval to make sure the offer is valid, and that the terms are as stated in the approval. Further, I have asked for a declaration from an authorized officer of the lender to submit to the court.

Fourthly, my client was assigned the rights to the second lien after it had already obtained relief from the stay. This assignment was done via a notarized written agreement and was recorded. See enclosed. Further, the trustee has abandoned the property or has made moves to do so. Therefore, my client is not subject to any stay.

Fifthly, I took a look at the very convoluted docket for the bankruptcy case. The docket is hard to follow but I did review the creditor claim summary which shows Secured claims total $4,527,499.76 and Priority claims totaling $12,310.57. However, the above-cited secured obligations do not seem to be all related to the property. Therefore, your contention that the refi offers my client has obtained is short of what is needed to pay off the loans secured by the property seems to be incorrect even if we are to assume the above-cited secured amount all relate to the property. Overall, contrary to your assertions, the refi offer presented seems to be sufficient to payoff the secured loans which includes your client. I would think your client would be happy to be repaid in full!

Finally, there is no basis for you to seek sanctions again me or my client. This is not a frivolous filing by any means. My client is filing a declaratory relief action and seeking a TRO to protect his lien from being wiped out at a fire sale set to take place on March 30, 2022. My client paid good money to take over this lien, and has the contractual right to enforce this lien. Therefore, he has every right to take action to protect his lien. As advised, my client only wants the sale of the property to be stayed to allow the refinancing to take place so he can be repaid in full (100%). As explained, if the property is foreclosed upon, in all likelihood my client's lien will be either wiped out or seriously reduced. As it stands, the refi will take about 3 weeks as it only contingent on an appraisal and normal underwriting. Further, the trustee has abandoned or will abandon the property shortly. Therefore, if given the chance, this loan will close. Overall, your client should actually support my client's action. As noted before, my client is supporting this refi because it will payoff his lien and your client's lien 100 cents on the dollar! This will not happen at fire foreclosure sale. As such, my client's actions are the opposite of bad faith.

In sum, I am sure you know more about the facts of the disputes than I do. However, from our call and email below it seems like I am being lumped in with other parties/counsel involved in this matter which is incorrect. As explained, my client's lawsuit is a limited case being filed to secure sufficient time for the payoff of loans. That's it. We should be able easily work out this issue because my client is willing to forgo the filing of a new action and the TRO if your client will continue the sale date 30 days to allow for the refinancing to take place. If it does, your client is paid in full and gone. If it does not, my client will have to sit back and watch your client sell the property in a foreclosure sale. This is a fair trade off. Please talk over with your client and let me know.

If you wish to discuss this matter over the weekend, just drop me an email and I will make myself available. As soon as I receive the signed pleadings, I will send you a full copy of the complaint and TRO application. Enclosed with this email please find the Aurora Capital LOI, the loan sale agreement for my client's acquisition of the second secured loan, and the deed of trust with recorded assignment of the same by my client.

Sincerely Yours,

Matthew Abbasi, Esq.
**LAW OFFICES OF ABBASI & ASSOCIATES**
**ABBASI LAW CORPORATION**
6320 Canoga Ave., Suite 220
Woodland Hills, California 91367
Telephone: (310) 358-9341
MALAWGROUP.COM

---

**From:** Joshua Scheer [mailto:jscheer@scheerlawgroup.com]
**Sent:** Friday, March 25, 2022 6:15 PM
**To:** Matthew Abbasi <matthew@malawgroup.com>; jason@patchofland.com; dbeasley@verusmc.com;

mgriffith@trustfci.com
**Cc:** Mainak D'Attaray <mdattaray@dattaraylaw.com>; David M. Goodrich <dgoodrich@wgllp.com>;
dhaberbush@lbinsolvency.com; vhaberbush@lbinsolvency.com; Reilly Wilkinson <rwilkinson@scheerlawgroup.com>
**Subject:** RE: EX-PARTE NOTICE Re: JULIUS AARONs v. PATCH OF LAND LENDING, LLC ET. AL.; Property: 984 Bel Air Road,
Los Angeles, California 90077; Assessor's Parcel No.: 4370-027-008; Trustee Sale No.: 131478-1

Mr. Abassi:

Pursuant to our call this afternoon, you advised that you were "just retained yesterday afternoon" and that you were
not aware of many of the facts stated below and were "investigating" them.

You also advised that the complaint only relates to declaratory relief requesting a postponement due to supposed
refinance options that are in place and that the complaint does not relate to disputes relating to my client's
claim. However, you have still not indicated what the underlying causes of action are or any legal basis for a
continuance.

In our call I asked again if you would forward a copy of the Complaint and any motion or supporting documents. It is
now 6 p.m. on Friday and I have yet to receive the Complaint, TRO Application or any documents relating to loan
approval that you advised would be forwarded. I can only assume that the reason for this is to avoid allowing the
Defendants sufficient time to oppose the matter or file an opposition.

I will again urge you to refrain from filing frivolous documents with the court. If you are moving forward on Monday, I
am again requesting any and all documents and pleadings.

Josh


Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other
law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and
any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise
intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege
and is confidential information intended only for the use of the individual or entity named above. If the reader of this message is not
the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that
any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in
error, please immediately notify us by return e-mail.

Thank You.

---

**From:** Joshua Scheer
**Sent:** Friday, March 25, 2022 12:06 PM
**To:** 'Matthew Abbasi' <matthew@malawgroup.com>; jason@patchofland.com; dbeasley@verusmc.com; mgriffith@trustfci.com
**Cc:** Mainak D'Attaray <mdattaray@dattaraylaw.com>; 'David M. Goodrich' <dgoodrich@wgllp.com>; 'dhaberbush@lbinsolvency.com' <dhaberbush@lbinsolvency.com>; 'vhaberbush@lbinsolvency.com' <vhaberbush@lbinsolvency.com>; Reilly Wilkinson <rwilkinson@scheerlawgroup.com>
**Subject:** RE: EX-PARTE NOTICE Re: JULIUS AARONS v. PATCH OF LAND LENDING, LLC ET. AL.; Property: 984 Bel Air Road, Los Angeles, California 90077; Assessor's Parcel No.: 4370-027-008; Trustee Sale No.: 131478-1

Mr. Abbasi

In order to give you the benefit of the doubt and to (hopefully) avoid seeking sanctions against your firm, I am advising of the following so you can proceed accordingly.

*First*, as you are aware, pursuant to local rule in both Dept 85 and Dept 86 (where you noticed the hearing), in order to proceed with an ex parte application you must have your moving papers filed with the Court by 10:00 am the Court date prior to your proposed hearing date. It is now after 12:00 p.m. on the court date prior. **Please provide the operative complaint and your moving papers immediately and confirm that they have been timely filed. In the alternative, please confirm that you will not be moving ex parte for an application for a TRO on Monday, March 28 at 8:30 am.**

*Second*, Ashley Aarons ("Debtor"), the daughter of Julius Aarons ("Father") filed bankruptcy on July 17, 2019, Central Case No. 2:19-bk-18316-NB ("Bankruptcy"). Over the last 2 and a half years, the Debtor has repeatedly sought to obstruct creditors from exercising their lawful rights. My client and the Debtor entered into a 9019 Compromise and the Debtor confirmed a Chapter 11 Plan. Both were blessed by the Court and in both the Debtor released all claims against my clients. When the Debtor failed to perform under the terms of the confirmed plan and 9019 Compromise, my clients continued to work with the Debtor to see if she could pay off the loan. She couldn't. The Debtor has done everything in the book to stall the rights of creditors from proceeding with their rights, despite obtaining the benefit of every right under the sun. My client has done everything to cooperate and allow her opportunities to follow through on her promises. The recent putative purchase of the junior lien on the Property by the Debtor's father does nothing to change these facts. Obviously the Father and the Debtor are working together and nothing has been provided as a basis to overturn what the Bankruptcy Court has done over the past 2 ½ years. If you were not on notice of these facts, you are now.

We respectfully request that you do not proceed with further frivolous litigation. If you were acting in good faith, you would have filed your action in Bankruptcy Court as (1) the Property is currently property of the estate, (2) that is where all of the parties are currently litigating these claims already and (3) it is a venue where the Court is already familiar with the facts surrounding this matter. Instead, you are trying to start a new round of frivolous litigation in State Court. Please note that the Debtor has already filed two state court actions in State Court (1 against my clients and one against the prior holder of the junior lienholder). Both those matters are currently pending in Bankruptcy Court. Should you proceed with this frivolous and unsupported litigation, we will seek sanctions, fees and costs for having to respond.

In your ex parte notice, you state that "*the borrower and owner of the Property has confirmed loan commitments which can easily payoff the first and second lienholders in full*" and this is a reason you are seeking a TRO. However, nothing is provided and this is not the first time the Debtor has made these assertions. Her recent "commitments have already been addressed with Debtor's bankruptcy counsel in recent communications. In addition, you advise that you intend on filing a civil action and have the ex parte application seeking a TRO. <u>We are entitled to see your moving papers</u>. **Please provide them immediately so we can determine why you are taking such action.**

Josh

Respond to:

Joshua Scheer
Scheer Law Group, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Office: (949) 263-8757 x 108
Fax: (949) 308-7373
Cell: (415) 686-3695
Email: jscheer@scheerlawgroup.com
www.scheerlawgroup.com



ATTORNEY/CLIENT PRIVILEGED CONFIDENTIAL MATERIAL

Not intended as a substitute for a writing. Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance or effect, absent an express statement to the contrary hereinabove, this email message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Scheer Law Group, LLP, any of its clients, or any other person or entity.

The information contained in this email message and all attachments is covered by the attorney/client and or work product privilege and is confidential information intended only for the use of the individual or entity named above.  If the reader of this message is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by return e-mail.

Thank You.

**From:** Matthew Abbasi <matthew@malawgroup.com>
**Sent:** Friday, March 25, 2022 9:51 AM
**To:** Joshua Scheer <jscheer@scheerlawgroup.com>; jason@patchofland.com; dbeasley@verusmc.com; mgriffith@trustfci.com
**Cc:** Mainak D'Attaray <mdattaray@dattaraylaw.com>
**Subject:** EX-PARTE NOTICE Re: JULIUS AARONs v. PATCH OF LAND LENDING, LLC ET. AL.; Property: 984 Bel Air Road, Los Angeles, California 90077; Assessor's Parcel No.: 4370-027-008; Trustee Sale No.: 131478-1
**Importance:** High

To the Defendants:

Please note that our office has just been retained to represent Julius Aarons (Plaintiff) with respect to his rights as secured creditor for the above-cited property.

Enclosed please find Plaintiff's Ex-Parte Notice for **Monday, March 28, 2020, at 8:30 a.m., in Department 85 or Department 86** of the Los Angeles Superior Court located at 111 North Hill Street, Los Angeles, California 90012.

We will serve a copy of the filed complaint and Ex-Parte papers as soon as they become available. The Ex-Parte will be heard in one the above-departments. The exact department will be determined on Monday based on the case number.

Please let me know if you are going to oppose the ex-parte.

Also, please let know if you are interested in meeting and conferring about this matter. As outlined in the enclosed notice, the borrower has obtained refinancing which will allow both the first and second lienholders to be paid 100%. Therefore, it makes no sense to do a fire sale foreclosure whereby 100% payments to all secured creditors is not assured. Please let me know if we can discuss work options for this matter.

Sincerely Yours,

Matthew Abbasi, Esq.
**LAW OFFICES OF ABBASI & ASSOCIATES**
**ABBASI LAW CORPORATION**
6320 Canoga Ave., Suite 220
Woodland Hills, California 91367
Telephone: (310) 358-9341
eFax: (888) 709-5448
Email: matthew@malawgroup.com
*MALAWGROUP.COM*

Admitted to the Bar for the State of California (2001)
Admitted to the US Dist. Court, Northern Dist. of California
Admitted to the US Dist. Court, Central Dist. of California
Admitted to the US Dist. Court, Eastern Dist. of California
Admitted to the US Dist. Court, Southern Dist. of California
Admitted to the 9th Circuit United States Court of Appeals

**CONFIDENTIALITY NOTICE:**
**We are a Debt Relief Agency.  This E-mail may contain confidential information that is legally privileged. Do not read this e-mail if you are not the intended recipient.**

The information contained in this email message is confidential and for the use of the individual or entity to whom it is intended to be directed. The sender of this message is a member of the State Bar of California, and the contents of this message may be privileged or protected from disclosure under the Attorney Client Privilege, the Attorney Work Product Privilege, the right of privacy contained in the California Constitution, the Electronic Communications Privacy Act (18 USC sections 2510-2521), and other rights and privileges that preclude the disclosure of confidential information. If you are not the intended recipient, any dissemination, distribution, or copying is strictly prohibited. If you think that you have received this email message in error, please immediately notify us by reply e-mail, or by telephone at **(310) 358-9341** and destroy all copies of the original message in accordance with Rico vs. Mitsubishi Motors Corp. (2007) 42 Cal.4th 807, 817, 68 Cal.Rptr.3d 758.


**IRS CIRCULAR 230 DISCLOSURE:** To ensure compliance with requirements imposed by the Internal Revenue Service, we inform you that any advice relating to a Federal tax issue contained in this communication (including in any attachments) is not intended to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code, or (2) promoting, marketing, or recommending to

1   MATTHEW ABBASI, ESQ.; SBN 215030
    **ABBASI LAW CORPORATION**
2   6320 CANOGA AVE., SUITE 220
    WOODLAND HILLS, CALIFORNIA 91367
3   TELEPHONE:  (310) 358-9341
    FACSIMILE:   (888) 709-5448
4   EMAIL: matthew@malawgroup.com

5   ATTORNEYS FOR PLAINTIFF,
    JULIUS AARONS AS TRUSTEE OF THE AARONS 1991 LIVING TRUST
6   DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001

7               **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8               **COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

10  JULIUS AARONS, AS TRUSTEE OF THE      )    **CASE NO.:**
    AARONS 1991 LIVING TRUST DATED        )
11  5/16/1991 AS AMENDED AND RESTATED)         *Related to Case No. 22STCV01308__*
    9/28/2001                             )
12                                        )
                                          )
13              Plaintiff,                )    **DECLARATION OF JULIUS AARONS IN**
                                          )    **SUPPORT OF EX-PARTE**
14  vs.                                   )    **APPLICATION**
                                          )
15                                        )
    PATCH OF LAND LENDING, LLC, a         )    **_HEARING_:**
16  Delaware limited liability company; FCI  )
    LENDER SERVICES, INC., a California   )    *Date:*   **March 28 2022**
17  corporation; CALIFORNIA TD SPECIALISTS;  )  *Time:*   *8:30 a.m.*
                                          )    *Dept.:*  *85 or 86*
18  VERUS RESIDENTIAL LOANCO, LLC, a      )
    Delaware limited liability company; All persons  )
19  unknown claiming any legal or equitable right,  )
    title, estate, lien, or interest in the property  )
20  described in the Complaint adverse to Plaintiff's  )
    interests; and DOES 1 to 25, inclusive,  )
21                                        )
                                          )
22              Defendants.               )
    _____)

23

24

25

26

27

28

                                        1
        **DECLARATION OF JULIUS AARONS IN SUPPORT OF EX-PARTE APPLICATION**

1

## DECLARATION OF JULIUS AARONS

2      I, JULIUS AARONS, declare:

3      1.      I am over the age of eighteen (18) years old, and if called upon to testify I could and

4  would do so competently. I have personal knowledge of the following, and based on that personal

5  knowledge, I assert that all such facts are true and correct to the best of my knowledge:

6      2.      I am an individual, and the Trustee, JULIUS AARONS, of  THE AARONS 1991

7  LIVING TRUST DATED 5/16/1991 AS AMENDED AND RESTATED 9/28/2001 (hereinafter

8  referred to as the "Plaintiff"). I am fully authorized by the Trust to submit the herein declaration.

9      3.      I am also an attorney but I am not representing myself or the trust. In this case, I and

10  the trust are represented by counsel.

11      4.      The subject property giving rise to the lawsuit is known as 984 Bel Air Road, Los

12  Angeles, California 90077, assessor's parcel number 4370-027-008 ("Subject Property").

13      5.      As per the title report for the Subject Property, the ASHLEY S. AARONS 2015

14  TRUST DATED MAY 15, 2015 (hereinafter the "Owner") is the legal title holder and owner of the

15  Subject Property pursuant to a Grant Deed, recorded on September 16, 2015, as Instrument No.

16  19900914001440500 in the Los Angeles County Recorder's Office.

17      6.      The Owner (Ashley Aarons) is my daughter, and her primary residence is at the

18  Subject Property.

19      7.      As per the title report for the Subject Property, PATCH OF LAND LENDING, LLC

20  ("POL") is listed on the title to the Subject Property as the first mortgage lien holder on the Subject

21  Property pursuant to a Deed of Trust recorded on **March 27, 2018**, as Instrument No. 20180291459

22  in the Los Angeles County Recorder's Office (hereinafter the "POL Lien").

23      8.      On or about **January 31, 2022**, I entered into a written agreement entitled "LOAN

24  SALE AGREEMENT" with JAMES HAYCOCK, AS TRUSTEE OF A SEPARATE TRUST

25  ("Seller") and paid **$260,000.00** to purchase and obtain all of the  Seller's rights, title and interest in,

26  to a promissory note executed by the Owner, in the original principal amount of *$170,000.00*, dated

27  February 14, 2019, (the "Bel Air Note") which is secured by a junior Deed of Trust ("Bel Air Deed

28  of Trust"), dated February 14, 2019, which granted a security interest in the Subject Property as

2

**DECLARATION OF JULIUS AARONS IN SUPPORT OF EX-PARTE APPLICATION**

1  more particularly described in the Deed of Trust (hereinafter the "Bel Air Lien"). The Bel Air Note

2  and Bel Air Deed of Trust are hereafter collectively referred to herein as the loan documents ("Bel

3  Air Loan Documents").

4       9.      As it stands, the Owner has filed a civil action entitled _ASHLEY S. AARONS vs._

5  _PATCH OF LAND LENDING, LLC, ET. AL._ (Case No. 22STCV01308) (the "Owner Action")

6  which names the same Defendants as in the present action. In the Owner Action, the plaintiff asserts

7  that the Defendants are proceeding with foreclosure despite the defects in the notice of default and

8  notice of sale, dual tracking, the request for loan modification or forbearance, and other relief

9  pursuant to California Civil Code sections 2923.5, 2923.6, 2924.9 through 2924.11. However, the

10  present action does not involve any claims or rights in dispute in the Owner Action. Moreover, I am

11  not a party to the Owner Action.

12       10.     I have been advised that on or about July 17th, 2019, the Owner filed for Chapter 11

13  Bankruptcy in a matter entitled In Re: Ashley Susan Aarons (Case No. 2:19-bk-18316-NB) and a

14  Plan was confirmed on February 11, 2021, and effective on February 26, 2021. However, after a

15  disputed default, the case was converted into a Chapter 7 case and a Chapter 7 Trustee was appointed

16  but I am not subject to any stay from this case.

17       11.     As set forth in Exhibit "1", the Seller had obtained relief from the bankruptcy stay in

18  the above-cited case *before* the Bel Air Loan Documents and the Bel Air Lien were sold and

19  assigned to me. Further, the Chapter 7 Trustee appointed in this case has submitted a Notice of Intent

20  to Abandon the Subject Property on March 8, 2022. Therefore, based on the above, I do not believe

21  that the filing of the present case which does not name the Owner nor any relief sought herein is

22  stayed by any Court ruling.

23       12.     After the sudden and unexpected loss of my wife of over 59 years, and being on a

24  fixed income, I cannot afford to lose my $260,000.00 I paid for the purchase of the Bel Air Lien.

25       13.     Based on the above, it would be a huge injustice for the March 30, 2022, foreclosure

26  to proceed while the Owner has obtained loans totaling **$6,255,000.00** which is more than sufficient

27  to pay off the POL Lien which has a principal sum of $3,000,000.00 with the current estimated

28  disputed payoff of approximately **$4,200,000.00.** As such, the upcoming foreclosure sale must be

**DECLARATION OF JULIUS AARONS IN SUPPORT OF EX-PARTE APPLICATION**

1    stayed for 30 to 60 days to allow for the refinance loan to pay off the liens. The attached loan offer

2    requires standard underwriting documentation, inspection, and standard costs for the refinancing

3    which can all be taken care of if the upcoming sale is stayed. This loan offer does not have other

4    contingencies or conditions. The Owner and the Defendant can continue on with their litigation

5    after my lien is repaid.

6         14.      Attached hereto as **Exhibit "1"** is a true and correct copy of the notarized "LOAN

7    SALE AGREEMENT" between me and the Seller which is incorporated herein by this reference.

8         15.      Attached hereto as **Exhibit "2"** is a true and correct copy of the notarized

9    "ASSIGNMENT OF DEED OF TRUST" which was recorded in the Los Angeles County

10    Recorder's Office and evidences the Seller's sale and transfer of all rights, interest, and title the

11    Seller has in the Bel Air Loan Documents and the Bel Air Lien to the Plaintiff. This Exhibit is

12    incorporated herein by this reference.

13         16.      Attached hereto as **Exhibit "3"** is a true and correct copy of the Chapter 7 Trustee's

14    "NOTICE OF TRUSTEE'S INTENTION TO ABANDON REAL PROPERTY OF THE ESTATE

15    PURSUANT TO 11 U.S.C. § 554 (a), Fed. Rule Bank. Pro. 2002(c) & L.B.R. 6007-1" which was

16    filed in the Owner converted Chapter 7 Case. This Exhibit is incorporated herein by this reference.

17         17.      Attached hereto as **Exhibit "4"** is a true and correct copy of a Loan Approval

18    confirmation the Owner has obtained from Aurora Capital LLC ("Aurora"). Aurora's address is

19    1825 NW Corporate Blvd 110 Boca Raton FL 33432. As per this approval dated March 22, 2022,

20    the Owner has a firm loan commitment for loan totaling **$6,255,000.00** to pay off liens and to

21    undertake much needed renovation to upgrade the Subject Property. This exhibit is hereby

22    incorporated herein via this reference.

23         18.      Attached hereto as **Exhibit "5"** is a true and correct copy of the "NOTICE OF

24    TRUSTEE'S SALE" dated November 12, 2021 which lists an estimated indebtedness by the Owner

25    under the POL Lien to be **$4,059,522.17**. This exhibit is hereby incorporated herein via this

26    reference.

27

28    ////

4

**DECLARATION OF JULIUS AARONS IN SUPPORT OF EX-PARTE APPLICATION**

1      I declare the foregoing is true and correct under the penalty of perjury under the laws of the

2  state of California and of the United States of America. This declaration is executed on the 26th

3  day of March 2022 at _____COSTA MESA_____ (City), _____CALIFORNIA_____ (State).

4                  _____

5                        JULIUS AARONS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**DECLARATION OF JULIUS AARONS IN SUPPORT OF EX-PARTE APPLICATION**

# EXHIBIT "1"

## LOAN SALE AGREEMENT

This Loan Sale Agreement (this "Agreement") is made and entered into as of the Effective Date identified below, by and between James Haycock as Trustee of a Separate Trust ("Seller") and Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Buyer").

## RECITALS

A. Seller desires to sell to Buyer and Buyer desires to purchase from Seller all of Seller's rights, title and interest in, to and under a Loan described on Exhibit A attached hereto ("Bel Air Loan") together with all of Seller's rights, title and interest in, to a promissory note executed by Ashley Aarons, Trustee of the Ashley S. Aarons 2015 Trust dated 5/15/2015, in the original principal amount of $170,000.00, dated February 14, 2019, (the "Bel Air Note"), secured by a Deed of Trust ("Bel Air Deed of Trust"), dated February 14, 2019, granting a security interest in real property commonly known as 984 Bel Air Road, Los Angeles, CA 90077 ("Bel Air Property") and more particularly described in the Deed of Trust, recorded February 19, 2019, in the Office of the Recorder of Los Angeles County, as document number 20190144545. The Bel Air Note and Bel Air Deed of Trust are hereafter collectively referred to herein as the loan documents ("Bel Air Loan Documents") evidencing, securing or otherwise related to the indebtedness referenced in Exhibit A of the borrowing party, Ashley Aarons, listed therein ("Borrower").

B. Borrower filed a chapter 11 bankruptcy Petition on or about July 17, 2019, and confirmed a Chapter 11 Plan of Reorganization by an Order Confirming Debtor's Chapter 11 Plan dated August 7, 2020 ("Order") executed and issued by the Court on February 11, 2021. Certain modifications to the Loan are included in the Chapter 11 Plan of Reorganization and approved by the Order ("Modifications"). The Loan Documents, therefore, include the Modifications set forth in Exhibit H of the Amended Disclosure Statement incorporated by the Amended Plan. The language describing the Modifications is set forth on Exhibit F attached hereto.

C. When Borrower failed to comply with the Bel Air Note and Modifications, Seller caused a Notice of Default to be recorded on or about April 15, 2021, and caused a Notice of Sale to be recorded on or about September 15, 2021. The foreclosure sale date has been postponed several times and is currently scheduled for February 2, 2022.

D. Borrower caused a Complaint for Damages and Injunctive Relief Based on 1. Quiet Title; 2. Cancellation of Instrument; 3. Wrongful Foreclosure; 4. Slander of Title; and Unlawful, Fraudulent, and Unfair Business Practices ("Complaint") to be filed in Los Angeles County Superior Court titled "Ashley S. Aarons, an individual and as trustee for Ashley S. Aarons 2015 Trust Dated May 15, 2015 versus James Haycock, an individual and as trustee of a Separate Trust; Mortgage Lender Services, Inc., a California corporation; all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's interest and Does 1 to 100," as case number 21STCV33678 on or about September 13, 2021.

1

E. Seller filed a removal of the Complaint to the United States Bankruptcy Court for the Central District of California to the Borrower's Chapter 11 case as an adversary proceeding number 2:19-bk-18316-NB by a Notice of Removal filed September 17, 2021 in the Bankruptcy Court. Borrower sought a Temporary Restraining Order, which the Court denied by an Order Denying Application for Temporary Restraining Order to Prevent Foreclosure executed by the Court and entered on November 29, 2021.

F. Borrower filed a Motion to Remand ("Remand Motion") the Complaint to Los Angeles County Superior Court, which is currently set for hearing on March 15, 2022.

G. Buyer is in the process of obtaining funds through an escrow ("Funding Escrow") to complete the purchase of Seller's rights, title and interest in, to and under the Bel Air Loan and the Bel Air Loan Documents. This Agreement contemplates two alternative sources of payment triggered by whether the Funding Escrow closes timely and Buyer transfers cash payment to Seller timely.

H. Seller and Buyer enter into this Agreement for the purpose of providing the terms and conditions of the purchase by Buyer from Seller of Seller's rights, title and interest in, to and under the Bel Air Loan and the Bel Air Loan Documents.

## TERMS

NOW THEREFORE, in consideration of the foregoing facts, the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Seller hereby agrees to sell to Buyer and Buyer hereby agrees to purchase from Seller all of Seller's rights, title and interest in, to and under the Bel Air Loan, the Bel Air Loan Documents, subject to the following terms, covenants and conditions:

1. <u>Definitions</u>. Capitalized terms used herein shall have the meanings indicated, including those indicated in Exhibit B attached hereto.

2. <u>Purchase Price</u>. Buyer shall pay to Seller for Seller's rights, title and interest in, to and under the Loan, Loan Documents the Purchase Price as defined in Exhibit B. Buyer acknowledges that Seller shall be entitled to retain any and all payments on the Loan that were received prior to the Closing Date to the extent they constitute payment of (i) principal, (ii) interest accruing on the Notes prior to the Closing Date, or (iii) late fees accruing prior to the Closing Date. The Purchase Price stated in Exhibit B is net of all such payments received.

3. <u>Closing</u>.

(a)    Buyer shall pay Purchase Price Alternative A within 24 hours of the Closing of the Funding Escrow as follows: the balance of the Purchase Price shall be paid in immediately available funds of United States Dollars, in accordance with the instructions issued by Seller.

(b)     Seller shall transfer to Buyer at the Closing all positive escrow balances, if any, relating to the Loan.  Seller shall promptly endorse to the order of Buyer, without recourse, and remit to Buyer any and all payments received by Seller on or after the Closing Date.

(c)     Seller shall endorse the Bel Air Note to Buyer or execute in favor of Buyer an Allonge for the Bel Air Note or appropriate affidavits, if any be necessary, with respect to any lost Note.  Endorsements and allonges shall be without warranty or recourse.

(d)     In the event that Buyer does not timely pay Purchase Price Alternative A as set forth in Paragraph 3(a) above at the Closing of the Funding Escrow, Buyer shall pay Purchase Alternative B as follows:

i)     Buyer shall provide to Seller an executed original copy of the Baltra Promissory Note and an executed, notarized, original copy of the Baltra Deed of Trust immediately upon execution of this Agreement.  The Baltra Promissory Note and Baltra Deed of Trust shall be substantially in the forms attached hereto as Exhibits D and E, respectively.  Seller will hold the Baltra Promissory Note and Baltra Deed of Trust and only proceed to Paragraph 3(d)(ii) below if Buyer does not timely activate Purchase Price Alternative A.

ii)     Seller may at his discretion open an escrow account at a company of his choosing and deliver the fully the executed, notarized Baltra Deed of Trust to the escrow company.  Seller may at his discretion and at the expense of Buyer obtain title insurance in connection with the Baltra Deed of Trust, insuring it will be recorded in second priority position on the Baltra Property.  Upon assurance of a second priority position, the escrow company shall immediately record the Baltra Deed of Trust and provide evidence of recording the same to Seller.

iii)     Buyer shall immediately thereafter commence payments pursuant to the terms of the Baltra Note.

iv)     Upon completion of all actions set forth in this Agreement for payment by Purchase Price Alternative A or Purchase Price Alternative B, the loan sale shall ("Loan Sale") shall be consummated.

4.     Limited Warranties and Representations of Seller.  Seller hereby represents and warrants to Buyer with respect to the Loan:

(a)     Seller has the right to sell the Loan and Loan Documents to Buyer.

(b)     The unpaid principal balance, accrued interest and late fees for the Bel Air Note as set forth in Exhibit A were true and correct as of the Closing Date (not giving effect to any payments received on the Closing Date).

3

(c)    There has been no release of Borrower or of the Bel Air Property constituting security for the Loan not disclosed in the Loan Documents made available to Buyer prior to the Closing, other than by operation of law.

(d)    If Buyer has engaged any broker or finder or incurred or become obligated to pay any broker's commission or finder's fee in connection with the transactions contemplated by this Agreement, in no event will Seller be obligated to pay any fee, expense or other remuneration to or in connection with such broker or finder, directly or indirectly, and any such fee, expense or other remuneration shall be Buyer's sole responsibility.

5.    <u>Limited Representations and Warranties of Buyer.</u>  Buyer hereby represents and warrants to Seller that:

(a)    Buyer has all requisite power and authority to execute and deliver, and to perform all of his obligations under this Agreement and all instruments and other documents executed and delivered by Buyer in connection herewith.

(b)    The execution, delivery and performance of this Agreement has been duly authorized by all necessary action on the part of Buyer and does not require any consent or approval of any party that has not been obtained.

(c)    Nothing in this Section shall constitute a waiver or modification of Buyer's representations and warranties set forth in this Agreement, nor are Seller's remedies for breach of such representations and warranties hereby waived or modified.

6.    <u>Covenants of Buyer.</u>  Buyer covenants and agrees that his purchase of the Seller's rights, title and interest in and to the Loan and the Loan Documents is made without any representation or warranty by Seller except as expressly provided in Paragraph 4 or in any instrument delivered or in any document executed pursuant hereto.  In particular, Buyer covenants and agrees that:

(a)    Buyer's purchase of the Loan and Loan Documents and each of them is on an "AS IS", "WHERE IS" basis, save and except the express representations and warranties set forth in section 4 of this agreement and as expressed in any instruments to be delivered or documents to be executed pursuant to this Agreement.

(b)    No oral conversations or other communications of any sort between Seller and Buyer or any of their respective agents or representatives is or shall be binding upon the Seller nor on the Buyer and no reliance by Buyer or Seller has been or will be made with respect to the same unless expressly stated herein.

(c)    Buyer shall use its reasonable efforts to satisfy each of the conditions to the Closing set forth in paragraph 11 and incumbent upon him to satisfy.

4

7.    Covenants of Seller.

(a)    Seller shall use its reasonable efforts to satisfy each of the conditions to Closing set forth in Paragraph 12 hereof.

(b)    Seller shall notify Buyer promptly if any of the representations set forth in Paragraph 4 hereof shall become inaccurate in any material respect prior to the Closing Date or if any of such representations is discovered to be inaccurate in any material respect prior to the Closing Date.

8.    Real Property Reports.  To the extent in Seller's possession, Seller has made reasonable efforts to make available to Buyer copies of all Real Property Reports, including, without limitation, any appraisals, or brokers opinions of value.  The term "Real Property Reports" shall not include any of the foregoing unless actually delivered by Seller to Buyer.  The Real Property Reports may have been prepared by Seller, its predecessors in interest, or third-party contractors.  Buyer understands and acknowledges that any real property report that may be provided by Seller or his employees, agents, contractors and representatives is being provided without representation or warranty as to the completeness or accuracy of the facts, presumptions and conclusions contained therein, and Buyer shall not rely on same to Buyer's detriment in closing the transaction contemplated hereby.

9.    Release and Waiver Regarding Unknown Claims.  The parties hereby waive their rights under any California Civil Procedure Code section 1542, restricting the release of claims that the parties do not know or suspect to exist at the time of release, which, if known, would have materially affected the parties' decision to agree to this release, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Initials:    ____    ____
    James Haycock.    Julius Aarons

In this connection, each of the parties hereby agrees, represents and warrants to the other that it realizes and acknowledges that factual matters now unknown to it may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and the parties further agree, represent and warrant that the releases provided hereunder have been negotiated and agreed upon in light of that realization and that the parties nevertheless hereby intend to release, discharge and acquit the parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses.  This waiver is not intended to prevent any of the Parties from enforcing the terms of this Agreement.

5

7.      <u>Covenants of Seller</u>.

(a)      Seller shall use its reasonable efforts to satisfy each of the conditions to Closing set forth in Paragraph 12 hereof.

(b)      Seller shall notify Buyer promptly if any of the representations set forth in Paragraph 4 hereof shall become inaccurate in any material respect prior to the Closing Date or if any of such representations is discovered to be inaccurate in any material respect prior to the Closing Date.

8.      <u>Real Property Reports</u>.   To the extent in Seller's possession, Seller has made reasonable efforts to make available to Buyer copies of all Real Property Reports, including, without limitation, any appraisals, or brokers opinions of value.   The term "Real Property Reports" shall not include any of the foregoing unless actually delivered by Seller to Buyer.  The Real Property Reports may have been prepared by Seller, its predecessors in interest, or third-party contractors.  Buyer understands and acknowledges that any real property report that may be provided by Seller or his employees, agents, contractors and representatives is being provided without representation or warranty as to the completeness or accuracy of the facts, presumptions and conclusions contained therein, and Buyer shall not rely on same to Buyer's detriment in closing the transaction contemplated hereby.

9.      <u>Release and Waiver Regarding Unknown Claims</u>.  The parties hereby waive their rights under any California Civil Procedure Code section 1542, restricting the release of claims that the parties do not know or suspect to exist at the time of release, which, if known, would have materially affected the parties' decision to agree to this release, which provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Initials:

James Haycock.                    Julius Aarons

In this connection, each of the parties hereby agrees, represents and warrants to the other that it realizes and acknowledges that factual matters now unknown to it may have given or may hereafter give rise to causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses which are presently unknown, unanticipated and unsuspected, and the parties further agree, represent and warrant that the releases provided hereunder have been negotiated and agreed upon in light of that realization and that the parties nevertheless hereby intend to release, discharge and acquit the parties from any such unknown causes of action, claims, demands, debts, controversies, damages, costs, losses and expenses.  This waiver is not intended to prevent any of the Parties from enforcing the terms of this Agreement.

10.     Limitation of Liability and Remedies.

(a)     Should Seller for any reason ever become liable to Buyer after Closing, under any circumstances arising under or resulting from this Agreement (except for any overstatement of any Loan Balance), for any claim, loss, cost, damage, judgment, expense or other liability of any kind, including reasonable attorneys fees (collectively, the "Liability"), then Buyer's recourse against Seller for such Liability shall be limited to the least of: (i) the Allocated Amount of the Loan to which said Liability relates, less principal payments or the value of other consideration received by Buyer in respect to such Loan; (ii) in the case of the Bel Air Note to which such Liability relates, the then remaining unpaid principal amount of the indebtedness evidenced by such Bel Air Note; and (iii) the actual loss or damage (iv) reasonable attorney's fees and costs.

(b)     Should Buyer ever become liable to Seller under any circumstances arising under or resulting from this Agreement for any claim, loss, cost, damage, judgement, expenses or other liability of any kind, then Seller's recourse against Buyer shall be limited to the actual loss or damages, including reasonable attorneys' fees and costs.

(c)     This Paragraph 10 shall not limit the mutual obligations of Seller and Buyer. Further, this Paragraph shall survive the Closing and any termination of this Agreement.

11.     Seller's Conditions to Closing.  The obligation of Seller to sell to Buyer at the Closing is subject to Buyer's fulfillment of each of the following conditions, to Seller's satisfaction, prior to or at the Closing:

(a)     The representations and warranties of Buyer set forth in Paragraph 5 hereof shall be true and correct in all material respects on and as of the Closing Date.

(b)     Buyer shall have delivered to the Escrow Officer the balance of the Purchase Price alternative A.

(c)     Buyer shall have delivered the fully executed Baltra Note and the fully executed and notarized Baltra Deed of Trust to the Escrow Officer upon execution of this Agreement to be activated only in the event that Purchase Price alternative A is not received by Seller.

12.     Buyer's Conditions to Closing.  The obligation of Buyer to purchase from Seller at Closing the Loan and Loan Documents is subject to Seller's fulfillment of each of the following conditions, to Buyer's satisfaction, prior to or at the Closing, any or all of which may be waived by Buyer:

(a)     The representations and warranties of Seller set forth in Paragraph 4 hereof shall be true and correct in all material respects on and as of the Closing Date.

(b)     Seller shall have delivered to Buyer at or after the Closing:

6

(i)    A Notice to Borrowers of the transaction contemplated by this Agreement duly executed by Seller or Seller's agent in the form annexed hereto as Exhibit C; and

(ii)    The original executed Bel Air Note duly endorsed by Seller to Buyer on the Bel Air Note or by an Allonge (or appropriate affidavits, if any be necessary, with respect to any lost Note) without recourse, representation or warranty except as provided in this Agreement;

(iii)    The originals of all other Loan Documents reasonably requested by Buyer (the cost of such copying to be borne by Buyer) and any third-party appraisals in Seller's possession with respect to the Bel Air Property (it being understood that Buyer will not have relied thereon in entering into or consummating the transaction contemplated hereby, and that Seller makes no representation or warranty with respect thereto, notwithstanding anything to the contrary contained herein); together with such other tangible collateral securing the Bel Air Note as may be in Seller's possession; and

(vi)    All documents reasonably deemed necessary by Buyer to evidence a transfer of the security interest included in the Loan and Loan Documents, including, without limitation, the appropriate assignments to be filed in the respective real property records, bankruptcy court and assignments of title policies.

(c)    If Seller fails to satisfy the conditions to Closing set forth in this Paragraph 12, then Buyer may at its option terminate this Agreement by written notice to Seller of its election to terminate this Agreement, identifying therein the conditions that have not been satisfied. Upon its receipt of such notice, Agreement shall be terminated and be of no further force or effect. Buyer shall have no further remedy against Seller in the event that Seller fails to comply with Buyer's conditions to Closing hereunder except that Buyer shall be entitled to a return of the Purchase Price.

13.    <u>Costs</u>. Buyer shall pay all costs incurred by Buyer associated with the purchase of the Loan by Buyer, including without limitation, Buyer's attorney's fees, and shall be the sole responsibility of Buyer.

(a)    The Purchase Price includes a Litigation Reserve in the amount of $25,000 ("Litigation Reserve") to cover Seller's attorney's fees and costs associated with the Complaint and the Remand Motion and any of Seller's attorney's fees and costs of implementing the actions required by Paragraph 18 below as well as any additional Seller attorney's fees and costs to consummate the Loan Sale. In the event that Buyer pays the Purchase Price Alternative A, when the actions in Paragraph 18 are complete and the Loan Sale is consummated, any additional unused Litigation Reserve funds shall be accounted for and refunded to Buyer within 14 days after consummation of the Loan Sale.

7

(b)    In the event that Buyer pays Purchase Price Alternative B, Seller and Buyer shall modify the Baltra Note to reflect any credit from unused Litigation Reserve funds, once all the actions required by Paragraph 18 are completed and Seller is no longer a party to the Complaint.

14.    Governing Law.  This Agreement is being entered into the State of California and shall be governed by and construed in accordance with the laws of the State of California and subject to venue and jurisdiction of Los Angeles County, California.

15.    Counterparts.  This Agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one document.

16.    Time of Essence.  Time and strict and punctual performance are of the essence with respect to each provision of this Agreement.

17.    Effectiveness.  This Agreement shall become effective when it has been executed by all of the parties to this Agreement ("Effective Date").

18.    Litigation in Name of Seller.  With respect to any Loan or Loan Document that is the subject of litigation, bankruptcy, foreclosure or other legal proceeding, Buyer agrees that it shall, at its own cost, within thirty (30) days of the Effective Date of this Agreement (a) notify any foreclosing trustee and all counsel of record in each such proceeding of the transfer of the Loan or Loan Documents from Seller to Buyer, and (b) file pleadings to relieve Seller's counsel of record from further responsibility in such litigation and remove Seller as a party in such action and substitute Buyer as the real party-in-interest.  Upon completion of the actions by Seller required in this Paragraph, Buyer shall refund any funds reserved for the purpose of defending the litigation or legal proceeding that was included in the Purchase Price in cash, if Seller pays Purchase Price Alternative A or by a Baltra Note Modification if Buyer pays Purchase Price Alternative B.  The refund shall be net of any expenses and costs incurred by Seller in connection with the actions to be performed in this Paragraph.

19.    Cooperation with Respect to Litigation.  Each party, through its own counsel, shall have the right to monitor any litigation with Loan Parties.  In this regard, the parties shall, at no expense to the other, provide the other with copies of any and all pleadings, correspondence, memoranda, and other documents when so requested.

20.    Survival of Representations and Warranties.  The representations, warranties and covenants of the parties contained herein shall survive the consummation of the transactions contemplated in this Agreement, subject to any time period limitations specified herein.

21.    Further Assurances.  Seller and Buyer shall each execute and deliver to the other all further documents or instruments reasonably requested by either of them in order to effect the intent of this Agreement and to obtain the full benefit of this Agreement.  Any request by either party under this Paragraph 21 shall be accompanied by the document proposed for signature by the party requesting it, in form and substance satisfactory to the party of whom the request is made and its attorneys.  The party making the request shall bear and discharge any fees or

expenses incident to the preparation, filing or recording of documents requested pursuant to this Paragraph.

22.    Entire Agreement.    THIS WRITTEN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES. The parties make no representations or warranties to each other, except as contained in this Agreement or in the accompanying exhibits or the certificates or other Closing documents delivered according to this Agreement.    All prior agreements and understandings between the parties hereto with respect to the transactions contemplated hereby, whether verbal or in writing, are superseded by, and are deemed to have been merged into, this Agreement unless otherwise expressly provided herein. This Agreement shall be binding on, and inure to the benefit of, the parties hereto and their successors and assigns, but no other party shall have or claim any third-party beneficiary rights under this Agreement.

23.    Construction. This Agreement shall not be construed against the party preparing it but shall be construed as if both parties jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party. The parties are represented by counsel, or had an opportunity to be represented by counsel, and enter into this Agreement voluntarily with full understanding of all aspects of this Agreement.

24.    Conflicts with Loan Documents. To the extent that this Agreement conflicts with any term or condition of the Baltra Note and Baltra Deed of Trust, the Baltra Note and the Baltra Deed of Trust shall take priority and have full force and effect, provided Buyer pays the Purchase Price Alternative B.

25.    Modifications. This Agreement may not be changed, waived, discharged, or terminated orally, but only by an instrument in writing signed by the party against which enforcement of such change, waiver, discharge, or termination is sought.

26.    Severability. If any provision of this Agreement shall be determined to be invalid, illegal or unenforceable, the balance of this Agreement shall remain in full force and effect and if any provision is inapplicable to any person of circumstance, it shall nevertheless remain applicable to all other persons and circumstances.

27.    Notices. All notices between the parties shall be in writing and shall be served either personally, by certified mail, facsimile (followed by overnight courier) or overnight courier services, and shall be deemed given or made only upon actual receipt; provided, however, if served by certified mail and delivery is refused or the U.S. Postal Service is otherwise unable to effect delivery, notice shall be deemed given and made five (5) business days after the deposit thereof in the United States mail, postage prepaid, addressed to the party of whom said notice is to be given or made.

All notices to Seller shall be given to him at:

9

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

With a copy to:
Donna T. Parkinson
Parkinson Phinney
3600 American River Drive, Suite 145
Sacramento, CA 95864

All notices to Buyer shall be given to him at:
Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626

28.    References in this Agreement.  Whenever the context of this Agreement requires, references to the singular number shall include the plural, and the plural shall include the singular, where appropriate; words denoting gender shall be construed to include the masculine, feminine and neuter when appropriate; and specific enumeration shall not exclude the general but shall be considered as cumulative.

IN WITNESS WHEREOF, each party has caused this Agreement to be executed this ____ day of _____, 2022.

**SELLER**
JAMES HAYCOCK,
as Trustee of a Separate Trust

**BUYER**
JULIUS AARONS, Trustee of The Aarons
1991 Living Trust dated 5/16/1991 as
amended and restated 9/28/2001

_____
JAMES HAYCOCK, Trustee

_____
JULIUS AARONS, Trustee

10

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

With a copy to:

    Donna T. Parkinson
    Parkinson Phinney
    3600 American River Drive, Suite 145
    Sacramento, CA 95864

All notices to Buyer shall be given to him at:
    Julius Aarons
    2029 Baltra Place
    Costa Mesa, CA 92626

    28.   <u>References in this Agreement</u>.  Whenever the context of this Agreement requires, references to the singular number shall include the plural, and the plural shall include the singular, where appropriate; words denoting gender shall be construed to include the masculine, feminine and neuter when appropriate; and specific enumeration shall not exclude the general but shall be considered as cumulative.

    IN WITNESS WHEREOF, each party has caused this Agreement to be executed this ____ day of _____, 2022.

**SELLER**
JAMES HAYCOCK,
as Trustee of a Separate Trust

_____
JAMES HAYCOCK, Trustee

**BUYER**
JULIUS AARONS, Trustee of The Aarons
1991 Living Trust dated 5/16/1991 as
amended and restated 9/28/2001

_____
JULIUS AARONS, Trustee

# ALL- PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or validity of that document.

State of California _____ }

County of _ORANGE_____ }

On _1-31-2022_ before me, _G. Lew, notary Public_,
                                    (Here insert name and title of the officer)
personally appeared _Julius Aarons_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____          G. LEW
Notary Public Signature          Notary Public - California
                                 Orange County
                    (Notary Public Seal)  Commission # 2238336
                                 My Comm. Expires Apr 16, 2022

---

## ADDITIONAL OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

_Loan Sale Agreement_
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _14_ Document Date _1/3/2022_

CAPACITY CLAIMED BY THE SIGNER
☑ Individual (s)
☐ Corporate Officer
_____
                    (Title)
☐ Partner(s)
☐ Attorney-In-Fact
☐ Trustee(s)
☐ Other _____

2015 Version www.NotaryClasses.com 800-873-9865

### INSTRUCTIONS FOR COMPLETING THIS FORM

*This form complies with current California statutes regarding notary wording and,
if needed, should be completed and attached to the document. Acknowledgments from
other states may be completed for documents being sent to that state so long as the
wording does not require the California notary to violate California notary law.*

- State and County information must be the State and County where the document
  signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which
  must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her
  commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of
  notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e.
  he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this
  information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible.
  Impression must not cover text or lines. If seal impression smudges, re-seal if a
  sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of
  the county clerk.
  ❖ Additional information is not required but could help to ensure this
    acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a
    corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document with a staple.

**EXHIBIT A**

LOAN SUBJECT TO LOAN PURCHASE AGREEMENT
AND ALLOCATED AMOUNTS OWED BY BORROWER ASHLEY S. AARONS 2015
TRUST DATED 5/15/2015

| Description of Loan | Original Principal Balance | Principal Balance as of 1/31/22 | Accrued Interest through 1/31/22 | Additional Advances & Foreclosure Fees & Litigation Reserve Fund |
|---|---|---|---|---|
| residential loan secured by residential property: 984 Bel Air Road, Los Angeles, CA 90077 | $170,000.00 | $265,161.90 | $17,716.51 | $77,445.39 |
| Purchase Price Amount as of 1/31/22 $260,000.00 | | | | |

11

## EXHIBIT B

### DEFINITIONS

"Allocated Amount" with respect to any Loan means the portion of the Purchase Price allocated to such Loan, as listed on Exhibit A.

"Closing" means the closing of the purchase and sale of the Loan and Loan Documents, to be held before _____ p.m. Pacific Time on the Closing Date at _____Escrow Company located at _____ or such other place as the parties may agree.

"Closing Date" means _____.

"Effective Date" means the date when each of the parties have fully executed and initialed this Agreement.

"Funding Escrow" means the escrow through which Buyer plans to obtain funding for purchase of the Bel Air Loan.

"Loan Balance" with respect to a Loan means the sum of (a) the outstanding principal balance, (b) accrued but unpaid interest, (c) accrued late fees, and (d) advances and foreclosure fees, all as of the Closing Date, without giving effect to any payment received on or after the Closing Date. The Loan Balance is listed on Exhibit A.

"Loan Party" with respect to the Bel Air Note and Loan means the Borrower, Ashley Aarons.

"Purchase Price" means alternatively:
   A) $260,000.00 in certified funds or wire transfer paid within 24 hours of closing of the Funding Escrow or

   B) A Promissory Installment Note ("Baltra Note") substantially in the form attached hereto as Exhibit D in the amount of $260,000,00 secured by a Deed of Trust ("Baltra Deed of Trust") against property commonly known as 2029 Baltra Place, Costa Mesa, CA 92626 and as legally described in substantially the form of the Deed of Trust attached hereto as Exhibit E.

"Bel Air Property" means the Bel Air Property (together with all buildings, structures and improvements situated thereon) or mineral interest described in the Loan Documents securing the payment of the Bel Air Note.

"Real Property Reports" means all title policies, file reviews, environmental assessments, inspection reports, surveys, and/or engineering reports and appraisals relating to the Bel Air Property that are in Seller's possession.

12

## EXHIBIT C

## NOTICE TO BORROWER ASHLEY AARONS

_____ [date]

Ashley Aarons
2029 Baltra Place
Contra Costa, CA 92626

Re:  James Haycock as trustee of a Separate Trust loan to Ashley S. Aarons 2015 Trust dated 5/15/2015

Ms. Ashley S. Aarons

This letter is provided as a courtesy notification.

James Haycock as trustee of a Separate Trust has sold his beneficial interest in the above referenced loan to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 (the "Buyer").  The Buyer will handle all future servicing of your loan effective _____.   All future correspondence, payments, questions or concerns associated with the above loan should be forwarded to the following address:

     Julius Aarons
     2029 Baltra Place
     Costa Mesa, CA 92626

Should you have any questions or concerns regarding any remaining portion of your relationship with James Haycock, please do not hesitate to contact him.  Thank you.

Sincerely,

James Haycock

_____

13

# **Exhibit D**

### Promissory Note Secured By a 2nd Deed of Trust

**Date:** January 31, 2022
**Borrower:** JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Borrower")
**Borrower's Mailing Address:** 2029 Baltra Place Costa Mesa, CA 92626
**Holder:** JAMES HAYCOCK as Trustee of a Separate Trust ("Holder")
**Place for Payment:** 11301 Taylor Draper Lane #2, Austin TX 78759, or any other place that Holder may designate in writing.
**Principal Amount:** $260,000.00
**Annual Interest Rate:** 8.0%
**Maturity Date:** Feb 1, 2027

1. **Promise to Pay**
Borrower promises to pay to the order of Holder the Principal Amount plus interest at the Annual Interest Rate. This note ("Note") is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. If any amount is not paid either when due under the Terms of Payment or on acceleration of maturity, Borrower promises to pay any unpaid amounts plus interest from the date the payment was due to the date of payment at the Annual Interest Rate on Matured, Unpaid Amounts.

2. **Annual Interest Rate on Matured, Unpaid Amounts:** 8.0% or the highest rate permitted by law, whichever is less.

3. **Terms of Payment (principal and interest):** The Principal Amount is due and payable on Maturity Date, and the interest is due and payable monthly as it accrues as follows: interest only payments of $1,733.33 beginning on March 1, 2022 and continuing thereafter on the 1st day of each month until the Maturity Date, when the entire unpaid balance of Principal plus accrued interest will be due and payable in full. Payments will be applied first to accrued interest and the remainder to reduction of the Principal Amount except as otherwise set forth in Paragraph 6.

4. **Method of Computation of Interest**
Interest for periods of one or more whole calendar months shall be calculated on the basis of one-twelfth (1/12) of one year's interest for each such month that principal is outstanding. Interest for a period of less than a whole calendar month shall be calculated on the basis of one-three hundred sixtieth (1/360) of one year's interest on the outstanding principal at the applicable rate times the number of days during such period that principal is outstanding.

5. **Security for Payment:** This Note is secured by a deed of trust ("Deed of Trust") dated January 31, 2022 from JULIUS AARONS, Trustee of The Aarons as Trustee of a Separate Trust 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, which covers the following real property:

    See Exhibit "A" hereto attached and made of part hereof, and commonly known as
    2029 Baltra Place Costa Mesa, CA 92626

6. **Application of Payments**
All payments received, irrespective of how they may be designated by Borrower, shall be applied in this order: first, to amounts other than interest and principal, if any, owing under this Note, the

1

Deed of Trust or any of the other Loan Documents; second, to accrued interest; third, to principal; except that, after the occurrence and during the continuation of any Event of Default, all amounts received shall be applied in such order as Holder, in its sole discretion, may elect. Borrower waives the application of Sections 1479 and 2822(a) of the California Civil Code and any other statute or rule of law that would otherwise direct, or permit Borrower to direct, the order of application of payments made by Borrower or amounts otherwise received by Holder.

### 7. No Waiver by Acceptance of Overdue or Partial Payments

If Holder accepts payment of any overdue amount, or partial payment of an amount due and the remainder of such amount is unpaid, such acceptance shall in no event: (a) constitute a cure or waiver of Borrower's default with respect to such overdue or unpaid amount; (b) prevent Holder from exercising any of its rights and remedies with respect to Borrower's default; or (c) constitute a waiver of Holder's right to require full and timely payment of amounts becoming due thereafter or to exercise any of Holder's rights and remedies for any failure to so pay.

### 8. Defaults and Remedies

A default exists under this note if (1) Borrower defaults in the payment of this Note or in the performance of any obligation in any instrument securing or collateral to this Note; (2) (a) Borrower or (b) any other person liable on any part of this Note (an "Other Obligated Party") fails to timely pay or perform any obligation or covenant in any written agreement between Holder and Borrower or any Other Obligated Party other than as described in (1) above; (3) any representation in this Note or in any other written agreement between Holder and Borrower or any Other Obligated Party is materially false when made; (4) a receiver is appointed for Borrower or an Other Obligated Party of any property on which a lien or security interest is created as security (the "Collateral Security") for any part of this Note; (5) any Collateral Security is assigned for the benefit of creditors; (6) a bankruptcy or insolvency proceeding is commenced by Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; (7) (a) a bankruptcy or insolvency proceeding is commenced against Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party and (b) the proceeding continues without dismissal for 60 days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered; (8) Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party is terminated, begins to wind up its affairs, or is authorized to terminate or wind up its affairs by its governing body or persons, or any event occurs or condition exists that permits the termination or winding up of the affairs of Borrower, a partnership of which Borrower is a general partner, or an Other Obligated Party; or (9) any Collateral Security is impaired by loss, theft, damage, levy and execution, issuance of an official writ or order of seizure, or destruction, unless it is promptly replaced with collateral security of like kind and quality or restored to its former condition.

Notwithstanding any other provision of this Note, in the event of a default, before exercising any of Holder's remedies under this Note or any Deed of Trust securing it, Holder will first give Borrower written notice of default and Borrower will have 30 days after notice is given in which to cure the default. If the default is not cured 30 days after notice, (1) Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by California State Law; and (2) Holder may declare the unpaid principal balance, earned interest, and any other amounts owed on the Note immediately due and may exercise all other rights and remedies available at law or in equity.

### 9. Acceleration upon Default

Upon the occurrence of an Event of Default, Holder may, at his election, declare the entire balance of principal and accrued interest immediately due and payable. A delay by Holder in exercising any right of acceleration after an Event of Default shall not constitute a waiver of the Event of Default or of the right of acceleration or any other right or remedy for such Event of Default, including the imposition of the Default Rate (defined below) from the date of the Event of Default. The failure by Holder to exercise any right of acceleration as a result of an Event of Default shall not constitute a waiver of the right of acceleration or any other right or remedy with respect to any other Event of Default, whenever occurring.

### 10. Acceleration in Other Events

The entire balance of principal and interest is also subject to acceleration upon the occurrence of certain events, including certain transfers of the Property, as provided in the Deed of Trust.

### 11. Interest Rate after Acceleration or Maturity

When this Note becomes due in full, whether by acceleration (upon an Event of Default or otherwise), by the occurrence of the Maturity Date, or in any other manner, if Borrower fails to pay all amounts due, the unpaid principal balance and attorney's fees and costs incurred shall, from and after such due date due, and without notice, bear interest until paid at the rate of ELEVEN percent (11.00%) per annum (the "*Default Rate*").

### 12. Attorney's Fees

Borrower also promises to pay reasonable attorney's fees and court and other costs if an attorney is retained to collect or enforce the Note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower shall pay Holder these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the Note and will be secured by the Deed of Trust.

### 13. Usury Savings

Interest on the debt evidenced by this Note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this Note and all other instruments concerning the debt.

All calculations of the rate of interest contracted for, charged, taken, reserved, or received in connection with this Note that are made for the purpose of determining whether such rate exceeds the maximum nonusurious rate of interest permitted by law shall be made, to the extent permitted by applicable laws, by spreading, during the period of the full term of this Note, all interest at any time contracted for, charged, taken, reserved, or received by Holder.

### 14. Full Payment

All amounts payable under this Note shall be paid in full without setoff, deduction or counterclaim. All amounts payable under this Note shall be free and clear of and without any deduction or

withholding for or on account of any taxes, levies, duties, charges, fees, restrictions or conditions of any nature now or hereafter imposed by any country, federal, state, county or local government or any political subdivision or taxing authority thereof or therein. Borrower shall indemnify Holder against any such taxes, levies, imposts, duties, charges and fees (other than taxes on the income of Holder imposed by any taxing authority) which may be assessed against Holder or claimed or demanded from Holder in respect of any amount payable by Borrower hereunder, and against any costs, charges, expenses or liability arising out of or with respect to such assessment, claim or demand, to the full extent permitted by law.

### 15. Time of the Essence
Time is of the essence with respect to the payment and performance of the obligations under this Note.

### 16. Severability
Every provision of this Note is intended to be several. If any provision of this Note is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, such illegality, invalidity or unenforceability shall not affect the other provisions hereof, which shall remain binding and enforceable.

### 17. Integration; No Oral Waivers or Modifications
This Note together with any note or other related documents constitutes the entire understanding and agreement of the parties as to the matters set forth in this Note. No oral waivers, modifications, alterations or amendments to this Note shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

### 18. Other Clauses
Each Borrower is responsible for all obligations represented by this Note.
When the context requires, singular nouns and pronouns include the plural.
If any installment becomes overdue for more than 10 days, at Holder's option a late payment charge of 5.00% of the amount of the payment may be charged in order to defray the expense of handling the delinquent payment.

If any provision of this Note conflicts with any provision of a loan agreement, deed of trust, or security agreement of the same transaction between Holder and Borrower, the provisions of the Note will govern to the extent of the conflict.

This Note will be construed under the laws of the state of California, without regard to choice-of-law rules of any jurisdiction.
Holder may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

### 19. Waiver of Jury Trial
WAIVER OF RIGHT TO TRIAL BY JURY. BORROWER TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY KNOWINGLY, INTENTIONALLY, IRREVOCABLY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING

4

BASED UPON, ARISING OUT OF OR IN ANY WAY RELATING TO THIS NOTE, ANY DOCUMENTS SECURING THIS NOTE, OR ANY DOCUMENTS ASSOCIATED WITH THE SAME TRANSACTION OF WHICH THIS NOTE IS A PART, OR ANY CONDUCT, ACT OR OMMISSION OF HOLDER, BORROWER, GUARANTOR, OR OTHER OBLIGOR, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, MANAGERS, EMPLOYEES, AGENTS, OR ATTORNEYS, OR ANY OTHER PARTY OR PERSON AFFILLIATED WITH ANY OF THEM, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

**BORROWER**

JULIUS AARONS, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001

_____          1-31-2022
JULIUS AARONS                      _____
                                  Date

5

# EXHIBIT A

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF COSTA MESA COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 78 OF TRACT NO. 4348, IN THE CITY OF COSTA MESA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 169, PAGES 48 THROUGH 50, INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 139-453-06

# **Exhibit E**

After Recording Return To:

James Haycock
11301 Taylor Draper Lane #2
Austin TX 78759

Assessor's Parcel No.: 139-453-06

Space Above This Line for
Recorder's Use

### SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust ("Deed") is entered into on this 31st day of January, 2022 by and among Trustor, Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001 ("Trustor") whose address is 2029 Baltra Place, Costa Mesa, CA 92626, First American Title Company, a California Trustee ("Trustee"), and Beneficiary, James Haycock as Trustee of a Separate Trust ("Beneficiary").

WITNESSETH: That Trustor hereby irrevocably grants, transfers, and assigns to trustee in trust, with power of sale for the benefit of the Beneficiary, all of Trustor's interest in and to that certain property commonly known as 2029 Baltra Place, Costa Mesa, 92626, California, Orange County and described as follows (the "Property"):

**The land referred to herein below is situated in Costa Mesa, County of Orange, State Of California, and is described as follows:**

**Lot 78 of Tract No. 4348, in the City of Costa Mesa, County Of Orange, State Of California, as per map recorded in Book 169, PAGES 48 through 50, inclusive of miscellaneous maps, in the Office of The County Recorder of said county.**

**APN: 139-453-06**

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (12) to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: (1) performance of each agreement of Trustor incorporated by reference or contained herein; (2) payment of the indebtedness evidenced by that certain promissory note of even date herewith and any extension or renewal thereof, in the original principal sum of ($260,000.00) executed by Trustor in favor of Beneficiary or order; and (3) payment of such further sums as the then record owner

1

of said Property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to Trustor at the address set forth above.

To Protect the Security of this Deed of Trust, Trustor Agrees:

(1) To keep the Property in good condition and repair, not to remove or demolish any building thereon, to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said Property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof, not to commit, suffer or permit any act upon said Property in violations of law, to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said Property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary in an amount at least covering the full replacement cost of the Property transferred and assigned by this instrument. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or, at option of Beneficiary, the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses including cost of evidence of title and attorney's fees and costs in a reasonable sum, in any such action or proceeding, including attorney's fees and costs incurred in any and all matters in federal bankruptcy court, in which Beneficiary or Trustee may appear, and in any suit or motion brought by Beneficiary to foreclose this Deed.

(4) To pay at least ten days before delinquency all taxes and assessments affecting said Property, including assessments on appurtenant water stock, when due, all encumbrances, charges and liens, with interest, on said Property or any part thereof, which appear to be prior or superior hereto, all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof. Beneficiary or Trustee being authorized to enter upon said Property for such purposes, appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto, and in exercising any such powers, pay necessary expenses, employ counsel and pay reasonable fees.

2

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6) At Beneficiaries option, any one or more of the following shall constitute an event of default ("Default"):

a) The failure of Trustor or Obligor to pay when due any installment of principal or interest under the Debt Instrument or any other sum as provided in any Loan Document or any other instrument or agreement secured hereby, whether at maturity, by acceleration or as part of a prepayment or otherwise;

b) The failure of Trustor or Obligor to promptly and completely observe or perform any term, condition, covenant, agreement or obligation contained in this Deed of Trust, any other Loan Document or any other instrument or agreement secured hereby, and the continuation of such failure following the expiration of any applicable notice, cure or grace period, if any, provided for therein or herein;

c) The failure of Trustor to comply with any term, condition, covenant, agreement, law, ordinance or regulation now or hereafter affecting the Trust Estate or any part thereof;

d) The occurrence of any "default" or "event of default" under any of the other Loan Documents (as defined therein) or any other instrument or agreement secured hereby; or

e) Sale, conveyance or other transfer any interest, or change of control in the Property (whether voluntarily or by operation of law), by Trustor or agreement to do so, without Beneficiary's prior written consent, including, without limitation, (a) any sale, conveyance, assignment, or other transfer of (including installment land sale contracts), or the grant of a security interest in, all or any part of the legal or equitable title to the Property, except as otherwise permitted hereunder; or (b) any lease of all or any portion of the Property. Any Default under this paragraph 6(e) shall cause an immediate acceleration of the loan without any demand by Beneficiary.

(7) Notwithstanding and including all other remedies set forth in this Deed, the following shall be remedies of Beneficiary, at his option:

a) To declare all indebtedness secured hereby, and the same shall thereupon become, immediately due and payable without any presentment, demand, protest or notice of any kind;

b) Termination of Trustor's right and license to collect the rents, and either in person or by agent, with or without bringing any action or proceeding;

c) As a matter of right and without regard to the then value of the Property or the interest of Trustor therein, to apply to any court having jurisdiction to appoint a receiver or receivers of the Property, and Trustor hereby irrevocably consents to such appointment. Any such receiver or receivers shall have all the usual powers

3

and duties of receivers in like or similar cases and all the powers and duties of Beneficiary in case of entry as provided in this Deed and shall continue as such and exercise all such powers until the later of (i) the date of confirmation of sale of the Property, (ii) the disbursement of all proceeds of the sale of the Property collected by such receiver and the payment of all expenses incurred in connection therewith, and (iii) the termination of such receivership with the consent of Beneficiary or pursuant to an order by a court of competent jurisdiction;

d) Commence a civil action to foreclose this Deed as a mortgage, or specifically enforce any of the covenants hereof;

e) Deliver to Trustee a written declaration of Default and demand for sale, and a written Notice of Default and election to cause Trustor's interest in the Property or any portion thereof to be sold, which notice Trustee or Beneficiary shall cause to be transmitted and recorded, if applicable, in accordance with governing law;

f) Exercise all other rights and remedies provided herein, in any loan document or other document or agreement now or hereafter securing all or any portion of the obligations secured hereby, or provided by law. Upon the occurrence of an event of Default hereunder, Beneficiary may proceed in any sequence to exercise its rights hereunder with respect to all or any portion of the Property; and

g) No remedy herein conferred upon or reserved to Trustee or Beneficiary is intended to be exclusive of any other remedy herein or by law provided or permitted, but each shall be cumulative and shall be in addition to every other remedy given hereunder or now or hereafter existing at law or in equity or by statute. Every power or remedy given by any of the loan documents to Trustee or Beneficiary, or to which either of them may be otherwise entitled, may be exercised concurrently or independently, from time to time and as often as may be deemed expedient by Trustee or Beneficiary. If there exists additional security for the obligations secured hereby, Beneficiary, at its sole option, and without limiting or affecting any of the rights or remedies hereunder, may exercise any of the rights or remedies to which it may be entitled hereunder either concurrently with whatever rights it may have in connection with such other security or in such order and in such manner as Beneficiary may deem fit without waiving any rights with respect to such other security.

(8) That any award of damages in connection with any condemnation for public use of or injury to said Property or any part thereof is hereby assigned and shall be paid to Beneficiary, who may apply or release such moneys received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(9) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his rights either to require prompt payment when due of all other sums so secured or to declare Default for failure so to pay.

(10) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the

indebtedness secured hereby, Trustee may reconvey any part of said Property, consent to the making of any map or plot thereof; join in granting any easement thereon or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(11) That upon written request of Beneficiary statement that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the Property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "The person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them).

(12) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of this Trust, to collect the rents, issues and profits of said Property, reserving unto Trustor the right, prior to any event of Default by Trustor, to collect the rents, issues and profits of said Property and to collect and retain such rents, issues and profits as they become due and payable.

Upon any such Default, Beneficiary may at any time without notice, either in person, by agent or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said Property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees and costs upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said Property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

(13) That upon Default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, except as otherwise set forth herein, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of Default and demand for sale and of written Notice of Default and of election to cause to be sold said Property, which Notice Trustee shall cause to be recorded. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said Notice of Default, and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said Property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof.

Any person, including Trustor, Trustee or Beneficiary as herein defined, may purchase at such sale. Beneficiary may at his option credit bid at the sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of all sums expended under the terms hereof not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof, all other sums then secured hereby, and the remainder, if any, to the person or persons legally entitled thereto.

(14) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said Property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(15) This Deed applies to, inures to the benefit of and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the Loan Agreement secured hereby, whether or not named as Beneficiary herein in this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

16) This Deed together with any note or other related documents constitutes the entire understanding and agreement of the parties as to the matters set forth in this Deed. No alteration of or amendment to this Deed shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

17) WAIVER OF RIGHT TO TRIAL BY JURY. TRUSTOR TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, HEREBY KNOWINGLY, INTENTIONALLY, IRREVOCABLY, UNCONDITIONALLY AND VOLUNTARILY, WITH AND UPON THE ADVICE OF COMPETENT COUNSEL, WAIVES, RELINQUISHES AND FOREVER FORGOES THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BASED UPON, ARISING OUT OF OR IN ANY WAY RELATING TO THIS NOTE, ANY DOCUMENTS SECURING THIS NOTE, OR ANY DOCUMENTS ASSOCIATED WITH THE SAME TRANSACTION OF WHICH THIS NOTE IS A PART, OR ANY CONDUCT, ACT OR OMMISSION OF BENEFICIARY, BORROWER, GUARANTOR, OR OTHER OBLIGOR, OR ANY OF THEIR DIRECTORS, OFFICERS, PARTNERS, MEMBERS, MANAGERS, EMPLOYEES, AGENTS, OR ATTORNEYS, OR ANY OTHER PARTY OR PERSON AFFILLIATED WITH ANY OF THEM, IN EACH OF THE FOREGOING CASES, WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE.

(18) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party

hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**TRUSTOR:**

Julius Aarons, Trustee of The Aarons
1991 Living Trust dated 5/16/1991 as
amended and restated 9/28/2001

_____
JULIUS AARONS

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA              )
                                 ) ss.
COUNTY OF ORANGE                 )

On 1-31-2022 , before me, G. Lew, Notary Person , personally appeared Julius Aarons , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public, State of California

[SEAL]

G. LEW
Notary Public - California
Orange County
Commission # 2238336
My Comm. Expires Apr 16, 2022

7

## DO NOT RECORD REQUEST FOR FULL RECONVEYANCE

To be used only when note has been paid:

Dated _____.

To _____Trustee:

The undersigned is the legal owner and holder of all indebtedness secured by the within Short Form Deed of Trust and Assignment of Rents. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

_____          SIGNATURE

LENDER NAME

By: _____          _____
PRINT NAME

Its: _____

TITLE

**MAIL RECONVEYANCE TO:**

_____

Do not lose or destroy the Deed of Trust OR THE NOTE that it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.

**TRUSTEE:**

[TRUSTEE NAME], a [STATE OF ORGANIZATION] [ENTITY TYPE]

By: _____

Name: _____

Title: _____

8

EXHIBIT F

The Plan had the following language regarding Haycock's Promissory Note Secured by

Second Deed of Trust("Note") and Deed of Trust:

> Commencing September 1, 2020, the second lienholder on the Bel Air
> Property, James Haycock as Trustee of a Separate Trust ("Haycock"), will
> receive a monthly interest only payment at 10% per annum based on
> Haycock's allowed claim amount. All outstanding principal and interest due
> receive a monthly interest only payment at 10% per annum based on
> Haycock's allowed claim amount. All outstanding principal and interest due
> on the allowed claim amount will be paid in one installment payment to be
> made on or before April 1, 2021 in an amount to be approved by Haycock or
> further Court order. The maturity date of April 1, 2021 may be extended for
> up to six (6) months should the Debtor meet the conditions for an extension
> under the Modification Agreement.

> The estimated claim is the amount of Claim 17 filed by Haycock.

> The Court granted Haycock relief from the automatic stay at the hearing on
> June 30, 2020. If the Debtor defaults on her payments to POL or Haycock,
> Haycock may enforce its remedies to foreclose upon and obtain possession of
> the Bel Air Property in accordance with applicable nonbankruptcy law as
> further detailed in the order granting Haycock relief from stay.

> Docket Number 311, Amended Disclosure Statement, Exhibit H, 2B & 2C,
> as incorporated by Docket Number 313 Amended Plan.

# EXHIBIT "2"




**This page is part of your document - DO NOT DISCARD**



# 20220178723



**Pages:**
**0002**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/14/22 AT 08:00AM**

| | |
|---|---|
| FEES: | 20.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 95.00 |



**L E A D S H E E T**



202202140190049

**00021952593**



013158864

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



E442318

**FOR REFERENCE ONLY: 20220178723**

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUEST BY:

AND WHEN RECORDED MAIL TO:
Julius Aarons, Trustee
2029 Baltra Place
Costa Mesa CA 92626

Trustee Sale No.: 131478-1    Loan ▒▒▒▒    Title Order No ▒▒▒▒

Space above this line for recorder's use only

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

**FOR VALUE RECEIVED,** the undersigned hereby grants, assigns and transfers to Julius Aarons, Trustee of
The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, executed by ASHLEY S. AARONS
TRUSTEE OF THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015, as Trustor; to Lawyers Title-OC, as
Trustee; and recorded on 02/19/2019 as Document No. 20190144545, of Official records in the office of the Recorder
of Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon,
with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in
whole or in part, the real property described therein.

DATE: _01/31/22_

By: James Haycock, as Trustee of a Separate Trust

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF _TEXAS_
COUNTY OF _TRAVIS_

On _JANUARY 31, 2022_ before me, _JEFFREY A. BIRK_____, Notary Public,
personally appeared _JAMES HAYCOCK_____ who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s)
on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _TEXAS_ that the foregoing paragraph is true
and correct.

WITNESS my hand and official seal.



JEFFREY A BIRK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/12/25
NOTARY ID 12902468-8

RECORDING REQUESTED BY
LAWYERS TITLE

RECORDING REQUEST BY:

AND WHEN RECORDED MAIL TO:
Julius Aarons, Trustee
2029 Baltra Place
Costa Mesa CA 92626

_____

Space above this line for recorder's use only

Trustee Sale No.: 131478-1      Loan No ███████    Title Order N ████████

## IMPORTANT NOTICE

NOTE: After having been recorded, this Assignment should be kept with the
Note and the Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Julius Aarons, Trustee of The Aarons 1991 Living Trust dated 5/16/1991 as amended and restated 9/28/2001, executed by ASHLEY S. AARONS TRUSTEE OF THE ASHLEY A. AARONS 2015 TRUST DATED MAY 15, 2015, as Trustor; to Lawyers Title-OC, as Trustee; and recorded on 02/19/2019 as Document No.  20190144545, of Official records in the office of the Recorder of  Los Angeles County, California.

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

DATE:  01/31/22

By: James Haycock, as Trustee of a Separate Trust

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF TEXAS
COUNTY OF TRAVIS

On JANUARY 31, 2022  before  me, JEFFREY A. BIRK _____, Notary  Public, personally  appeared  JAMES HAYCOCK _____ who  proved  to  me  on  the  basis  of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of TEXAS that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JEFFREY A BIRK
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 05/12/25
NOTARY ID 12902468-8

# EXHIBIT "3"

1   David M. Goodrich
      dgoodrich@wgllp.com
2   650 Town Center Drive, Suite 600
    Costa Mesa, CA 92626
3   Telephone: (714) 966-1000

4

5   Chapter 7 Trustee

6

7                    **UNITED STATES BANKRUPTCY COURT**

8          **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9

10  In re                                    Case No. 2:19-18316 NB

11                                           Chapter 7
    ASHLEY SUSAN AARONS,
12                                           **NOTICE OF TRUSTEE'S INTENTION TO**
                                             **ABANDON REAL PROPERTY OF THE**
13              Debtor.                       **ESTATE PURSUANT TO 11 U.S.C. § 554 (a),**
                                             **Fed. Rule Bank. Pro. 2002(c) & L.B.R. 6007-1**
14
                                             HEARING DATE:  [No Hearing Set]
15

16

17  **TO THE HONORABLE NEIL BASON UNITED STATES BANKRUPTCY JUDGE,**

18  **OFFICE OF THE UNITED STATES TRUSTEE, ALL CREDITORS, AND ALL**

19  **INTERESTED PARTIES:**

20         **YOU ARE HEREBY NOTIFIED THAT** immediately after fourteen (14) days from the

21  date of mailing of this Notice, David M. Goodrich, the duly appointed Chapter 7 Trustee herein

22  ("Trustee"), intends to and will abandon the bankruptcy estate's ("Estate") interest in real property

23  located at 984 Bel Air Road, Los Angeles, California 90077 ("Property").   The Trustee intends to

24  abandon the Estate's interest in the Property because the Property appears to be burdensome and

25  of inconsequential value to the Estate.

26         Pursuant to Local Bankruptcy Rule 6007-1, objections and requests for hearing before the

27  Court, if any, shall be in writing and filed with the Clerk of the United States Bankruptcy Court,

28  located at 255 E. Temple Street, Room 940, Los Angeles, California 90012, and served upon the

1    Office of the United States Trustee, located at 915 Wilshire Blvd., Suite 1850, Los Angeles,

2    California 90017 and the Trustee herein at the address shown at the upper left corner of the Notice,

3    within fourteen (14) days of the date of the mailing of this Notice.  Any objections not timely filed

4    and properly served will be waived and may be deemed as consent to the relief requested by the

5    Trustee herein.  Pursuant to 11 U.S.C. § 554(a), Rule 2002(c) of the Federal Rules of Bankruptcy

6    Procedure, and Local Bankruptcy Rule 6007-1, if no written objection and request for hearing is

7    served within fourteen (14) days of the mailing of the Notice, the  Property will be deemed

8    abandoned without further order of the Court.

10    DATED: March 8, 2022              /s/ David M. Goodrich

                                    David M. Goodrich
                                    Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (specify): <u>NOTICE OF TRUSTEE'S INTENTION TO ABANDON PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 554 (a), Fed. Rule Bank. Pro. 2002(c) & LOCAL BANKRUPTCY RULE 6007-1</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* <u>March 8, 2022</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Brandon J Anand    brandon@anandlaw.com, r52959@notify.bestcase.com,info@anandlaw.com

- Richard L Antognini    rlalawyer@yahoo.com, rlalawyer@yahoo.com

- Julian K Bach    Julian@Jbachlaw.com, julianbach@sbcglobal.net

- Russell Clementson    russell.clementson@usdoj.gov

- Oscar Estrada    oestrada@ttc.lacounty.gov

- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

- David M Goodrich (TR)    dgoodrich@wgllp.com,
  c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@wgllp.com

- David R Haberbush    dhaberbush@lbinsolvency.com,
  ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,vhaberbush@lbinsolvency.com,haberbush.assista
  nt@gmail.com,jborin@lbinsolvency.com,lbogard@lbinsolvency.com

- Marjorie M Johnson    mmjesq@yahoo.com, ca.ecf@aislegaltrac.com

- Dare Law    dare.law@usdoj.gov, ron.maroko@usdoj.gov

- Alvin Mar    alvin.mar@usdoj.gov, dare.law@usdoj.gov

- Ron Maroko    ron.maroko@usdoj.gov

- Susan I Montgomery    susan@simontgomerylaw.com,
  assistant@simontgomerylaw.com;simontgomerylawecf.com@gmail.com;montgomerysr71631@notify.bestc
  ase.com

- Donna T Parkinson    donna@parkinsonphinney.com

- Don J Pool    dpool@fennemorelaw.com, mmeister@fennemorelaw.com;clalonde@fennemorelaw.com

- Manuel Quiogue - INACTIVE -    mq@lundquistconsulting.com

- Eric Ridley    ridley.eric@gmail.com, r41626@notify.bestcase.com

- Karel G Rocha    krocha@pnbd.com, srichards@pnbd.com

- Joshua L Scheer    jscheer@scheerlawgroup.com, jscheer@ecf.courtdrive.com

- Valerie Smith    claims@recoverycorp.com

- Patricia N Syverson    , tdinardo@bffb.com

- Michael R Totaro    Ocbkatty@aol.com

- Todd L Turoci    mail@theturocifirm.com

- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

- Larry D Webb    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

- Reilly D Wilkinson    rwilkinson@scheerlawgroup.com, rwilkinson@ecf.courtdrive.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:

On (*date*) March 8, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

SEE ATTACHED SERVICE LIST

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 8, 2022 | Lorraine Robles | /s/ Lorraine Robles |
|---|---|---|
| Date | Printed Name | Signature |

1

2

3

Ad Astra Recovery Service
Attn President or Manager Agent
PO Box 780408
Wichita, KS 67278

4

5

Al Hummer
9400 Fairway View Place #1215
Rancho Cucamonga, CA 91730

6

7

Alexander Matros
14 Scenic Bluff
Newport Coast, CA 92657

8

9

Alliance Portfolio Private Equity F
120 Vantis, Ste 515
Aliso Viejo, CA 92656

10

11

Amanda Kuri
25885 Blascos
Mission Viejo, CA 92691

12

13

14

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

15

16

Amir Abraham Milani
8721 Santa Monica Blvd. #443
West Hollywood, CA 90069

17

18

19

Anand Law PC
Attn President or Manager Agent
5455 Wilshire Boulevard Suite 1812
Los Angeles, CA 90036

20

21

Andrea Friedlander
1167 S Hayworth Ave
Los Angeles, CA 90035

22

23

Ashley S Aarons 2015 Trust
2029 Baltra Place
Costa Mesa, CA 92626

24

25

26

AT&T Mobility
Attn President or Manager Agent
PO Box 6463
Carol Stream, IL 60197-6463

27

28

1

2       Axcess Financial
        7755 Montogomery Road
3       Suite 400
        Cincinnati, OH 45236

4       Axos Bank
        9205 W Russell Rd Ste 400
5       Las Vegas, NV 89148-1468

6       Axos Bank
        4350 La Jolla Village Dr., Ste 140
7       San Diego, CA 92122

8       Capital One
        Attn: Bankruptcy
9       Po Box 30285
        Salt Lake City, UT 84130
10

11      Capital One Bank (USA), N.A.
        by American InfoSource as agent
12      PO Box 71083
        Charlotte, NC 28272-1083
13

        Care Partners at Home
14      Attn President or Manager Agent
        2 Executive Circle Suite 100
15      Irvine, CA 92614

16      Cashcall Inc
        Attn: Bankruptcy
17      Po Box 66007
        Anaheim, CA 92816
18

19      CashCall, Inc.
        C/O Weinstein & Riley, PS
20      2001 Western Avenue, STE 400
        SEATTLE, WA 98121
21

22      Citibank / Sears
        Citibank Corp/Centralized Bankruptcy
        Po Box 790034
23      St Louis, MO 63179

24      Coffee Dog Entertainment
        984 Bel Air Road
25      Los Angeles, CA 90077

26      Community Choice Financial
        Attn: Bankruptcy
27      6785 Bobcat Way
        Dublin, OH 43016
28

1

2

3

Complete Business Solutions Group, Inc.
c/o Joe Cole
20 N. 3rd Street
Philadelphia, PA 19106

4

5

Complete Business Solutions Grp
35453-B, Dumbarton Ct.
Newark, CA 94560

6

7

Continental Currency Service Inc
1108 E 17th St
Santa Ana CA 92701

8

9

10

Credit One Bank
Attn: Bankruptcy Department
Po Box 98873
Las Vegas, NV 89193

11

12

Dan S Maccabee
2049 Century Park Est Ste 2525
Los Angeles, CA 90067-3225

13

14

Deanna D Egidio
5502 Wellesley Dr.
Calabasas, CA 91302

15

16

17

Directv, LLC
by American InfoSource as agent
PO Box 5008
Carol Stream, IL 60197-5008

18

19

Directv, LLC
by American InfoSource as agent
PO Box 5008
Carol Stream, IL 60197-5008

20

21

22

Discover Bank
Discover Products Inc
PO Box 3025
New Albany, OH 43054-3025

23

24

25

Discover Financial
Attn: Bankruptcy Department
Po Box 15316
Wilmington, DE 19850

26

27

28

Discover Personal Loan
Attn: Bankruptcy
Po Box 30954
Salt Lake City, UT 84130

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farmers New World Life Insurance Co
3120 139th Ave SE Ste. 300
Bellevue, WA 98005

FCI Lender Services, Inc.
PO Box 27370
Anaheim, CA 92809-0112

First National Bank of Omaha
1620 Dodge St., Stop Code 3105
Omaha, NE 68197

Franchise Tax Board
Bankruptcy Section, MS: A-340
PO Box 3952
Sacramento, CA 95812-2952

Funding Zone
75 Maiden Lane, Ste 203
New York, NY 10003

Hoag Memorial Hospital Presbyterian
Attn President or Manager Agent
2975 Red Hill Ave Suite 200
Costa Mesa, CA 92626-1206

Internal Revenue Service
Official Noticing Address for BK
POB 7346
Philadelphia, PA 19101-7346

James Haycock
11301 Taylor Draper Lane #2
Austin, TX 78759

James Haycock as Trustee of a Sep
3329 E. Bayaud Ave., 704
Denver, CO 80209

Jonah Feingold
180 East End
New York, NY 10128-7763

Julius Aarons
2029 Baltra Place
Costa Mesa, CA 92626

Justin Bonesteel
267 Wesley Ave
Ventura, CA 93003

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kornel Horvath dba Triple AAA Carpet
and Tile Cleaning Services
175 Tulip Lane
Costa Mesa, CA 92627

Lendmark Financial Services LLC
Attn: Bankruptcy Dept.
2118 Usher Street NW
Covington, Georgia 30014

LoanMe
11171 Mill Valley Road
Omaha, Nebraska 68154

Los Angeles County Treasurer And Tax Collector
PO BOX 54110
Los Angeles CA 90054-0110

Luke Lenza
Andrew Lenza
83 Carriage Hill Drive
Colts Neck, NJ 07722-1620

M LAMORIE
727 West 131st Street
Gardena, CA 90247

M Lamorie
PO Box 66738
Los Angeles, CA 90066

M LAMORIE
11942 Freeman Ave
Hawthorne, CA 90250

Majestic Ventures, LLC
dba VacationHomes365.com
Steven J Bench, Registered Agent
4137 South 5000 West
Salt Lake City, UT 84123

Max Maulitz
1040 N. Spaulding Avenue
Unit 3
West Hollywood, CA 90046-9004

Oportun
Attn: Bankruptcy
Po Box 4085
Menlo Park, CA 94026

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pacific Asset Group LLC
Attn Managing Member
1850 Greenfield Ave Suite 14
Los Angeles, CA 90025

Patch of Land Lndg LLC
Headquarters
15000 Ventura Blvd., Ste 300
Sherman Oaks, CA 91403

Pink Dogwood 13, LLC
PO BOX 1931
Burlingame, CA 94011-1931

Post Acute Care Partners, Inc.
c/o Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road
Suite 300
Phoenix, AZ 85016

Premier Nationwide Security Services Inc
Attn President or Manager Agent
6047 Tampa Ave Suite 208
Tarzana, CA 91356

Progressive Leasing NPRTO Californai LLC
Attn President or Manager Agent
256 West Data Drive
Draper, UT 84020

Prompt Capital Funding LLC
Ave U 1st Floor
Brooklyn, NY 11229

Raul Santana Rodriguez
2141 Norma Court
Oxnard, CA 93036

Raul Santana Rodriguez
c/o Law Offices of Eric Ridley
567 W. Channel Islands Blvd. #210
Port Hueneme, CA 93041

Regal Capital Inc
125 Ave T
Brooklyn, NY 11229

RISE Credit
Attn: Bankruptcy
Po Box 101808
Fort Worth, TX 76185

1
2
Saman Alishahi
500 Warner Ave
Los Angeles, CA 90024-2565

3
4
5
Shiv Raj Gupta
Merit One Lending Inc
1443 E Washington Blvd #182
Pasadena, CA 91104-9650

6
7
Shiv Raj Gupta and Saroj Gupta
7054 Lion Street
Alta Loma CA 91701

8
9
10
Sprint Corp
Attn Bankruptcy Dept
Po Box 7949
Overland Park, KS 66207-0949

11
12
13
Synchrony Bank
PayPal or GEMB or GECRB
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk VA 23541-1021

14
15
Wayne Lieser
885 Tennyson
Ventura, CA 93003

16
17
18
WBL SPO I, LLC
c/o Don J. Pool, Esq.
Fennemore Dowling Aaron
8080 N. Palm Avenue, Third Floor
Fresno, CA 93711

19
20
Western Star Financial
3845 10th Street
Riverside, CA 92501

21
22
23
Westlake Financial Services
Attn: Bankruptcy
Po Box 76809
Los Angeles, CA 90054

24
25
26
World Business Lenders, LLC
Servicer for Axoz Bank
101 Hudson Street, 33rd Fl
Jersey City, NJ 07302

27
28
Yellowstone Capital West, LLC
116 Nassau Street, Ste 804
New York, NY 10038

1

2

3          Yellowstone Capital West, LLC.
           30 Broad Street, 14th Floor
           Suite 1462
           New York, NY 10004

4          Yes Funding Services, LLC
           E Advance Services, LLC
5          122 E 42nd Street #2112
           New York, NY 10168

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "4"

# AURORA | CAPITAL

March 22, 2022

## Construction Bridge Loan Approval

Aurora Capital is very pleased to present this Term Sheet, which provides a basic outline of the terms and conditions upon which one of our private equity partners has expressed interest and agrees to finance the property located at:  **984 Bel Air Road Los Angeles CA**
The loan approval would be contingent on the following items;

| | |
|---|---|
| **Borrower** | Ashley S Aarons |
| **Guarantor** | Ashley S Aarons<br>• Required of principals with 20% or greater ownership |
| **Address** | 984 Bel Air Road Los Angeles CA |
| **Loan Amount** | $4,275,000 + $1,980,000 construction loan<br>• Maximum LTC 85% / LTV 75% (whichever is less)<br>• First Trust Deed<br>• Subject to appraisal value ARV of a minimum 8.5m |
| **Purpose** | Business Purpose Refinance |
| **Collateral** | 984 Bel Air Road Los Angeles CA<br>-Title insured ownership of property<br>-Property in full code compliance |
| **Interest Rate** | 10% interest only |
| **Term** | 18 mos |
| **Legal Fees** | $3,500 Paid by Borrower directly at execution of term sheet to Aurora Capital LLC  PAID previously (aw 2/7/22 *cello* |
| **Lender Fee** | 3% |
| **Broker Fee** | 3% |
| **Prepaid Interest** | 6mos. |
| **Expenses** | all applicable underwriting/ documentation/ processing/property inspections fees; pass-through title, escrow, flood search, recording, and all standards costs. |
| **Time to Close** | 3 weeks from receipt of appraisal |

**AGREED AND ACCEPTED:**

This March date of 22, 2022

_____
John Enriquez

CIO | Aurora Capital LLC

March 22, 2022

_____
**DATE**

_____
Ashley S Aarons

3/22/22
_____
**DATE**

# EXHIBIT "5"

RECORDING REQUESTED BY:

CALIFORNIA TD SPECIALISTS
Attn: Teri Snyder

WHEN RECORDED MAIL TO:

CALIFORNIA TD SPECIALISTS
Attn: Teri Snyder
8190 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

Title Order No.: ███████     Trustee Sale No.: 85574     SPACE ABOVE THIS LINE F████████ E ONLY
APN: 4370-027-008                                        Loan N███████████

# NOTICE OF TRUSTEE'S SALE

**NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED**
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.]

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 3/22/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On 12/14/2021 at 10:30 AM, CALIFORNIA TD SPECIALISTS, AS TRUSTEE as the duly appointed Trustee under and pursuant to Deed of Trust recorded on 3/27/2018 as Instrument No. 20180291459 in book N/A, page N/A of official records in the Office of the Recorder of Los Angeles County, California, executed by:

ASHLEY S. AARONS, TRUSTEE OF THE ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015
, as Trustor

PATCH OF LAND LENDING, LLC, A DELAWARE LIMITED LIABILITY COMPANY
, as Beneficiary

**WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH** (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766,

1




Title Order No.:
Trustee Sale No.:    85574
Loan No.:
APN:    4370-027-006

### NOTICE OF TRUSTEE'S SALE - continued

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein:  PARCEL A OF PARCEL MAP NO. 3707, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 99, PAGES 62 AND 63 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY

The property heretofore described is being sold "as is".  The street address and other common designation, if any, of the real property described above is purported to be:    984 BEL AIR ROAD
LOS ANGELES, CA 90077 .

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.  Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, if any, under the terms of the Deed of Trust, estimated fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust, to-wit:
$4,059,522.17  (Estimated)
Accrued interest and additional advances, if any, will increase this figure prior to sale.

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell.  The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located and more than three months have elapsed since such recordation.

DATE:  11/12/2021

CALIFORNIA TD SPECIALISTS, AS TRUSTEE, as Trustee
8190 EAST KAISER BLVD., ANAHEIM HILLS, CA  92808
PHONE: 714-283-2180
FOR TRUSTEE SALE INFORMATION LOG ON TO: www.stoxposting.com
CALL: 844-477-7869

_____
JANINA HOAK, ASST. VICE PRESIDENT

**CALIFORNIA TD SPECIALISTS IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

2

Title Order No.: 
Trustee Sale No.:  85574
Loan No.:
APN: 4370-027-008

**"NOTICE TO POTENTIAL BIDDERS**: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid on a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of the outstanding lien that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER**: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and if applicable, the rescheduled time and date for the sale of this property, you may call 844-477-7869, or visit this Internet Web site www.stoxposting.com, using the file number assigned to this case T.S.# 85574. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale."

For sales conducted after January 1, 2021:
**NOTICE TO TENANT**: You may have a right to purchase this property after the trustee auction pursuant to Section 2924m of the California Civil Code. If you are an "eligible tenant buyer," you can purchase the property if you match the last and highest bid placed at the trustee auction. If you are an "eligible bidder," you may be able to purchase the property if you exceed the last and highest bid placed at the trustee auction. There are three steps to exercising this right of purchase. First, 48 hours after the date of the trustee sale, you can call 844-477-7869, or visit this internet website www.stoxposting.com, using the file number assigned to this case 85574 to find the date on which the trustee's sale was held, the amount of the last and highest bid, and the address of the trustee. Second, you must send a written notice of intent to place a bid so that the trustee receives it no more than 15 days after the trustee's sale. Third, you must submit a bid; by remitting the funds and affidavit described in Section 2924m(c) of the Civil Code; so that the trustee receives it no more than 45 days after the trustee's sale. If you think you may qualify as an "eligible tenant buyer" or "eligible bidder," you should consider contacting an attorney or appropriate real estate professional immediately for advice regarding this potential right to purchase.



TS Number: 85574

**Summary of Notice of Sale**

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to ASHLEY S. AARONS, TRUSTEE OF THE ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015, in relation to 984 BEL AIR ROAD, LOS ANGELES, CA 90077.

YOU ARE IN DEFAULT UNDER A DEED OF TRUST OR MORTGAGE DATED 3/22/2018. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is $4,059,522.17.

Your property is scheduled to be sold on 12/14/2021 at 10:30 AM at Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766.

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 844-477-7869 or visit this Internet Web site address www.stoxposting.com, using the file number assigned to this case 85574. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling (714) 283-2180 .




出售通知
關鍵信息摘要

本文中包含的有關 984 BEL AIR ROAD, LOS ANGELES, CA 90077

的出售通知發送給ASHLEY S. AARONS, TRUSTEE OF THE ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015。

你的 DEED OF TRUST OR MORTGAGE 於3/22/2018 已經逾期違約。

除非你採取行動保護你的房產，否則該房產將被公開出售。

如果你需要了解對你的訴訟程序的性質，應該聯系一名律師。

法拍書面通知的總金額是$4,059,522.17。

你的房產預計出售的時間12/14/2021。你的房產預計出售的時間10:30 AM 出售地點 Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766。

然而，根據加州民法第2924g，本文中包含的法拍書面通知上顯示的出售日期可能會被抵押權人，受益人，受托人，或法院一次或多次推遲。該法規定，作為對不在法拍現場人士的一種寬限，有關受托人推遲出售的信息要提供給你和公眾。如果你想了解你的房產出售日期是否已被推遲，以及（如適用）重新安排的法拍時間和日期，可致電844-477-7869 或訪問互聯網網址www.stoxposting.com，用指定的檔案編號 85574 查找。

關於推遲法拍的信息，持續時間會很短，或僅在預定法拍時間前不久發布，可能不會立即反映在電話信息或互聯網的網址上。最好聽証推遲信息的方法是，出席預定的拍賣。

如果你想獲得更多的本摘要副本，請撥打下列電話(714) 283-2180 。

매각 공고

주요 정보 요약

첨부된 매각 공고는 ASHLEY S. AARONS, TRUSTEE OF THE ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015 에게 발송되는 것이며, 이는 984 BEL AIR ROAD, LOS ANGELES, CA 90077 에 관한 것입니다.

귀하는 3/22/2018 현재 날짜로 DEED OF TRUST OR MORTGAGE하에서 채무 불이행 상태입니다. 귀하의 부동산을 보호하기 위해 조치를 취하시지 않는 한, 귀하의 부동산은 공매로 매각 처분될 수 있습니다. 귀하에게 취해지는 이러한 법적 절차에 대한 설명이 필요하신 경우 변호사와 상담하십시오.

매각 공고에서 지불되어야 할 총액은 $4,059,522.17 입니다.

귀하의 부동산은 12/14/2021 10:30 AM 에 Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766 에서 매각되기로 일정이 잡혀 있습니다.

그러나 캘리포니아주 민법 2924g항에 준하여, 첨부된 매각 공고에 나타난 매각 일자는 저당권자, 신탁수익자, 수탁자, 또는 법정에 의해 한 번 이상 연기될 수 있습니다. 법에 따라, 수탁자 매각 연기에 관한 정보는 매각에 참석하지 않는 사람들에 대한 호의로서 귀하 및 일반 대중에게 제공되어야 합니다. 매각 일자가 연기되었는 지, 그리고 해당되는 경우 이 부동산의 연기된 매각 일자 및 시간에 대해 알기 원하시는 경우, 844-477-7869 로 전화하시거나 또는 웹사이트 주소 www.stoxposting.com 를 방문해 본 사례 배정 파일 번 85574 를 사용하시면 됩니다.

매우 짧은 기간의 연기 또는 매각 일정과 가까운 시간에 발생하는 연기는 정보 안내 전화나 인터넷 웹사이트에 즉각적으로 나타나지 않을 수 있습니다. 연기 정보를 확인하는 최선의 방법은 매각 예정일에 참석하는 것입니다.

본 요약서의 추가적인 사본을 원하시는 경우, (714) 283-2180 (으)로 전화하시면 보내드립니다.



AVISO DE VENTA
RESUMEN DE LA INFORMACIÓN CLAVE

El aviso de venta adjunto se envió a ASHLEY S. AARONS, TRUSTEE OF THE ASHLEY S. AARONS 2015 TRUST DATED MAY 15, 2015, en relación con 984 BEL AIR ROAD, LOS ANGELES, CA 90077

USTED HA INCUMPLIDO LOS TÉRMINOS DE UNA DEED OF TRUST OR MORTGAGE DE FECHA 3/22/2018. SI NO TOMA MEDIDAS PARA PROTEGER SU PROPIEDAD, PODRÁ SER VENDIDO EN UNA SUBASTA PÚBLICA.

SI USTED NECESITA QUE LE EXPLIQUEN LA NATURALEZA DEL PROCEDIMIENTO EN SU CONTRA, DEBE CONSULTAR A UN ABOGADO.

El importe total adeudado correspondiente al aviso de venta es $4,059,522.17.

La subasta de la propiedad se ha programado para el día 12/14/2021 10:30 AM en Behind the fountain located in Civic Center Plaza located at 400 Civic Center Plaza, Pomona, CA 91766.

No obstante, conforme al Artículo 2924g del Código Civil de California, la fecha de la subasta que figura en el aviso adjunto podrá ser postergada una o más veces por el acreedor hipotecario, el beneficiario, el fideicomisario o un tribunal. La ley exige que, como cortesía para quienes no hayan asistido a la subasta, la información sobre las postergaciones solicitadas por el fideicomisario se ponga a disposición suya y del público en general. Si desea saber si la subasta de su propiedad se ha postergado, y, en tal caso, la nueva fecha propuesta para la subasta de esta propiedad, puede llamar al teléfono 844-477-7869 o visitar el sitio web www.stoxposting.com, usando el número de registro asignado a este caso 85574.

Es posible que la información sobre las postergaciones por plazos muy breves o decididas muy próximo a la fecha programada para la subasta no figuren en la información que se ofrece por teléfono o en el sitio web. La mejor forma de verificar la información sobre las postergaciones es asistir a la subasta que se ha programado.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono (714) 283-2180 .

Exhibit "J"

MATTHEW ABBASI, ESQ.; SBN 215030
**ABBASI LAW CORPORATION**
6320 CANOGA AVE., SUITE 220
WOODLAND HILLS, CALIFORNIA 91367
TELEPHONE: (310) 358-9341
FACSIMILE: (888) 709-5448
EMAIL: matthew@malawgroup.com

ATTORNEYS FOR PLAINTIFF,
JULIUS AARON

**FILED**
Superior Court of California
County of Los Angeles

MAR 28 2022

Sherri R. Carter, Executive Officer/Clerk of Court
By_____ Deputy
Glorietta Robinson

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES – CENTRAL DISTRICT

JULIUS AARONS, an individual,

   Plaintiff,

vs.

PATCH OF LAND LENDING, LLC, a
Delaware limited liability company; FCI
LENDER SERVICES, INC., a California
corporation; CALIFORNIA TD SPECIALISTS;
VERUS RESIDENTIAL LOANCO, LLC, a
Delaware limited liability company; All persons
unknown claiming any legal or equitable right,
title, estate, lien, or interest in the property
described in the Complaint adverse to Plaintiff's
interests; and DOES 1 to 25, inclusive,

   Defendants.

CASE NO.: **22STCV10467**

_Related to Case No. 22STCV01308__

**DECLARATION OF JOHN
ENRIQUEZ**

_HEARING:_

Date:  _March 28 2022_
Time:  _8:30 a.m._
Dept.:  _85 or 86_

03/28/2022

DECLARATION OF JOHN ENRIQUEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

03/28/2022

## DECLARATION OF JOHN ENRIQUEZ

I, John Enriquez, declare:

I am over the age of eighteen (18) years old, and if called upon to testify I could and would do so competently. I have personal knowledge of the following, and based on that personal knowledge, I assert that all such facts are true and correct to the best of my knowledge:

I am an authorized officer for Aurora Capital LLC ("Aurora") and I am fully authorized to submit this declaration on Aurora's behalf. Aurora's address is 1825 NW Corporate Blvd 110 Boca Raton FL 33432.

3.    I confirm that Aurora has agreed to provide a loan to the owner of the real property located at 984 Bel Air Road, Los Angeles, California 90077, assessor's parcel number 4370-027-008 ("Subject Property" or "Property") to refinance the Property's secured loans.

4.    Attached hereto as **Exhibit "A"** is a true and correct copy of a Loan Approval statements from Aurora which is dated March 22, 2022. The amount being lent for this loan is **$4,275,000.00 debt and $1,980,000 for construction.** This exhibit is hereby incorporated herein via this reference.

5.    The attached loan offer requires standard underwriting documentation, appraisal, inspection, and standard costs for the refinancing.

I declare the foregoing is true and correct under the penalty of perjury under the laws of the state of California and of the United States of America. This declaration is executed on the 25th day of March 2022 at _Newport Beach_ (City), _California_ (State).

_____
JOHN ENRIQUEZ

Exhibit "K"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

04/20/2022

Sherri R. Carter, Executive Officer / Clerk of Court

By: _A. Wiggins_ Deputy

PLAINTIFF:
Julius Aarons, as Trustee of the Aarons 1991 Living Trust

DEFENDANT:
Patch of Land Lending LLC et al

### NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22STCV10467

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 09/06/2022 | Time: 8:30 AM | Dept.: 47 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___04/20/2022___

___Theresa M. Traber / Judge___
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Mahan Matthew Abbasi
6320 Canoga Ave Ste 220
Woodland Hills, CA 91367

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: ___04/20/2022___

By _A. Wiggins_
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter V@^^

Exhibit "L"

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 86

**22STCV10467**                                                                March 28, 2022
**JULIUS AARONS, AS TRUSTEE OF THE AARONS 1991**                    8:30 AM
**LIVING TRUST vs PATCH OF LAND LENDING LLC, et al.**

Judge: Honorable Mitchell L. Beckloff          CSR: None
Judicial Assistant: F. Becerra/M. Sanchez      ERM: None
Courtroom Assistant: A. Flores                 Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Mahan Matthew Abbasi

For Defendant(s):  No Appearances

Other Appearance Notes: Joshua L. Scheer for Defendants

**NATURE OF PROCEEDINGS:** Hearing on Plaintiff's Ex Parte Application for Temporary Restraining Order and Setting of a Hearing on an Order to Show Cause Re: Preliminary Injunction

The matter is called for hearing.

The Court, after reading and considering all moving party papers, and argument of counsel, makes the following ruling:

The ex parte application is denied. Court finds no notice to the trustee.

The Ex Parte Application for Temporary Restraiing Order filed by Julius Aarons, as Trustee of the Aarons 1991 Living Trust on 03/28/2022 is Denied.

Moving party is to give notice.

---